Attorneys for Plaintiffs
Robert S. Mirin
AHMAD & MIRIN
8150 Derry Street, Suite A
Harrisburg, PA 17111

Attorneys for Defendant ABF Freight System, Inc.
Joseph E. Santucci, Jr.
Mary D. Walsh
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. N.W.
Washington, DC 20004

Vincent Candiello
MORGAN, LEWIS & BOCKIUS LLP
One Commerce Square
417 Walnut Street
Harrisburg, PA 17101-1904

Attorneys for Defendants Daniel A. Virtue, International Brotherhood of Teamsters, and Local 776, International Brotherhood of Teamsters
Ira Weinstock
Wendy Dullea Bowie
IRA H. WEINSTOCK, P.C.
800 North Second Street
Harrisburg, PA 17101-1904

FILED
HARRISBURG, PA

FEB 22 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## IN THE UNITED STATES DISCTRICT COURT
## FOR THE MIDDLE DICTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFERY D. ALBRIGHT, NORMAN T. BOIRE, GARY M. DIETZ, WILLIAM H. ERDMAN, MICHAEL W. FRITZ, A. RONALD FROMBAUGH, RALPH A. HARRIS, ALLEN W. LANDIS, LOWELL MCGUIRE, WALTER R. MINICH, RAYMOND C. NEVINS, STANLEY L. NYE, VINCENT RAMIREZ, JR., KEITH E. SGRIGNOLI, RAY G. SNYDER, JR., and LAWRENCE D. WELKER, <br><br> Plaintiffs <br> v. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> 1:CV-00-878 <br><br> Case No. ~~1:01-CV-789~~ <br> Judge Sylvia H. Rambo |

DANIEL A. VIRTUE, Business Agent of the )
International Brotherhood of Teamsters; )
INTERNATIONAL BROTHERHOOD OF )
TEAMSTERS; LOCAL 776, INTERNATIONAL )
BROTHERHOOD OF TEAMSTERS; ABF )
FREIGHT SYSTEM, INCORPORATED, )
                                        )
                          Defendants    )
_____)

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in Local Rule 16.3(a), Defendants, ABF Freight System, Inc. ("ABF"), Daniel A. Virtue ("Virtue"), International Brotherhood of Teamsters ("IBT"), Local 776, International Brotherhood of Teamsters ("Local 776"), and Plaintiffs Jeffery D. Albright, Norman T. Boire, Gary M. Deitz, William H. Erdman, A. Ronald Frombaugh, Ralph A. Harris, Allen W. Landis, Lowell McGuire, Walter R. Minich, Raymond C. Nevins, Stanley L. Nye, Vincent Ramirez, Jr., Keith E. Sgrignoli, Ray G. Snyder, Jr., and Lawrence D. Welker, ("Plaintiffs") (collectively referenced as "the Parties") hereby submit the following Joint Case Management Plan. This case is a so-called hybrid breach of the duty of fair representation/Section 301 breach of contract action. 29 U.S.C. §185. See also DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 168 (1983). Plaintiffs allege that Defendant ABF Freight System, Inc. breached the terms of the National Master Freight Agreement ("NMFA" or "Agreement"), the collective bargaining agreement negotiated by the Teamsters and the trucking industry which covered the Plaintiffs, by improperly applying the recall/transfer provisions of the Agreement. Plaintiffs further allege that Defendants Virtue, IBT, and Local 776

1-WA/1753159.1                            2

breached the duty of fair representation by failing to properly represent Plaintiffs' throughout the grievance process.

1. Principal Issues

    1.10    The principal <u>factual</u> issues that the parties <u>dispute</u> are:

        1.11    Whether the facts alleged in the Amended Complaint and denied by Defendants are true, including but not limited to: (a) whether Defendant ABF awarded Plaintiffs their correct seniority status pursuant to the terms of the National Master Freight Agreement ("NMFA") and Central Pennsylvania Over-The-Road and Local Cartage Agreement; (d) whether Plaintiffs' prior employment status affected Plaintiff's recall/transfer rights, if they had any; (c) whether Defendants Local 776 and the IBT properly provided Plaintiffs with information about their recall rights, seniority status, and grievance disposition; (d) whether Plaintiffs' grievances were timely filed; and (e) whether Plaintiffs' Complaint was timely filed.

    <u>agree</u> upon are:

    1.20    The parties agree that Plaintiffs were former employees of Carolina Freight Carriers Corp.

    1.21    The parties agree on all express factual admissions in Defendant ABF's Answer to Plaintiffs' Complaint.

    1.30    The principal <u>legal</u> issues that the parties <u>dispute</u> are:

        1.31    Whether Defendants have breached the National Master Freight Agreement and the Central Pennsylvania Supplemental Agreement.

