ORIGINAL

FILED
HARRISBURG, PA

APR 0 3 2002

MARY E. D'ANDREA, CLERK
Per _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY D. ALBRIGHT, et al.,** | ) |
| | ) |
| **Plaintiffs** | ) |
| | ) |
| v. | ) **CIVIL NO. 1:CV-00--878** |
| | ) |
| **DANIEL A. VIRTUE, Business Agent of the** | ) |
| **International Brotherhood of Teamsters;** | ) |
| **INTERNATIONAL BROTHERHOOD OF** | ) |
| **TEAMSTERS; LOCAL 776,** | ) |
| **INTERNATIONAL BROTHERHOOD OF** | ) |
| **TEAMSTERS; and ABF FREIGHT** | ) |
| **SYSTEM, INC.,** | ) |
| | ) |
| **Defendants** | ) |
| | ) |
| *    *    *    *    * | ) |
| **RICKEY A. BECHTEL,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) **CIVIL NO. 1:CV-01-0789** |
| | ) |
| **DANIEL A. VIRTUE, Business Agent of the** | ) |
| **International Brotherhood of Teamsters;** | ) |

INTERNATIONAL BROTHERHOOD OF            )
TEAMSTERS; LOCAL 776,                    )
INTERNATIONAL BROTHERHOOD OF            )
TEAMSTERS; and ABF FREIGHT              )
SYSTEM, INC.,                            )
                                         )
             Defendants            )
_____)

### ABF FREIGHT SYSTEM INC.'S EXHIBITS IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE

Respectfully submitted,

_____
Joseph E. Santucci, Jr. (*pro hac vice*)
Mary D. Walsh (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5398

Vincent Candiello
MORGAN, LEWIS & BOCKIUS LLP
One Commerce Square
417 Walnut Street
Harrisburg, PA 17101-1904
(717) 237-4000

Attorneys for Defendant
ABF Freight System, Inc.

Dated: April 2, 2002

1-WA/1765583.1

2

# TABLE OF CONTENTS

**TAB**

Richardson v. U.S. Airways Goup, Inc.,
        No. Civ. A. 01-1260; No. Civ. A. 00-5052; 2001 WL 849701
        (E.D. Pa. July 16, 2001) .......................................................................... A

Eastern Region Joint Area Committee-Norman Runk Decision ........................... B

Eastern Region Joint Area Committee-Stan Nye Decision.................................... C

National Multi-Region, Intermodal Sleeper Committees ...................................... D

Plaintiff's Interrogatories Directed to Defendants ................................................ E

2001 WL 849701
(Cite as: 2001 WL 849701 (E.D.Pa.))

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

Eric RICHARDSON Plaintiff,
v.
U.S. AIRWAYS GROUP, INC. and
ALLEGHENY AIRLINES, INC. Defendants.
Pamela Kae WILLIAMS Plaintiff,
v.
ALLEGHENY AIRLINES, INC. Defendant.

No. CIV. A. 01-1260, CIV. A. 00-5052.

July 16, 2001.

Blake L. Berenbaum, Hugh C. Clark, Richman Berenbaum & Assoc., LLC, Philadelphia, for Pamela Kae Williams, Plaintiffs.

Imogene E. Hughes, Kleinbard, Bell & Brecker, Phila, Patricia G. Griffith, Ford & Harrison, Frederick L. Douglas, Ford & Harrison LLP, Atlanta, GA, for Allegheny Airlines, Inc., Defendants.

MEMORANDUM AND ORDER

TUCKER, J.

**\*1** Presently before this Court is a Motion to Consolidate (Document No. 13) filed on April 11, 2001 by Plaintiffs Pamela Kae Williams and Eric Richardson. For the reasons set forth below, upon consideration of the motion and Defendant's Response (Document No. 20) filed on May 3, 2001, this Court denies the Motion in the above-captioned actions.

BACKGROUND

On October 5, 2000 Pamela Williams filed an employment discrimination action against Allegheny Airlines alleging Civil Rights violations under both 42 U.S.C. § 2000e, et seq. and 42 U.S.C. § 1981 as a result of activities that took place during a period of her employment at Allegheny from August 10, 1998 to July 19, 1999. Ms. Williams alleges that she was subjected to harassment by way of a hostile work environment and that she was ultimately wrongfully discharged from Allegheny on July 19, 1999 as the result of an orchestrated effort by her superiors to construct a pretext for terminating her.

