ORIGINAL

FILED
HARRISBURG, PA

APR 05 2002

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFERY D. ALBRIGHT, et al. | : | No. 1:00-CV-878 |
| And | : | |
| RICKEY A. BECHTEL, | : | No. 1:01-CV-789 |
| Plaintiffs, | : | |
| vs. | : | Judge Sylvia H. Rambo |
| DANIEL A. VIRTUE, et. al., | : | |
| Defendants. | : | |

**DEFENDANTS' BRIEF IN REPLY TO
PLAINTIFFS' MOTION TO CONSOLIDATE CASES**

Defendants, Daniel A. Virtue, International Brotherhood of Teamsters, Local Union No. 776, and the International Brotherhood of Teamsters, by and through their attorneys, IRA H. WEINSTOCK, P.C., offer the following Reply Brief in opposition to Plaintiffs' Motion to Consolidate Cases:

## I. STATEMENT OF THE CASES

Although the *Albright* and *Bechtel* cases involve the same causes of action, the factual background of each matter is entirely different as will be addressed below:

### A. *Albright, et. al. v. Virtue, et. al.*

The primary underlying issue of *Albright, et. al.* is that of a procedural arbitral issue involving present employees of ABF. The *Albright* grievances, challenging grievants' seniority status, were filed between December 1998 and March 1999. Business Agent Daniel A. Virtue of Local Union No. 776 processed the *Albright* grievances pursuant to the grievance process by taking the grievances to the Eastern Region Joint Area Committee (hereinafter ERJAC) wherein the Company raised Points of Order, arguing that the *Albright* grievances were not timely. In *Albright*, each Plaintiff[1] had failed to file a grievance within the required seven (7) days, and failed to protest his seniority date within thirty (30) days of the date it first appeared on the seniority roster. As such, on April 27, 1999, the ERJAC sustained the

---

[1] The *Albright* Plaintiffs are Jeffery D. Albright, Norman T. Boire, Gary M. Dietz, William H. Erdman, Michael W. Fritz, A. Ronald Frombaugh, Ralph A. Harris, Allen W. Landis, Lowell McGuire, Walter R. Minich, Raymond C. Nevins, Stanley L. Nye, Vincent Ramirez, Jr., Keith E. Sgrignoli, Ray G. Snyder, Jr., and Lawrence D. Welker.

Company's Points of Order and ruled that the grievances were untimely.[2] (Decisions of the ERJAC attached hereto as Exhibit A & B).

### B. *Bechtel v. Virtue, et. al.*

The primary underlying issue of *Bechtel* is a substantive arbitral issue. Rickey Bechtel (hereinafter Bechtel), a former Carolina Freight employee, filed a grievance on February 20, 2000 alleging that ABF failed to recall him from an inactive seniority list. Local 776 Business Agent Charles Shugart processed Bechtel's grievance. On July 25, 2000, the ERJAC referred this case to the National Multi-Region Change of Operations Violations Committee (hereinafter Change of Operations Committee). The Bechtel grievance was presented at the Change of Operations Committee on October 27, 2000. The Change of Operations Committee denied Bechtel's grievance on the merits. (National Multi-Region, Intermodel, Sleeper Committees attached hereto as Exhibit C).

### II. QUESTION PRESENTED

Under Federal Rule of Civil Procedure 42(a), does the Plaintiffs' Motion for Consolidation require dismissal when (a) *Albright* was decided at the arbitral level based on a procedural issue, (b) *Bechtel* was decided at the

---

[2] The *Albright* grievances were consolidated into two pilot cases based on the grievances of Stanley Nye and Norman Runk.

arbitral level based on a substantive issue and (c) each case requires application of separate and distinct facts and law?

