

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY D. ALBRIGHT, et al.  :  CIVIL NO. 1:CV-00-0878

    Plaintiffs  :

v.  :

DANIEL A. VIRTUE, et al.,  :

    Defendant  :

FILED
MAY - 6 2002
PER_____
HARRISBURG, PA  DEPUTY CLERK

### MEMORANDUM AND ORDER

Before the court is Plaintiffs' motion to consolidate the captioned action with *Bechtel v. Virtue*, Civil Action No. 1:CV-01-789. For clarity, the court will refer to the Plaintiffs in the instant action as "the Albright Plaintiffs" and to the Plaintiff in 01-789 as "Bechtel." In Plaintiffs' motion and briefs they cite the following factors in support of consolidation:

(1)    The same contracts (collective bargaining agreements) and provisions are involved.

(2)    The same terminal closure is involved.

(3)    The same Union is involved.

(4)    The same employer is involved.

(5)    The same time frames are involved in both cases.

(6)    The same recall and grievance timeliness issues are invovled.

(7)    The same call board issues are involved.

(8)    There is an extensive common "locus" of issues of law and facts apply to both cases.

Plaintiffs also cite general case law regarding the court's power to consolidate and the fact that the burden falls on the party seeking consolidation to

support the existence of common factual and legal issues. *Schneck v. International Business Machines Corp.*, Civ. No. 92-4370, 1996 U.S. Dist. LEXIS 10126, *3 (D.N.J. June 21, 1996). Plaintiffs also assert that the critical facts and factual issues are unique to each case and thus must be viewed on a case by case basis. *Id.* at *18.

In opposition, Defendant ABF Freight System ("ABF") specifically points to the existence of individual issues that predominate over common issues of law or fact. *See In re Consolidated Parlodel Litigation*, 182 FRD 441, 444 (D.N.J. 1992). The Albright Plaintiffs and Bechtel had different employers, held different job classifications and had different recall rights. The processing of the grievance procedures for the Albright Plaintiffs differed from the processing of Bechtel's grievance procedure. There is an issue of timeliness that predominates in the Albright case that does not exist in Bechtel. The evidence in one case is not relevant to the other case. Of extreme importance to the court is that the Bechtel case is ready for disposition. Discovery in the Albright case is not completed.

In consideration of all of the above, consolidation would create confusion, as well as prejudice and delay in the resolution of one of the cases. Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiffs' motion to consolidate is **DENIED**.

SYLVIA H. RAMBO
United States District Judge

Dated: May 6, 2002