

ORIGINAL

51
11-1-06

2 to 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFERY D. ALBRIGHT, NORMAN T. BOIRE, GARY M. DIETZ, WILLIAM H. ERDMAN, MICHAEL W. FRITZ, A. RONALD FROMBAUGH, RALPH A. HARRIS, ALLEN W. LANDIS, LOWELL MCGUIRE, WALTER R. MINICH, RAYMOND C. NEVINS, STANLEY L. NYE, VINCENT RAMIREZ, JR., KEITH E. SGRIGNOLI, RAY G. SNYDER, JR., and LAWRENCE D. WELKER, <br><br>　　　　　　Plaintiffs <br>　　v. <br><br>DANIEL A. VIRTUE, Business Agent of the International Brotherhood of Teamsters; INTERNATIONAL BROTHERHOOD OF TEAMSTERS; LOCAL 776, INTERNATIONAL BROTHERHOOD OF TEAMSTERS; ABF FREIGHT SYSTEM, INCORPORATED, <br><br>　　　　　　Defendants | FILED <br> HARRISBURG, PA <br><br> OCT 31 2002 <br><br> MARY E. D'ANDREA, CLERK <br> Per _____ Deputy Clerk <br><br><br> Case No. 1:CV-00-878 <br> Judge Sylvia H. Rambo |

## DEFENDANT ABF FREIGHT SYSTEM, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME FOR DISCOVERY

On October 30, 2002, Plaintiffs filed a Motion for Extension of Time for Discovery in the above-referenced case. Plaintiffs' counsel attached a Certificate of Concurrence to the Motion, which stated that Jason Weinstock (Counsel for Daniel Virtue and Local 776) and Robyn Weiss (Counsel for ABF Freight System, Inc. ("ABF")) concurred in the request. On October 25, 2002—after the deposition of an ABF witness—Plaintiff's counsel, Union counsel and ABF's counsel had a discussion regarding outstanding discovery issues and a possible extension of the discovery deadline. In their Motion, Plaintiffs have misrepresented ABF's position regarding Plaintiffs' requested extension of the discovery deadline in this case. The following will set forth ABF's response to each of the numbered paragraphs in Plaintiffs' Motion:

1.   Plaintiffs incorrectly represent that ABF has agreed to the deposition of Connie Chambers. Ms. Chambers is an administrative assistant for ABF. On October 25, 2002, counsel for the Plaintiffs indicated that he wanted to depose Ms. Chambers. Counsel for ABF expressly informed counsel for the Plaintiffs that she could not agree to the deposition of Ms. Chambers until she spoke with her client and determined whether ABF had any obligation to produce Ms. Chambers for deposition. Counsel for ABF asked counsel for the Plaintiffs to formally notice Ms. Chambers' deposition. Counsel for the Plaintiffs stated he would do so. To

2

date, ABF has not received a formal notice for Ms. Chambers' deposition and has had no further discussion with counsel for the Plaintiffs regarding her deposition. In spite of this, Plaintiffs have suggested to the Court that the parties have agreed on this matter.

2. ABF did consent to an extension of discovery solely for the purpose of allowing Plaintiffs an opportunity to depose by November 8, 2002. Mr. Virtue has been unavailable for much of October because of his involvement in the Teamsters' national negotiations with the freight industry.

3. Counsel for the Plaintiffs raised the possibility of deposing Charles Shughart (a union official) for the first time on October 25, 2002. Counsel for Local 776 did not agree to schedule the deposition, and counsel for ABF did not agree to an extension of time for discovery for this purpose.

4. ABF does not know what Plaintiffs are referring to when they state that "defendant company and plaintiff have several discovery matters which are in the process of being resolved between the parties." In ABF's view, the only discovery issue between ABF and the Plaintiffs is Plaintiffs' failure, despite repeated requests, to produce documents that were brought to the depositions of Plaintiffs Sgrignoli and Erdman. On October 25, 2002, Plaintiff's counsel notified ABF's counsel, for the first time, that the documents were available for inspection and copying. Because of the late production of these documents, by letter dated

3

October 30, 2002, ABF reserved its right to review those documents after the close of the discovery period on October 31, 2002.

ABF did not agree to an extension of discovery until December 2, 2002. As stated above, ABF only agreed to a brief extension of discovery for the sole purpose of Plaintiffs deposing Daniel Virtue, and to review the Sgrignoli and Erdman documents, both of which could be completed by November 8, 2002.

Respectfully submitted,

/s/ Joseph E. Santucci, Jr.

Joseph E. Santucci, Jr. (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS, L.L.P.
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5398

Vincent Candiello
MORGAN, LEWIS & BOCKIUS, L.L.P.
One Commerce Square
417 Walnut Street
Harrisburg, PA 17101-1904
(717) 237-4000

Attorneys for Defendant
ABF Freight System, Inc.

Dated: October 31, 2002

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October 2002, a copy of the foregoing Defendant ABF's Response to Plaintiffs' Motion of Time For Discovery was served on the following:

### VIA FACSIMILE AND FIRST CLASS MAIL

Robert S. Mirin
AHMAD & MIRIN
8150 Derry Street, Suite A
Harrisburg, PA 17111

### VIA FIRST CLASS MAIL

James A. McCall
Special Counsel
INTERNATIONAL BROTHERHOOD OF TEAMSTERS
25 Louisiana Avenue, N.W.
Washington, DC 20001

Ira Weinstock
Jason Weinstock
IRA WEINSTOCK, P.C.
800 N. 2nd Street
Harrisburg, PA 17102

_____
Kim Luisi