**ORIGINAL**

FILED
HARRISBURG, PA
NOV 04 2002
MARY E. D'ANDREA, CLERK
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFERY D. ALBRIGHT, NORMAN T. BOIRE, GARY M. DIETZ, WILLIAM H. ERDMAN, MICHAEL W. FRITZ, A. RONALD FROMBAUGH, RALPH A. HARRIS, ALLEN W. LANDIS, LOWELL MCGUIRE, WALTER R. MINICH, RAYMOND C. NEVINS, STANLEY L. NYE, VINCENT RAMIREZ, JR., KEITH E. SGRIGNOLI, RAY G. SNYDER, JR., and LAWRENCE D. WELKER, ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs ) | |
| v. ) ) | Case No. 1:CV-00-878 Judge Sylvia H. Rambo |
| DANIEL A. VIRTUE, Business Agent of the International Brotherhood of Teamsters; INTERNATIONAL BROTHERHOOD OF TEAMSTERS; LOCAL 776, INTERNATIONAL BROTHERHOOD OF TEAMSTERS; ABF FREIGHT SYSTEM, INCORPORATED, ) ) ) ) ) ) ) | |
| Defendants ) ) | |

## RESPONSE TO MOTION FOR EXTENSION OF TIME FOR DISCOVERY

Defendants, Daniel Virtue, the International Brotherhood of Teamsters, Local 776, and The International Brotherhood of Teamsters respond to the Plaintiff's Motion for Extension of Time for Discovery as follows:

1. Denied. The Defendants have completed their discovery with the exception of some outstanding responses of the Plaintiff. The witness referenced in this paragraph works for the Defendant, ABF Freight Systems and as a result the instant Defendants have no position as to the scheduling of her deposition. By way of further response, the instant Defendants are unaware of any agreement made by ABF to extend the discovery deadline with the exception of Mr. Virtue's deposition.

2. Denied and admitted in part. It is admitted that Defendant Virtue was unavailable for a deposition during a significant portion of October in light of negotiations of the National Master Freight Agreement. The remainder of this allegation is denied. The instant Defendants advised the Plaintiffs in early October 2002 of Mr. Virtue's availability from November 4 through November 8, 2002 for this deposition.

3. Denied. The first time the Plaintiff requested to depose Mr. Shughart was on October 25, 2002. Defendants never agreed to extend the discovery deadline for scheduling of Mr. Shughart's deposition and would object to any request at this time.

4. Admitted and denied in part. It is admitted that the Plaintiff has promised to provide additional documentation to all Defendants but to date has not provided this documentation. The instant Defendants are unaware of any outstanding documentation they have to provide to the Plaintiff.

## NEW MATTER

The Defendants strongly object to any extension of the discovery deadline with the exception of the scheduling of the deposition of Mr. Virtue. Dispositive Motions and Supporting Briefs are presently due on November 22, 2002. The original case management Order was filed on March 6, 2002 and provided in excess of seven months to complete discovery. As a result, the instant Defendants strongly object to any extension of the discovery period other than for purposes of Mr. Virtue's deposition.

Respectfully Submitted,

**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA 17102
Phone: (717) 238-1657

By: _____
JASON M. WEINSTOCK

## CERTIFICATE OF SERVICE

AND NOW, this 1ˢᵗ day of November, 2002, I, Jason M. Weinstock, Esquire, attorney for Defendants, hereby certify that I served the within **RESPONSE TO MOTION FOR EXTENSION OF TIME FOR DISCOVERY** this day by depositing the same in the United States mail, postage prepaid, in the post office at Harrisburg, Pennsylvania, addressed to:

By First Class Mail:

>Robert S. Mirin, Esquire
>AHAMD & MIRIN
>8150 Derry Street, Suite A
>Harisburg, PA  17111-5260
>
>Joseph E. Santucci, Jr., Esquire
>MORGAN, LEWIS & BOCKIUS
>1800 M. Street, N.W.
>Washington, D.C.  20036
>
>Robyn Weiss Esquire, Esquire
>MORGAN, LEWIS & BOCKIUS, LLP
>1111 Pennsylvania Avenue, NW
>Washington, D.C.  20004

BY: _____
JASON M. WEINSTOCK