

ORIGINAL

FILED
HARRISBURG, PA
NOV 22 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFERY D. ALBRIGHT, NORMAN T. :
BOIRE, GARY M. DEITZ, WILLIAM H. :
ERDMAN, MICHAEL W. FRITZ, :
A. RONALD FROMBAUGH, RALPH A. :
HARRIS, ALLEN W. LANDIS, LOWELL :
McGUIRE, WALTER R. MINICH, :
RAYMOND C. NEVINS, STANLEY L. :
NYE, VINCENT RAMIREZ, JR., :
KEITH E. SGRIGNOLI, RAY G. :
SYNDER, JR., and LAWRENCE : No. 1:CV-00-0878
WELKER, :
: (Judge Rambo)
:
                          Plaintiffs, :

    vs.

DANIEL VIRTUE, Business Agent of the :
International Brotherhood of Teamsters; :
INTERNATIONAL BROTHERHOOD OF :
TEAMSTERS; LOCAL 776, :
INTERNATIONAL BROTHERHOOD OF :
TEAMSTERS; and ABF FREIGHT :
SYSTEM, INCORPORATED, :
:
                         Defendants. :

## BRIEF ON BEHALF OF DEFENDANTS DANIEL A. VIRTUE AND INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AND INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION NO. 776 IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### I.   STATEMENT OF THE CASE

Defendants' Statement of Undisputed Material Facts is hereby incorporated as Defendants' Statement of the Case.

### II. QUESTIONS PRESENTED

1. Whether Summary Judgment should be granted in favor of Mr. Virtue when (i) Mr. Virtue is an individual officer of Local Union No. 776, and (ii) Mr. Virtue was not a party to the National Master Freight Agreement?

2. Whether Summary Judgment should be granted in favor of the International Brotherhood of Teamsters when (i) the International Brotherhood of Teamsters is not a party to National Master Freight Agreement and (ii) the International Brotherhood of Teamsters was not involved in the processing of Plaintiffs' grievances?

3. Whether Summary Judgment should be granted in favor of the Defendants when (i) Local Union No. 776 processed Plaintiffs' grievances up to and including the final step of the grievance process and (ii) Local Union No. 776 advocated Plaintiffs' position at all times throughout the grievance process?

### III. ARGUMENT

In this case, the Plaintiffs have asserted two causes of action in their complaint. First, they assert that ABF violated Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185, by not assigning the correct seniority

2

status to Plaintiffs in accordance with the parties' National Master Freight Agreement and Central Pennsylvania Over-the-Road and Local Cartage Agreement. *See* Plaintiffs' Amended Complaint at pp. 2, 5, ¶¶ 1, 6. Second, they aver that the Union breached its duty of fair representation by "mishandling the ensuing grievance or arbitration proceedings." *See* Plaintiffs' Amended Complaint at p. 10, ¶ 27. This type of action is commonly referred to as a hybrid Section 301 suit because, to prevail on either claim, Plaintiffs must demonstrate both a breach of the collective bargaining agreement by ABF and a breach of the duty of fair representation on the part of the Union. *Connor v. Crowley American Transport, Inc.,* 145 L.R.R.M. (BNA) 2863, 1994 WL 59365, *5 (E.D.Pa. 1994) citing *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 165 (1983). Here, no genuine issue of material fact exists so as to uphold a breach of the duty of fair representation claim against the Union and, thus, Plaintiffs will not prevail on their hybrid Section 301 suit.

    **A.    DANIEL VIRTUE IS NOT A PROPER DEFENDANT TO THIS ACTION IN THAT MR. VIRTUE IS AN INDIVIDUAL UNION OFFICER AND MR. VIRTUE IS NOT A PARTY TO THE NATIONAL MASTER FREIGHT AGREEMENT.**

Individual union officers are not proper defendants in a duty of fair representation action. *Felice v. Sever,* 985 F.2d 1221, 61 USLW 2532, 142

L.R.R.M. 2441 (CA 3), *cert. denied*, 509 U.S. 923, 143 L.R.R.M. 2696 (1993) (providing that where there is a collective bargaining agreement out of which the damage claim arose, individual union officers have immunity under § 301(b)). Moreover, Mr. Virtue is not named in the National Master Freight Agreement (hereinafter NMFA) as a party to the NMFA. Defendants' Statement of Material Facts Exhibit No. 54. Mr. Virtue is not a properly named Defendant to this action and, as such, Mr. Virtue respectfully requests that summary judgment be granted in his favor.