1.32 Whether Defendants Virtue, IBT, and Local 776 breached the duty of fair representation to Plaintiffs.

1.33 Whether Plaintiffs' claims are barred by the applicable statute of limitations.

1.34 Whether Plaintiffs have exhausted their administrative remedies.

1.35 Whether Defendant ABF's affirmative defenses as set forth in its Answer to Plaintiffs' Complaint are meritorious.

1.36 Whether Plaintiffs are entitled to any or all relief claimed in their Complaint.

1.40 <u>agree</u> upon are:

    1.41 None at this time.

1.50 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue: None

1.60 Identify any named parties that have not yet been served: None

1.70 Identify any additional parties that:

Plaintiffs intend to join: None

Defendants intend to join: None

1.80 Identify any additional claims that:

Plaintiffs intend to add: None at this time.

Defendants intend to add: None

**2.0 Alternative Dispute Resolution ("ADR")**

2.10 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure-- The parties may consider non-binding ADR at a later date.

Date ADR to be commenced: <u>Not Applicable</u>

Date ADR to be completed: <u>Not Applicable</u>

2.20   If the parties have been unable to agree on an ADR procedure, but no one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended: <u>Not Applicable</u>

2.30   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view: <u>Not Applicable</u>

**3.0   Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:  All parties agree to jurisdiction by a magistrate judge of this court: ___ yes <u>X</u> no

**4.0   Disclosures**

4.100   Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

The parties disclose the following individuals at this time.  Additional names may be added as they are identified during the discovery process.

4.101   Disclosed by <u>Plaintiffs</u>:

| Name | Title/Position |
|---|---|
| Jeffery D. Albright | Plaintiff |
| Ricky Bechtel | |
| Norman T. Boire | Plaintiff |
| Gary M. Dietz | Plaintiff |
| William H. Erdman | Plaintiff |
| Michael W. Fritz | Plaintiff |
| A. Ronald Frombaugh | Plaintiff |
| Ralph A. Harris | Plaintiff |
| Allen W. Landis | Plaintiff |
| Lowell McGuire | Plaintiff |
| Walter R. Minich | Plaintiff |
| Raymond C. Nevins | Plaintiff |
| Stanley L. Nye | Plaintiff |
| Vincent Ramirez, Jr. | Plaintiff |
| Keith E. Sgrignoli | Plaintiff |
| Ray G. Snyder, Jr. | Plaintiff |
| Lawrence D. Welker | Plaintiff |

4.102   Disclosed by <u>Defendant ABF</u>:

| Name | Title/Position |
|---|---|
| Gary Drake | Manager- Linehaul Operations, Carlisle, PA |
| Lee Edenbo | Carlisle, PA Terminal |

1-WA/1753159.1

6

| | |
|---|---|
| Stephen J. Froias | Director, Industrial Relations |
| Gordon Ringberg | Director, Industrial Relations |
| Connie Vaughan | ABF Industrial Relations |

4.103   Disclosed by <u>Defendants Virtue, IBT, and Local 776</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Daniel Virtue | President, International Brotherhood of Teamsters, Local 776 |
| Charles Shughart | Business Agent, International Brotherhood of Teamsters, Local 776 |

4.200   Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

Without waiving the right to respond to specific discovery requests, as well as the right to produce documents only in response to formal requests, the parties disclose the following categories of documents, which may be relevant to material issues in this matter:

4.201   Categories of documents disclosed by <u>Plaintiffs</u>:

All documents attached to Local 776's Motion to Dismiss submitted in this case.

4.202   Categories of documents disclosed by <u>Defendant ABF</u>:

None at this time.

1-WA/1753159.1                              7

4.203   Categories of documents disclosed by <u>Defendants Virtue, IBT, and Local 776</u>:

All documents attached to Local 776's Motion to Dismiss submitted in this case including non-privileged documents related to Plaintiffs' grievances and the processing of Plaintiffs' grievances.

4.300   <u>Additional Documents Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

4.301   Additional categories of documents <u>Plaintiffs</u> will disclose:

Plaintiffs will disclose all non-privileged documents in the case file.

4.302   Additional categories of documents <u>Defendant ABF</u> will disclose:

    1.   Plaintiffs' personnel files.

    2.   Plaintiffs' grievances related to this matter.

    3.   Non-privileged documents related to Plaintiffs' grievances and grievance arbitrations, including documents submitted to the Eastern Region Joint Area Committee proceeding, if any.

    4.   Letters submitted by Plaintiffs to ABF regarding recall/transfer opportunities.

    5.   ABF Industrial Relations Telephone Call Log pertaining to Plaintiffs' recall/transfer.

4.303   Additional categories of documents <u>Defendants Virtue, IBT, and Local 776</u> will disclose:

At this time Defendants Virtue, IBT, and Local 776 are unaware of other documents in their possession, custody and control that are relevant to Plaintiffs' claims.

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

4.401 Plaintiffs' calculation of damages: Plaintiffs calculation of damages may depend on the seniority dates assigned Plaintiffs as a result of this litigation.

4.402 Defendants' ABF, Virtue, IBT, and Local 776's calculation of offset: Plaintiff's earnings, income, and other evidence of mitigation, to be determined.

4.403 Counterclaimant/third party claimant's calculation of damages: Not Applicable

## 5.0   Motions

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion for Summary Judgment | Defendants | January 31, 2003 |
| Motion for Summary Judgment | Plaintiffs | January 31, 2003 |
|  |  |  |

## 6.0   Discovery

6.100 Briefly describe any discovery that has been completed or is in progress:

The parties are in the process of preparing discovery requests including requests for production of documents, requests for admission, and interrogatories.