On April 4, 2001 Plaintiff Eric Richardson filed an amended employment discrimination action against Allegheny alleging Civil Rights violations pursuant to Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981 prohibiting intentional racial discrimination and 42 U.S.C. § 1983, § 1985, § 1988. Mr. Richardson alleges that he was subjected to retaliation by the defendant and that he was ultimately wrongfully discharged from Allegheny in September 1999 because of his refusal to participate in a conspiracy to wrongfully terminate Ms. Williams. Mr. Richardson also alleges that he was wrongfully terminated in September 1999 because of events that began in March 1999 and culminated on May 5, 1999. In March of 1999, Mike Stein, station director, allegedly approached Richardson about assisting Allegheny management in their campaign to "get rid" of Williams and allegedly instructed Richardson on what he was expected to say and the types of allegations that he needed to make against Williams. Richardson alleges that because of his refusal to participate in the conspiracy against Williams, he was subjected to numerous instances of harassment and retaliation by Stein and other participants in the meetings which took place in March 1999 and May 1999.

LEGAL STANDARD

Rule 42 of the Federal Rules of Civil Procedure provides, in pertinent part:
(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in actions; it may order all the actions consolidated; and it may make such orders concerning proceeding therein as may tend to avoid unnecessary costs or delay.

This rule gives a trial judge broad discretion to determine whether consolidation is appropriate. *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.,* 339 F.2d 673, 675 (3d Cir.1964), *cert. denied,* 382 U.S. 812 (1965). Therefore, the court should weigh the factors of judicial economy versus the possibility of an imposition on the parties' rights to a fair and impartial trial.

DISCUSSION

F. Plaintiff Williams Asserts Different Legal Claims Than Plaintiff Richardson.

**\*2** Courts counsel against the consolidation of two or

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

more causes of action when the respective plaintiffs have individualized backgrounds and experiences or when one plaintiff asserts legal theories not advanced by the other. *Bernardi v. City of Scranton,* 101 F.R.D. 411, 414 (M.D.Pa.1983). A close inspection of the underlying causes of action evidences that Williams and Richardson set forth theories of recovery in their individual lawsuits that are not present in the other and which may require the presentation of evidence concerning factual circumstances not relevant to the other lawsuit.

According to the Motion to Consolidate, both Plaintiffs intend to depose the same twenty-two witnesses. However, Defendant states that the discovery period in Williams' suit is now over with the exception of eleven previously scheduled depositions; moreover, this list contains witnesses Williams never asserted were relevant to her contentions. Regardless, commonality of witnesses does not in itself constitute a reason for consolidation.

G. Considerations of Convenience and Economy Must Yield to a Paramount Concern for a Fair and Impartial Trial.

Although the same witnesses will testify in both cases and while the both causes of action may depend upon proof of the same facts, consolidation of issues for trial should be avoided if such would produce "an unreasonably complicated trial that would prejudice the rights of the various defendants." *Mays v. Liberty Mutual Ins.,* 35 F.R.D. 234, 235 (E.D.Pa.1964). The likelihood of confusion in the minds of the jurors "outweighs the benefit of any possible convenience or economy to be obtained from consolidation." *Bernardi* at 414.

While proof of the same facts may be necessary in each case, Williams and Richardson's Complaint and Amended Complaint respectively involve different questions relating to those facts. Any confusion at trial which would be compounded by commingling testimony weighs heavily against consolidation. *Mays*

at 235. The introduction of any such evidence could serve to prejudice a jury against one of the parties as a jury may fail to realize that such evidence would not prove or disprove the other party's contention. For this reason, the Court's concern for a fair and impartial trial outweighs its interest in judicial economy.

Support of the specific legal contentions made by Williams and Richardson depends upon different evidence and will necessitate differing jury instructions with regards to the legal standards of each claim. The evidence presented relating to Ms. Williams will be done so as to prove or disprove her claims of intentional racial discrimination and hostile work environment whereas the evidence presented relating to Mr. Richardson will be done so as to prove or disprove his claims of harassment and retaliatory discharge due to his refusal to take part in the alleged conspiracy against Ms. Williams. The claims of Ms. Williams and Mr. Richardson are separate and independent; therefore, consolidation could lead to confusion and prejudice. Wherever there is a realistic concern that consolidation could cause delay, confusion, and prejudice the judicial economy which exists in some case consolidations becomes moot and the motion to consolidate should be denied.

CONCLUSION

*3 In conclusion, the Court denies Plaintiffs' Motion to Consolidate. An appropriate Order follows.