### III. ARGUMENT

**PLAINTIFFS' MOTION FOR CONSOLIDATION MUST BE DISMISSED IN THAT *ALBRIGHT* AND *BECHTEL* WERE DECIDED AT THE ARBITRAL LEVEL ON WHOLLY SEPARATE AND DISTINCT FACTS AND LAW.**

The Federal Rules of Civil Procedure provide in relevant part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The moving parties, in this case Plaintiffs, bear the burden of proof on a motion for consolidation. *In re Consolidated Parlodel Litiga.*, 182 F.R.D. 441, 444, 1998 U.S. Dist. LEXIS 21247 (D.N.J. February 6, 1998). A common question of law or fact shared by all of the cases is a prerequisite for consolidation. *Id.* citing Fed. R. Civ. P. 42(a). The mere existence of common issues, however, does not require consolidation. *In re Consolidated Parlodel Litiga.*, 182 F.R.D. at 444 citing *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993). Once a common question has been established, the decision

4

to consolidate rests in the sound discretion of the district court. *In re Consolidated Parlodel Litiga.*, 182 F.R.D. at 444.

Here, Plaintiffs have not established that a common question of law or fact exists between *Albright* and *Virtue*. Plantiffs, in their Motion to Consolidate, state that "[t]here is an extensive common 'locus' of issues of law and facts [sic] apply to both cases." *See* Plaintiffs' Motion to Consolidate at 1. *Albright* and *Virtue*, however, are factually and procedurally different in that these cases were filed approximately one year apart, processed by different business agents, and resolved on different grounds. The *Albright* Plaintiffs are presently employed by ABF while Bechtel has never worked in the employ of ABF. As such, Plaintiffs have not met their threshold burden of proving that common questions of law or fact predominate in *Albright* and *Bechtel*.

In addition, Plaintiffs, in their Motion to Consolidate, merely allege such generic facts as the same Union, terminal closure, and Employer. *See* Plaintiffs' Motion to Consolidate at 1. Although these allegations may be true, the same can be said for many other cases that arise out of Union grievances. At the core, *Albright* and *Bechtel* are wholly independent of one another in that the *Albright* case turns on a procedural issue from the

5

grievance process and the *Bechtel* case turns on a substantive issue. Therefore, in deciding these cases, this court will review different facts involving separate and distinct grievances. As such, the individual issues in *Albright* and *Bechtel* clearly predominate over any common issues of law or fact and consolidation is not appropriate. *In re Consolidated Parlodel Litiga.*, 182 F.R.D. at 444.

Moreover, consolidation would delay the resolution of Mr. Bechtel's case and allow Mr. Bechtel to initiate discovery outside of the timeframe permitted by the Court's Scheduling Order. *See* Case Management Order at 3. April 1, 2002 marked the end of discovery in the Bechtel case. *Id.* Defendants have complete discovery and are in the process of preparing motions for summary judgment, which motions must be filed by April 15, 2002. *Id.* Plaintiff did not take any depositions or conduct any other discovery in this case. As such, there is no overlap in discovery between *Albright* and *Bechtel* that would be minimized by consolidation. As *Bechtel* is ripe for disposition, consolidation will serve only to delay the resolution of *Bechtel*.

6

## Eastern Region Joint Area Committee 

Established in accordance with the terms and conditions of the National Master Freight Agreement and the __C PA__ Supplemental Agreement, entered into by and between the Local Union and carriers engaged in City Pickup and Delivery and/or Over-the-Road Freight Operations.

Docket No. __R-39-99__

ABF# 042-031-AP-99

IN THE MATTER OF THE DISPUTE BETWEEN

Teamsters Local(s) No. __776__

__Harrisburg, PA__
City , State

Submission

and

__ABF Freight System, Inc.__
Name of Employer

We, the undersigned, parties to the National Master Freight Agreement and the __C PA__ Supplemental Agreement, hereby agree to submit the dispute to arbitration under the Rules of Procedure prescribed by the Eastern Region Joint Area Committee, by virtue of its authority, as set forth in Article __43__ and ___ of the __C PA__ Supplemental Agreement, the following:

On behalf of Norman Runk (Pilot #89002), Union alleges violation of Article 5, timeliness issue.

The undersigned further agree that a majority decision of the Eastern Region Joint Area Committee in the above dispute will be final, conclusive and binding with no appeal and, further, that neither party will attempt through any overt acts, to void the decision rendered.

The undersigned also agree that failure to comply with the decision of a majority of the Committee within ten (10) days of the date of the decision will result in the loss of all contract rights, privileges and benefits due them under Article __43__ of the __C PA__ Supplemental Agreement.