      B.    THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS IS NOT A PROPER DEFENDANT TO THIS ACTION IN THAT THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS IS NOT A PARTY TO THE NMFA AND THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS WAS NOT INVOLVED IN THE PROCESSING OF PLAINTIFFS' GRIEVANCES.

Generally, only a labor organization that is the plaintiff's exclusive bargaining representative may be liable for breaching the duty of fair representation. *Karalewitz v. UE & C-Catalytic Co.*, 811 F.Supp. 311, 143 L.R.R.M. (BNA) 2839 (E.D. Mich. 1993) (providing that a local union owes the duty of fair representation even though the international union was signatory to the labor agreement). Thus, an international union is not ordinarily a party unless it is the employee's bargaining representative or unless the local union was acting for it

4

or at its direction. *Moore v. Electrical Workers (IBEW) Local 569*, 989 F.2d 1534, 143 L.R.R.M. (BNA) 2016, *amended*, 989 F.2d 1534, 143 L.R.R.M. (BNA) 2723 (9th Cir. 1983), *cert. denied*, 510 U.S. 1117, 145 L.R.R.M. (BNA) 2576 (1994) (providing that an international union is not liable as an agent for derelictions of a local union without evidence that the international union instigated, supported, notified, or encouraged the local's activities).

Further, the International Brotherhood of Teamsters (hereinafter IBT) is excluded from the instant action in that the IBT is not a party to the NMFA. Under Article 1, Section 2 of the NMFA, "[t]he Union consists of any Local Union which may become a party to this Agreement and any Supplemental Agreement as hereinafter set forth." In a similar case, where the contract stated that the "National Union Committee and Local Unions . . . are the exclusive representatives of all employees" covered by the Agreement, the Third Circuit held that the contract clearly obligates the local unions, not the National Committee, to process the grievances of all employees within their jurisdiction. *Teamsters Local Union No. 30 v. Helms Express, Inc.*, 591 F.2d 211 (3d. Cir. 1979), *cert. denied*, 444 U.S. 837, 62 L.Ed.2d 48, 100 S.Ct. 74 (1979). The Third Circuit further held that where the Local Union has been the exclusive bargaining representative of the individual

plaintiffs, the National Union owes no duty of fair representation to the plaintiffs. *Id.*

Plaintiffs testified that, at no time, did Plaintiffs discuss their grievances with anyone from the IBT nor did Plaintiffs consider the IBT responsible for processing Plaintiffs' grievances. *See* Ramirez Dep. Tr. p. 74, ll. 18-23; Erdman Dep. Tr. p. 27, ll. 16-18. The IBT is not proper as a named Defendant to this action, as the IBT is not a party to the NMFA and excluded under prevailing case law. As such, the IBT respectfully requests that summary judgment be granted in its favor.

    **C.   AN ENTRY OF SUMMARY JUDGMENT IS APPROPRIATE IN THIS CASE IN THAT DANIEL VIRTUE, LOCAL UNION NO. 776, AND THE IBT HAVE NOT BREACHED THE DUTY OF FAIR REPRESENTATION OR THE COLLECTIVE BARGAINING AGREEMENT.**

Assuming arguendo that Mr. Virtue and the IBT are proper parties to the instant action, summary judgment should, nevertheless, be granted in their favor for the same reasons as summary judgment should be granted in favor of Local Union No. 776, which reasons are set forth below:

    **1.   Daniel Virtue, the IBT, and Local Union No. 776 did not breach the duty of fair representation when Daniel Virtue, the IBT, and Local Union No. 776 processed Plaintiffs' grievances thoroughly and efficiently.**

In the instant matter, Plaintiffs claim that Daniel Virtue, the IBT and Local Union No. 776 breached "their duty of fair representation by mishandling the

6

ensuing grievance or arbitration proceedings." *See* Plaintiffs' Amended Complaint at p. 10, ¶ 27. "The duty of fair representation requires a union 'to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Marquez v. Screen Actors Guild*, 525 U.S. 33, 44, 142 L.Ed.2d 242, 119 S.Ct. 292 (1998) citing *Vaca v. Sipes*, 386 U.S. 171, 177, 17 L.Ed.2d 842, 87 S.Ct. 903 (1967). "In other words, a union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Marquez*, 525 U.S. at 44 citing *Vaca*, 386 U.S. at 190.