6.200  Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it: The Parties will take depositions, and serve interrogatories and requests for production of documents on each other to develop the factual bases for the prosecution and defense of the claims in this action; the Parties may also seek discovery from third parties who may have material information; and the Parties may serve requests for admissions on each other to narrow the issues for resolution. Defendants intend to depose Plaintiffs. The parties reserve the right to depose other individuals who may have knowledge of relevant facts, including but not limited to, those named by Plaintiffs and Defendants in this Joint Case Management Plan and/or as witnesses by Plaintiffs and Defendants in discovery.

6.300  Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it: None at this time.

6.400  Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation: None at this time.

6.500  For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing

(where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

6.501   Depositions (excluding experts) to be taken by:

Plaintiffs: __15__          Each Defendant: __40__

6.502   Interrogatories to be served by:

| Plaintiffs: | 40 general + 7 for each Plaintiff | Each Defendant: | 40 general + 7 for each Plaintiff |

6.503   Document production requests to be served by:

| Plaintiffs: | 40 general + 7 for each Plaintiff | Each Defendant: | 40 general + 7 for each Plaintiff |

6.504   Requests for admission to be served by:

| Plaintiffs: | 40 general + 7 for each Plaintiff | Each Defendant: | 40 general + 7 for each Plaintiff |

6.600   All discovery commenced in time to be completed by:

January 15, 2003

6.700   Reports from retained experts due:

From Plaintiffs by:   60 days prior to the close of discovery

From Defendants by:   30 days prior to the close of discovery

6.800   Supplementations due: At close of discovery

**7.0     Protective Order**

7.1     If entry of a protective order is sought, attach to this statement a copy of the proposed order.

The parties do not anticipate the need to enter into a Confidentiality Agreement at this time. If the need for a Confidentiality Agreement arises, the parties will enter into such an Agreement at an appropriate date.

1-WA/1753159.1                                    11

7.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: Not Applicable.

### 8.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority:

For Plaintiffs:

> Robert S. Mirin
> AHMAD & MIRIN
> 8150 Derry Street, Suite A
> Harrisburg, PA 17111
> (717) 909-4343

For Defendant ABF:

> Joseph E. Santucci, Jr.
> MORGAN, LEWIS & BOCKIUS LLP
> 1111 Pennsylvania Ave. N.W.
> Washington, DC 20004
> (202) 739-5398

For Defendants Virtue and Local 776:

> Ira Weinstock
> IRA H. WEINSTOCK, P.C.
> 800 North Second Street
> Harrisburg, PA 17101-1904

For Defendant IBT

> James A. McCall, Esquire
> International Brotherhood of Teamsters
> 25 Louisiana Avenue, N.W.
> Washington DC 20001
> (202) 624-6935

**9.0   Scheduling**

    9.1    This case may be appropriate for trial in approximately:

        _____    240 Days from the filing of the complaint

        _____    365 Days from the filing of the complaint

        __365__    Days from the date of the Scheduling Conference

    9.2    Suggested Date for Trial:

March 2003

    9.3    Suggested Date for the final Pretrial Conference:

February 2003

    9.4    Final date for joining additional parties:

        Plaintiffs:    May 1, 2002

        Defendants:    May 31, 2002

    9.5    Final date for amending pleadings:

        Plaintiffs:    May 1, 2002

        Defendants:    May 31, 2002

    9.6    All potentially dispositive motions should be filed by:

January 31, 2003

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute:

Plaintiff believes that it is appropriate to consolidate this case with Bechtel v. Virtue; Case No. 3:01-CV 789. Defendants do not agree that consolidation of these cases is appropriate.

## 11.0   Identification of Lead Counsel

Identify by name, address, and telephone number lead counsel for each party:

Lead Counsel for Plaintiffs

> Robert S. Mirin
> AHMAD & MIRIN
> 8150 Derry Street, Suite A
> Harrisburg, PA 17111
> (717)909-4343

Lead Counsel for Defendant ABF Freight System, Inc.

> Joseph E. Santucci, Jr.
> MORGAN, LEWIS & BOCKIUS LLP
> 1111 Pennsylvania Ave. N.W.
> Washington, DC 20004
> (202) 737-5398

Lead Counsel for Defendants Daniel A. Virtue, International Brotherhood of Teamsters, and Local 776, International Brotherhood of Teamsters

> Ira Weinstock
> IRA H. WEINSTOCK, P.C.
> 800 North Second Street
> Harrisburg, PA 17101-1904
> (717)238-1657

Respectfully submitted,

_Robert S. Mirin/cws_    2-22-02
Attorney for Plaintiffs    Dated

_Joseph E. Santucci, Jr./cws_    2-22-02
Attorney for Defendant ABF Freight System, Inc.    Dated

_Ira Weinstock/cws_    2-22-02
Attorney for Defendants Virtue, IBT, and Local 776    Dated