ORDER

AND NOW, this 16th day of July, 2001, upon consideration of a Motion to Consolidate (Document No. 13) filed Plaintiffs Pamela Kae Williams and Eric Richardson and Defendants' Response (Document No. 20), IT IS HEREBY ORDERED and DECREED that Plaintiffs' Motion is DENIED.

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works



# Eastern Region Joint Area Committee

Established in accordance with the terms and conditions of the National Master Freight Agreement and the ___C PA___ Supplemental Agreement, entered into by and between the Local Union and carriers engaged in City Pickup and Delivery and/or Over-the-Road Freight Operations.

Docket No. ___R-39-99___

ABF # 042-031-AP-99

IN THE MATTER OF THE DISPUTE BETWEEN

Teamsters Local(s) No. ___776___

___Harrisburg, PA___
City ___,___ State

and

___ABF Freight System, Inc.___
Name of Employer

Submission

We, the undersigned, parties to the National Master Freight Agreement and the _____C PA_____ Supplemental Agreement, hereby agree to submit the dispute to arbitration under the Rules of Procedure prescribed by the Eastern Region Joint Area Committee, by virtue of its authority, as set forth in Article _43_ and ___ of the ___C PA___ Supplemental Agreement, the following:

On behalf of Norman Runk (Pilot #89002), Union alleges violation of Article 5, timeliness issue.

The undersigned further agree that a majority decision of the Eastern Region Joint Area Committee in the above dispute will be final, conclusive and binding with no appeal and, further, that neither party will attempt through any overt acts, to void the decision rendered.

The undersigned also agree that failure to comply with the decision of a majority of the Committee within ten (10) days of the date of the decision will result in the loss of all contract rights, privileges and benefits due them under Article _43_ of the ___C PA___ Supplemental Agreement.

Date ___April 27, 1999___

| | |
|---|---|
| Employer ___ABF Freight System, Inc.___ | Local Union(s) ___776___ |
| Signed by ___Steven J. Froias___ | Signed by ___Daniel A. Virtue___ |
| Title ___Dir., Ind. Rels.___ | Title ___Bus. Agent___ |

## DECISION

**The Panel, in executive session, motion made, seconded and carried that since the grievants knew their seniority positions on the day they reported, the Company's point of order is upheld. Cost to Union.**

| | |
|---|---|
| ___R. L. Schaeffer___ | ___Nicholas Picarello___ |
| Employer Co-Secretary | Union Co-Secretary |
| ___April 27, 1999___ | ___April 27, 1999___ |
| (Date) | |

ABF 003158

# Eastern Region Joint    ea Committee

Established in accordance with the terms and conditions of the National Master Freight Agreement and the ____C PA____ Supplemental Agreement, entered into by and between the Local Union and carriers engaged in City Pickup and Deliver and/or Over-the-Road Freight Operations.

Docket No. __R-38-99__

IN THE MATTER OF THE DISPUTE BETWEEN

Teamsters Local(s) No. ___776___

_____Harrisburg, PA_____
City                          State

and

_____ABF Freight System, Inc._____
Name of Employer

We, the undersigned, parties to the National Master Freight Agreement and the _____C PA_____ Supplemental Agreement, hereby agree to submit the dispute to arbitration under the Rules of Procedure prescribed by the Eastern Region Joint Area Committee, by virtue of its authority, as set forth in Article _43_ and ___ of the __C PA__ Supplemental Agreement, the following:

> On behalf of Stan Nye (Pilot #89012), Union alleges violation of Article 5, Section 5, timeliness issue.

The undersigned further agree that a majority decision of the Eastern Region Joint Area Committee in the above dispute will be final, conclusive and binding with no appeal and, further, that neither party will attempt through any overt acts, to void the decision rendered.

The undersigned also agree that failure to comply with the decision of a majority of the Committee within ten (10) days of the date of the decision will result in the loss of all contract rights, privileges and benefits due them under Article _43_ of the __C PA__ Supplemental Agreement.

Date ____April 27, 1999____

Employer ____ABF Freight System, Inc.____        Local Union(s) _____776_____
              Steven J. Frolas                                          Daniel A. Virtue
Signed by _____        Signed by _____
Title ____Dir., Ind. Rels.____                           Title ____Bus. Agent____

## DECISION

The Panel, in executive session, motion made, seconded and carried that since the grievants knew their seniority positions on the day they reported, the Company's point of order is upheld. Cost to Union.