Date __April 27, 1999__

Employer __ABF Freight System, Inc.__
Signed by __Steven J. Froias__
Title __Dir., Ind. Rels.__

Local Union(s) __776__
Signed by __Daniel A. Virtue__
Title __Bus. Agent__

### DECISION

The Panel, in executive session, motion made, seconded and carried that since the grievants knew their seniority positions on the day they reported, the Company's point of order is upheld. Cost to Union.

__R. L. Schaeffer__
Employer Co-Secretary
__April 27, 1999__
(Date)

__Nicholas Picarello__
Union Co-Secretary
__April 27, 1999__

Exhibit "A"

ABF 003158

## Eastern Region Joint Area Committee

Established in accordance with the terms and conditions of the National Master Freight Agreement and the **C PA** Supplemental Agreement, entered into by and between the Local Union and carriers engaged in City Pickup and Delivery and/or Over-the-Road Freight Operations.

Docket No. **R-38-99**

RECEIVED MAY 1 0

IN THE MATTER OF THE DISPUTE BETWEEN

Teamsters Local(s) No. **776**

**Harrisburg, PA**
City — State

and

**ABF Freight System, Inc.**
Name of Employer

Submission

We, the undersigned, parties to the National Master Freight Agreement and the **C PA** Supplemental Agreement, hereby agree to submit the dispute to arbitration under the Rules of Procedure prescribed by the Eastern Region Joint Area Committee, by virtue of its authority, as set forth in Article **43** and ___ of the **C PA** Supplemental Agreement, the following:

> On behalf of Stan Nye (Pilot #89012), Union alleges violation of Article 5, Section 5, timeliness issue.

The undersigned further agree that a majority decision of the Eastern Region Joint Area Committee in the above dispute will be final, conclusive and binding with no appeal and, further, that neither party will attempt through any overt acts, to void the decision rendered.

The undersigned also agree that failure to comply with the decision of a majority of the Committee within ten (10) days of the date of the decision will result in the loss of all contract rights, privileges and benefits due them under Article **43** of the **C PA** Supplemental Agreement.

Date **April 27, 1999**

Employer **ABF** — Stev...
Signed by ___ Dir., ...
Title ___

Local Union(s) **776**
**Daniel A. Virtue**
Bus. Agent

(Exhibit B)

The Pan... [executive] session, motion made, seconded and carried that since the grievants knew their seniority positions on the day they reported, the Company's point of order is upheld. Cost to Union.

R. L. Schaeffer
Employer Co-Secretary
April 27, 1999
(Date)

Nicholas Picarello
Union Co-Secretary
April 27, 1999
(Date)

Exhibit "B"

ABF 003152

# NATIONAL MULTI-REGION, INTERMODAL, SLEEPER COMMITTEES
## OCTOBER 26-27, 2000
## DEERFIELD BEACH, FLORIDA

### INDEX

| NO. | CASE | DECISION | PAGE |
|---|---|---|---|
| MRC-10-00-E3 | Local 776 v. ABF Freight System | In accordance with the Decision rendered by the Change of Operations Committee in MR-CO-38-9/95, The claims are denied. | 82-94 |
| MRC-10-00-E4 | Local 776 v. ABF Freight System | Same as E3 | 63-94 |

Exhibit "C"

## CERTIFICATE OF SERVICE

AND NOW, this 5th day of April, 2002, I, Jason M. Weinstock, Esquire, attorney for Defendant, hereby certify that I served the within **DEFENDANTS' BRIEF IN REPLY TO PLAINTIFFS' MOTION TO CONSOLIDATE CASES** this day by depositing the same in the United States mail, postage prepaid, in the post office at Harrisburg, Pennsylvania, addressed to:

By First Class Mail:

    Joseph E. Santucci, Jr., Esquire
    Mary D. Walsh, Esquire
    MORGAN, LEWIS & BOCKIUS, LLP
    111 Pennsylvania Ave., N.W.
    Washington, D.C. 20004

    Robert S. Mirin, Esquire
    AHMAD & MIRIN
    8150 Derry Street, Suite A
    Harrisburg, PA 17111

    James A. McCall, Esquire
    Special Counsel
    INTERNATIONAL BROTHERHOOD OF TEAMSTERS
    25 Louisianna Avenue, N.W.
    Washington, D.C. 20001

BY: _____
      JASON M. WEINSTOCK