Under the arbitrary prong of the tripartite standard invoked by the Supreme Court in *Vaca*, the union's actions breach the duty of fair representation only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a "wide range of reasonableness," as to be irrational. *Air Line Pilot's Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67, 113 L.Ed.2d 51, 111 S.Ct. 1127 (1991) citing *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338, 73 S.Ct. 681, 97 L.Ed. 1048 (1953). "A union's conduct can be classified as arbitrary only when it is irrational, when it is without a rational basis or explanation." *Id.* at 46. Further, in order to establish a lack of good faith, there must be evidence of

7

fraud, deceitful action, or dishonest conduct by the union. *Schmidt v. Electrical Workers (IBEW) Local 949*, 980 F.2d 1167, 141 LRRM 3004 (CA 8, 1982).

In the instant matter, Plaintiffs claim that Daniel Virtue, the IBT, and Local Union No. 776 violated the duty of fair representation in that Daniel Virtue, the IBT, and Local Union No. 776 allegedly failed to "fairly represent Plaintiffs." *See* Plaintiffs' Amended Complaint at p. 10, ¶ 28. Under the tripartite standard, Daniel Virtue, the IBT, and Local Union No. 776's handling of Plaintiffs' grievances is far from arbitrary, discriminatory, or in bad faith. Plaintiffs' grievances were thoroughly and diligently processed throughout the grievance process. At each level of the process, Local Union No. 776 Business Agent Daniel Virtue (hereinafter Business Agent Virtue) kept Plaintiffs informed as to all of the details of Plaintiffs' case. *See* Virtue Affidavit at ¶¶ 9, 11, 14; Erdman Dep. Tr. pp. 139-140, ll. 25, 1-20; Ramirez Dep. Tr. p. 60, ll. 16-24; Snyder Dep. Tr. p. 103, ll. 3-11.

Upon the filing of each of the Plaintiffs' grievances, the Union notified each Plaintiff, if requested by Plaintiff, of the date and time the grievance meeting was to be held with regard to Plaintiffs' grievances. *See* Virtue Affidavit at ¶ 9. In that the Union and ABF were unable to resolve Plaintiffs' grievances at the first level of the grievance process, the grievances were referred to the Eastern Region Joint Area Committee (hereinafter "ERJAC"). *See* Virtue Affidavit at ¶ 10.

8

Business Agent Virtue informed each Plaintiff of the date and time of the ERJAC hearing. *See* Virtue Affidavit at ¶ 11.

Prior to the ERJAC hearing, ABF raised a Point of Order with regard to Plaintiffs' grievances. *See* Defendants' Statement of Material Facts Exhibit No. 6. Business Agent Virtue responded to the Point of Order in his brief before the ERJAC. *See* Defendants' Statement of Material Facts Exhibit No. 7. The ERJAC hearings were then held and Business Agent Virtue advocated Plaintiffs' position at the hearings, as evidenced by the hearing transcripts. *See* Defendants' Statement of Material Facts Exhibit No. 55. The transcripts from the ERJAC hearings further evidence the fact that Plaintiffs were given the opportunity to participate at the hearings. *See* Defendants' Statement of Material Facts Exhibit No 55. Thereafter, the ERJAC issued its decision to deny Plaintiffs' grievances and Business Agent Virtue notified Plaintiffs of such in writing. Considering the numerous letters between Plaintiffs and Business Agent Virtue, and his diligent attention to the processing of Plaintiffs' grievances, Plaintiffs' claim that Daniel Virtue, the IBT, and Local Union No. 776 breached the duty of fair representation is beyond all reason.

On May 20, 1999, Business Agent Virtue forwarded "several letters of appeal" to the IBT in request that the ERJAC decisions be reviewed. *See*

9

Defendants' Statement of Material Facts Exhibit No. 56. Neither the NMFA[1] nor the ERJAC decision, however, provides Plaintiffs with an automatic right of appeal. The ERJAC decision clearly states that the decision is "final, conclusive and binding with no appeal." *See* Defendants' Statement of Material Facts Exhibit No. 8. There is simply no automatic right of appeal by a grievant or Union representative, and the Union had no obligation or authority to process Plaintiffs' grievances any further. *Vaca v. Sipes*, 386 U.S. 171 (1961) (holding that a union is not required to pursue every grievance).