____R. L. Schaeffer____                              ____Nicholas Picarello____
Employer Co-Secretary                                    Union Co-Secretary
____April 27, 1999____                              ____April 27, 1999____
(Date)                                                       (Date)

ALL-STATE LEGAL 800-222-0510  E/GS-11  RECYCLED

**NATIONAL MULTI-REGION, INTERMODAL, SLEEPER COMMITTEES**
**OCTOBER 26-27, 2000**
**DEERFIELD BEACH, FLORIDA**

**INDEX**

| NO. | CASE | DECISION | PAGE |
|-----|------|----------|------|
| MRC-10-00-E3 | Local 776 v. ABF Freight System | In accordance with the Decision rendered by the Change of Operations Committee in MR-CO-38-9/95, The claims are denied. | 82-94 |
| MRC-10-00-E4 | Local 776 v. ABF Freight System | Same as E3 | 63-94 |



ALL-STATE LEGAL® 800-222-0510    E0S11    RECYCLED

# AHMAD & MIRIN

## Counselors and Attorneys at Law

---

Anser Ahmad, Esquire
Robert S. Mirin, Esquire

8150 Derry Street
Harrisburg, PA 17111
(717) 909-4343
Fax: (717) 561-1616

March 25, 2002

ABF Freight Systems, Inc.
C/O Joseph E. Santucci Jr., Esquire
Mary D. Walsh, Esquire
MORGAN, LEWIS & BROCKIUS
1800 M. Street N.W.
Washington, DC  20036

### RE:  BECHTEL v. VIRTUE
### No:  1:CV 01-789

Dear Ms. Walsh,

Please find enclosed a request for *Plaintiff's Interrogatories Directed to Defendants.*

Should you require any further assistance from our office, please do not hesitate to call.

Thank you in advance.

Sincerely,

Tammy L. Ketterer, Paralegal
enclosure

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICKEY A. BECHTEL,<br>Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | NO. 1:CV 01-789 |
| | : | |
| DANIEL A. VIRTUE, ET AL.,<br>Defendant | : | JUDGE RAMBO |
| | : | |

## PLAINTIFF'S INTERROGATORIES DIRECTED TO DEFENDANTS

TO:    ABF Freight System, Inc.
C/O Joseph E. Santucci, Jr., Esquire
Mary D. Walsh, Esquire
MORGAN, LEWIS & BOCKIUS, LLP
1800 M. Street N.W.
Washington, DC  20036

Vincent Candiello
MORGAN, LEWIS & BOCKIUS, LLP
One Commerce Square
417 Walnut Street
Harrisburg, PA  17101-1904

International Brotherhood of Teamsters, and Local 776, International
Brotherhood of Teamsters
C/O Ira Weinstock, Esquire
Wendy Dullea Bowie
IRA H. WEINSTOCK, P.C.
800 North Second Street
Harrisburg, PA  17101-1904

PLEASE TAKE NOTICE that pursuant Federal Rules of Civil Procedure, No. 33, you are hereby required to serve upon the undersigned within thirty (30) days after service of this Notice, your Answers, in writing and under oath, to the following Interrogatories.

AHMAD & MIRIN

BY: _____

Robert S. Mirin, Esquire
ID# 25305
8150 Derry Street, Suite A
Harrisburg, PA 17111
(717) 561-8706

Dated: March 1, 2002

Attorney for Plaintiff

NO. 1:CV 01-789

## DEFINITIONS AND INSTRUCTIONS

If you have only incomplete knowledge, please answer to the extent of your knowledge and identify the person(s) who does or might have additional knowledge or information to complete the answer.

You may answer any Request in whole or in part by attaching a document(s) which contains information sufficient to do so. Such documents may, if authenticated, be a copy of the original.

The term "Identify", with regard to a person or entity, means state the full name and last known street address, city and state. With regard to documents, "identify " means briefly describe the nature or type of document (i.e. correspondence, invoice, memo, etc.). Where applicable, identify the author/sender and recipient, the date of the document, a brief summary of the document's contents, and the present location of the document to include, where applicable, the name and address of the last known person with possession or control of the document.

The terms "you", "your", "Defendant", and "Diocese", collectively and severally, mean Catholic Diocese of Harrisburg representatives, its counsel, and any of their agents, employees or representatives, and any other person or entity acting or alleging to act on its behalf including experts and investigators.

## INTERROGATORIES

1. Identify all policies written, oral or otherwise involved in the decision concerning the five (5) years of recall rights under the local collective bargaining supplement to the National Freight Agreement.