Under long-standing United States Supreme Court precedent, a Union is not required to pursue every grievance, or seek every available remedy, simply because the member wants the Union to do so. *Vaca v. Sipes*, 386 U.S. 171 (1967). A Union member does not have an absolute right to have his grievance

---

[1] Article 8, Section 2 of the NMFA states in relevant part:

> The National Grievance Committee by majority vote may consider and review all questions of interpretation which may arise under the provisions contained in the NMFA which are submitted by either the Chairman of TNFINC (Teamsters National Freight Industry Negotiating Committee) or the Executive Director of TMI (Trucking Management, Inc.). The National Grievance Committee by majority vote shall have the authority to reverse and set aside all resolutions of grievances by any lower level grievance committee, arbitration panel, or review committee involving or affecting the interpretation(s) of Articles 1-39 of the NMFA, in which case the decision of the National Grievance Committee shall be final and binding.

*See* Defendants' Statement of Material Facts Exhibit No. 69.

taken to arbitration. *Vaca*, 386 U.S. at 190. Nor is the adequacy of a Union's actions in negotiating or settling a grievance measured by the sufficiency of the outcome. *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 113 L. Ed. 2d 51, 111 S. Ct. 1127 (1999).

It is well-settled that Unions enjoy considerable discretion in handling the grievances of their members. *Walker v. Pepsi-Cola Bottling Co.*, 2000 U.S. Dist. LEXIS 12635, * 31 (3d. Cir. 2000) citing *Air Line Pilots Ass'n*, 499 U.S. at 67. This discretion includes the Union's right to make a determination of whether to settle, or decline to pursue a grievance, and on what terms it will do so. *Electrical Workers (IBEW) v. Foust*, 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698 (1979). Thus, considering the discretion that Unions enjoy in handling the grievances of their members combined with the fact that Daniel Virtue, the IBT, and Local Union No. 776, in the instant matter, adequately and fairly processed Plaintiffs' grievances to the ERJAC, the duty of fair representation has not be violated by Defendants.

Moreover, the fact that the Union fought and lost the grievances in question does not give rise to a duty of fair representation claim. Because Plaintiffs were unhappy with the ERJAC decision, Plaintiffs filed the instant action. Plaintiffs' unhappiness with the ERJAC decision seems to be the only reason Plaintiffs' filed

11

the instant action. Plaintiff Erdman stated in his deposition that "there's a good chance we probably would not be here" if the ERJAC had decided in Plaintiffs' favor. *See* Erdman Dep. Tr. at p. 119, ll. 7-8.

      **2.   Daniel Virtue, the IBT, and Local Union No. 776 have not breached the contract in that Daniel Virtue, the IBT, and Local Union No. 776 advocated Plaintiffs' position under the contract throughout the grievance process.**

In a typical § 301 claim, the employee sues the Union for breach of its duty of fair representation and the employer for breach of the collective bargaining agreement. *Walker v. Pepsi-Cola Bottling Co.*, 2000 U.S. Dist. LEXIS 12635, * 30 (3d. Cir. 2000) citing *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 260, 58 USLW 2700, 134 L.R.R.M. (BNA) 2341 (3d Cir. 1990). In the instant matter, Plaintiffs, however, have sued both the Company and the Union under Plaintiffs' breach of contract claim. Plaintiffs allege that "[t]he employer's course of conduct and action has been condoned and ratified by the Unions." *See* Plaintiffs' Amended Complaint at p. 9, ¶ 23(d).

It goes against all logic to allege that Daniel Virtue, the IBT, and Local Union No. 776 have breached the contract when Daniel Virtue, the IBT, and Local Union No. 776 advocated Plaintiffs' position throughout the grievance process. Business Agent Virtue advocated Plaintiffs' position not only in written argument, but also in the presentation of Plaintiffs' cases at each hearing.