2. Identify all policies written, oral or otherwise involved in the fair union representation duty through the grievance procedure held by the Local Union and the International Union.

3

NO. 1:CV 01-789

3. Identify all persons who were involved in the decision making process concerning Rickey Bechtel's layoff in 1995, following the shut down of the Carolina Freight facility.

4. Identify each and every person with whom the Plaintiff has communicated with concerning his grievance or the claims contained in his Complaint and, for such person identified, state the type of communication (e.g. oral, written, computer, etc.); state the date and substance of the communication; and identify any documents, evidence or supporting such communication. The answer to this interrogatory should include, but not limited to, any individuals identified in Plaintiff's Complaint.

5. Identify each and every person Plaintiff believes has knowledge of any facts supporting his grievance or any of the allegations contained in his Complaint and, for each such person identified, state the facts believed to be known by that person. The answer to this interrogatory should include, but not limited to, any individuals identified in Plaintiff's Complaint.

6.  Identify the observations, if any, from ABF or the union in regard to the provisions of the National Master Freight Agreement or relevant provisions of the governing Supplemental Agreements as it pertains to recalls from layoff.

7.  Identify each and every person, firm, partnership, corporation or any other business entity with which Plaintiff has communicated in regard to any employment opportunities since January 1, 2000.  For each such person or business entity, state the date and substance of each communication; state whether Plaintiff submitted an application or resume for employment to that person or entity; identify the position applied for; state the date of the application or resume; state whether Plaintiff was offered employment; and, if such employment was offered, whether Plaintiff accepted or rejected the offer.

8.  Identify the specific reason(s) or grounds for which the Employer and the Union had on the decision that Plaintiff was not entitled to recall to work at the Carlisle facility.

NO. 1:CV 01-789

9.  Identify any and all documents showing the steps taken by the Employer and
    Unions, with whom the Plaintiff has communicated with concerning his grievance or
    the claims contained in his Complaint, in regard to the Collective Bargaining
    Agreement and right to fair representation in the grievance process.

Respectfully submitted:

BY: _____

Robert S. Mirin, Esquire
ID# 25305
AHMAD & MIRIN
8150 Derry Street, Suite A
Harrisburg, PA  17111
(717) 561-8706

Dated:  February 28, 2002

Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I, Tammy L. Ketterer, certify that a true and correct copy of the foregoing *Complaint* has been served by First-class, postage pre-paid, as follows:


ABF Freight Systems, Inc.
C/O Joseph E. Santucci, Jr., Esquire
Mary D. Walsh, Esquire
MORGAN, LEWIS & BOCKIUS, LLP
1800 M. Street N.W.
Washington, DC  20036


Vincent Candiello
MORGAN, LEWIS & BOCKIUS, LLP
One Commerce Square
417 Walnut Street
Harrisburg, PA  17101-1904


International Brotherhood of Teamsters, and Local 776, International
Brotherhood of Teamsters
C/O Ira Weinstock, Esquire
Wendy Dullea Bowie
IRA H. WEINSTOCK, P.C.
800 North Second Street
Harrisburg, PA  17101-1904


Date:  March 1, 2002

Tammy L. Ketterer, Paralegal
AHMAD & MIRIN
8150 Derry Street, Suite A
Harrisburg, PA  17111
(717) 909-4343

UNITED STATES POSTAGE
PB9969971
$00.570 MAR 22 02
7240    MAILED FROM ZIP CODE  17111
9504
172

Received MLB
3/25/02

**AHMAD & MIRIN**
Counselors and Attorneys at Law
8150 Derry Street
Harrisburg, PA 17111

ABF Freight Systems, Inc.
C/O Joseph E. Santucci, Jr., Esquire
Mary D. Walsh, Esquire
MORGAN, LEWIS & BROCKIUS
1800 M. Street N.W.
Washington, DC  20036

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2002 a copy of ABF Freight System, Inc.'s Exhibits in Support of Opposition to Plaintiff's Motion to Consolidate was served via overnight delivery, on the following:

Robert S. Mirin
AHMAD & MIRIN
8150 Derry Street, Suite A
Harrisburg, PA 17111

James A. McCall
Special Counsel
INTERNATIONAL BROTHERHOOD OF TEAMSTERS
25 Louisiana Avenue, N.W.
Washington, DC 20001

Ira H. Weinstock
Jason M. Weinstock
IRA H. WEINSTOCK, P.C.
800 N. 2nd Street
Harrisburg, PA 17102

Mary D. Walsh
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5720

Attorney for Defendant
ABF Freight System, Inc.