12

In response to ABF's argument that the Central Pennsylvania Over-the-Road and Local Cartage Supplemental Agreement, Article 43, Section 1(c) states that "Employees initiating grievances shall set forth their claim, in writing, to the employer with a duplicate copy to the steward and/or union representative within seven (7) calendar days after he/she returns to his/her home terminal or seven (7) calendar days from the occurrence of the matter," Business Agent Virtue argues to the contrary in his brief before the ERJAC as follows:

> Protest of any employee's seniority date or position on such list must be made in writing to the Employer within thirty (30) days after such seniority date or position first appears, and if no protests are timely made, the dates and positions posted shall be deemed correct. Any such protest which is timely made may be submitted to the grievances procedure. Therefore, based on the facts presented, the Union respectfully requests that the Company's Point of Order be denied.

*See* Defendants' Statement of Material Facts Exhibit No. 7.

Business Agent Virtue also advocated Plaintiffs' position at the ERJAC hearings. *See* Defendants' Statement of Material Facts Exhibit No. 55. Business Agent Virtue argued at the ERJAC hearings that "the contract's [sic] pretty clear on the thirty days of filing a grievance. The seniority list was posted, they all filed timely under the contract. Every one of them filed timely, as far as Article 5, Section 4(d), Posting of Seniority List." *See* Defendants' Statement of Material

Fact Exhibit No. 55. Moreover, Daniel Virtue, the IBT, and Local Union No. 776 within their discretion handled Plaintiffs' grievances and advocated Plaintiffs' position through to the ERJAC. As such, Daniel Virtue, the IBT, and Local Union No. 776 did not condone or ratify ABF's conduct in that Daniel Virtue, the IBT, and Local Union No. 776 advocated Plaintiffs' position throughout the grievance process.

**3. ABF's interpretation of Article 43, Section 1(c) of the Central Pennsylvania Over-the-Road and Local Cartage Supplemental Agreement is reasonable and, therefore, ABF did not breach the contract.**

Under Article 43, Section 1(c) of the contract, ABF argued that Plaintiffs' grievances were untimely in that Plaintiffs had filed their grievances more than seven (7) calendar days after the employee returns to his/her home terminal or seven (7) calendar days from the occurrence of the matter. *See* Defendants' Statement of Material Facts Exhibit Nos. 5 and 6. Article 43 sets forth the parties' grievance procedure; therefore, ABF's reliance on this Article to advocate ABF's position is not unreasonable. *See* Defendants' Statement of Material Facts Exhibit No. 5. As such, ABF's actions do not constitute a breach of the contract.

Here, Plaintiffs seek a review of an arbitrated decision, which decision is a final and binding decision by the terms of the parties' contract. As such, the court is without jurisdiction to second guess the arbitrator's interpretation and

application of the contract. *Equitable Gas Company v. United Steelworkers of America*, 46 USLW 2424, 127 L.R.R.M. (BNA) 2264, 676 F.Supp. 648, 652 (W.D.Pa. 1987). In the absence of fraud, partiality, or misconduct, a court should not review the merits of an arbitrator's award if the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop may an award be vacated. *Id.* Here, the ERJAC agreed with ABF's position in regard to the grievances. In that ABF's position is rationally derived from the contract, the arbitration award should not be vacated.

## IV. CONCLUSION

In light of the foregoing, Daniel Virtue, the IBT, and Local Union No. 776 respectfully request that this Honorable Court enter summary judgment in favor of Daniel Virtue, the IBT, and Local Union No. 776.

Respectfully Submitted,

**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA 17102
Phone: 717-238-1657

By: _____
JASON M. WEINSTOCK
Attorney I.D. No. 69272

By: _____
MAGGIE E. COLWELL
Attorney I.D. No. 88632

16

## CERTIFICATE OF SERVICE

I, Jason M. Weinstock, Esquire, hereby certify that upon the date stated below, I served the attached **BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** upon the persons named below, at the stated addresses, by first class postage paid United States mail.

> Robert S. Mirin, Esquire
> **AHMAD & MIRIN**
> 8150 Derry Street, Suite A
> Harrisburg, PA 17111
>
> James A. McCall, Esquire
> International Brotherhood of Teamsters
> 25 Louisiana Avenue, N.W.
> Washington, D.C. 20001
>
> Robyn B. Weiss, Esquire
> **MORGAN, LEWIS & BOCKIUS, L.L.P.**
> 1111 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004

Dated: 11/22/02

_____
JASON M. WEINSTOCK