ORIGINAL ● ●

(72)
11-22-02
MA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

No. 1:CV-00-0878
Judge Rambo

NOV 2 2 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

JEFFERY D. ALBRIGHT, NORMAN T. BOIRE, GARY M. DEITZ, WILLIAM H. ERDMAN, MICHAEL W. FRITZ, A. RONALD FROMBAUGH, RALPH A. HARRIS, ALLEN W. LANDIS, LOWELL McGUIRE, WALTER R. MINICH, RAYMOND C. NEVINS, STANLEY L. NYE, VINCENT RAMIREZ, JR., KEITH E. SGRIGNOLI, RAY G. SYNDER, JR., and LAWRENCE WELKER,

Plaintiffs,

vs.

DANIEL VIRTUE, Business Agent of the International Brotherhood of Teamsters; **INTERNATIONAL BROTHERHOOD OF TEAMSTERS; LOCAL 776, INTERNATIONAL BROTHERHOOD OF TEAMSTERS; and ABF FREIGHT SYSTEM, INCORPORATED,**

Defendants.

## SUPPORTING EXHIBITS TO DEFENDANTS'
## STATEMENT OF UNDISPUTED MATERIAL FACTS

Jason M. Weinstock, Esquire
Atty. I.D. No. 69272
Maggi E. Colwell, Esquire
Atty. I.D. No. 88632
**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA 17102
Phone: 717-238-1657
Attorneys for the Defendants

1998-2003 ROAD 5.5 LIST

| DOMICILE | EMPLOYEE'S NAME | SENIORITY DATE | LAYOFF VERIFIED BY | DATE OF PRIOR DECLINE | REQUEST RECEIVED | REMARKS | TELEPHONE NO. |
|---|---|---|---|---|---|---|---|
| Cherryville, NC | Kenneth E. Deveney | 05/30/1974 | laid off 7/16/95 | n/a | 05/18/1998 | 7/1/98 accepted Winston-Salem road | 704-487-6624 |
| Cherryville, NC | Carl Saine, Jr. | 08/29/1986 | laid off 1/21/95 | n/a | 04/09/1998 | 6/30/98 accepted Winston-Salem road | 704-735-2490 |
| Carlisle, PA | Russell Reinoehl | 11/16/1987 | laid off 5/23/95 | n/a | 06/01/1998 | 6/30/98 declined Winston-Salem road | 717-695-3862 |
| Cherryville, NC | Joseph Brogdon, Jr. | 05/31/1974 | laid off 7/16/95 | n/a | 07/06/1998 | 7/6/98 accepted Winston-Salem road | 704-922-1960 |
| Cherryville, NC | Johnny Miller | 04/12/1974 | laid off 7/16/95 | n/a | 07/07/1998 | 7/7/98 accepted Winston-Salem road 1:36 p.m. | 704-276-1625 |
| Cherryville, NC | Michael Ray Hood | 02/28/1979 | laid off 3/11/95 | n/a | 07/07/1998 | 7/7/98 accepted Winston-Salem road 3:40 p.m. | 704-435-3391 |
| Cherryville, NC | Robert Jack Rupard | 10/24/1973 | laid off 7/16/95 | n/a | 07/08/1998 | 72 hr. letter sent 7/13/98 | 704-435-8371 |
| Cherryville, NC | Earl Neal | 07/06/1974 | laid off 7/16/95 | n/a | 07/08/1998 | 7/8/98 at 8:36 a.m. declined WNS road | 704-435-5603 |
| Cherryville, NC | Emmitt Terry Elmore | 11/09/1979 | laid off 3/11/95 | n/a | 07/08/1998 | 7/9/98 at 11:35 a.m. accepted WNS road | 704-732-1943 |
| Cherryville, NC | Ronnie Sellers | 03/14/1974 | laid off 7/16/95 | n/a | 07/13/1998 | 7/13/98 accepted WNS road | 704-435-1819 |
| Cherryville, NC | Rickie Hoyle | 09/23/1984 | laid off 3/6/95 | n/a | 07/13/1998 | 7/13/98 accepted WNS road | 704-732-3627 |
| Cherryville, NC | Gary Queen | 09/08/1987 | laid off 1/21/95 | n/a | 07/13/1998 | 7/13/98 accepted WNS road | 704-428-0484 |
| Cherryville, NC | Frank McMurry | 02/26/1988 | laid off 12/10/94 | n/a | 07/13/1998 | 7/13/98 accepted WNS road | 878-428-8486 |
| Cherryville, NC | Larry Bess | 12/07/1986 | laid off 1/21/95 | n/a | 07/13/1998 | 7/16/98 accepted WNS & on 7/20/98 called Adrian at 051 and advised him that he would not be coming to 051. | 704-276-1773 |
| Cherryville, NC | Jesse Mitchell | 09/02/1976 | laid off 5/27/95 | n/a | 07/31/1998 | 8/3/98 declined WNS road | 704-435-2737 |
| Cherryville, NC | Blair Propst, Sr. | 07/16/1977 | laid off 5/27/95 | n/a | 07/16/1998 | 7/29/98 accepted WNS road | 704-435-5319 |
| Cherryville, NC | Donnie Everett | 12/03/1984 | laid off 3/6/95 | n/a | 08/04/1998 | 8/4/98 accepted WNS road | 704-597-1303 |
| Cherryville, NC | Michael Durant | 08/27/1985 | laid off 2/25/95 | n/a | 08/03/1998 | 8/3/98 accepted WNS road; 8/6/98 accepted WNS road, on 8/13/98 after physical and orientation he refused work call and advised that he was going to work for Preston. | 704-435-2403 |
| Cherryville, NC | Ronnie Bumgarner | 04/03/1986 | laid off 2/25/95 | n/a | 07/31/1998 | 8/3/98 accepted WNS road | 704-462-4670 |
| Cherryville, NC | Leon Mayberry | 08/03/1986 | laid off 2/25/95 | n/a | 07/28/1998 | 8/3/98 accepted WNS road | 828-632-9456 |
| Cherryville, NC | Michael Martin | 08/03/1986 | laid off 2/25/95 | n/a | 07/22/1998 | 8/10/98 accepted WNS road | 704-464-5010 |
| Cherryville, NC | Robert David McDowell | 09/08/1987 | laid off 12/24/94 | n/a | 07/14/1998 | 8/10/98 accepted WNS road | 704-462-2256 |
| Rocky Mount, NC | Wilson Williams | 08/12/1973 | laid off 1/21/95 | n/a | 08/11/1998 | 8/14/98 accepted WNS road | 252-535-1933 |
| Cherryville, NC | Eric Hicks | 04/11/1974 | laid off 7/16/95 | n/a | 08/18/1998 | 9/11/98 accepted WNS road - GR | 704-739-1738 |
| Cherryville, NC | Anderson Matthews | 09/08/1987 | laid off 12/24/94 | n/a | 08/27/1998 | 9/14/98 accepted WNS road - GR | 336-788-4253 |

000

EXHIBIT 1

## 1998-2003 ROAD 5.5 LIST

| DOMICILE | EMPLOYEE'S NAME | SENIORITY DATE | LAYOFF VERIFIED BY | REQUEST RECEIVED | DATE OF PRIOR DECLINE | REMARKS | TELEPHONE NO. |
|---|---|---|---|---|---|---|---|
| Cherryville, NC | Evert Miller | 09/08/1987 | laid off 12/10/94 | 10/13/1998 | n/a | 10/16/98 declined WNS & ERI road - CV | 704-545-8936 |
| Baltimore, MD | Wade Reall | 02/26/1978 | laid off 9/25/95 | 10/27/1998 | n/a | 10/29/98 accepted CAR road; 12/3/98 resigned | 717-486-5828 |
| Baltimore, MD | Larry Welker | 09/20/1973 | laid off 9/25/95 | 10/30/1998 | n/a | 10/30/98 at 10:15 a. m. accepted CAR road – CV  10/30/98 at 10:45 a.m accepted Carlisle and then on 11/19/98 advised terminal he would not be reporting | 717-243-8263 |
| Baltimore, MD | Gary Fox | 07/22/1975 | laid off 9/25/95 | 10/30/1998 | n/a |  | 717-241-5741 |
| Baltimore, MD | David Macke | 05/20/1977 | laid off 9/25/95 | 11/02/1998 | n/a | 11/3/98 accepted Carlisle and then on 11/18/98 advised terminal he would not be reporting. | 717-249-2914 |
| CFCC Carlisle, PA | A. Ronald Frombaugh | 02/27/1972 | laid off 5/23/95 | 11/03/1998 | n/a | 11/4/98 accepted CAR road - GR | 717-776-7593 |
| Allentown, PA | Gary M. Dietz | 08/25/1975 | laid off 9/25/95 | 11/16/1998 | n/a | 11/16/98 a.m. accepted CAR road - GR | 717-789-3386 |
| Baltimore, MD | Carl Murphy | 04/20/1983 | laid off 9/25/95 | 11/04/1998 | n/a | 11/13/98 accepted CAR road - GR | 717-691-5539 |
| CFCC Carlisle, PA | Larry Trollinger | 07/28/1983 | laid off 5/23/95 | 11/09/1998 | n/a | 11/16/98 a.m. accepted CAR road - GR | 717-691-9345 |
| Baltimore, MD | Charles Burchfield | 12/06/1983 | laid off 9/25/95 | 11/02/1998 | n/a | 11/23/98 declined CAR & ERI - GR | 717-540-7889 |
| CFCC Carlisle, PA | Michael Fritz | 05/22/1984 | laid off 5/23/95 | 11/04/1998 | n/a | 11/13/98 accepted CAR road - GR | 717-776-6828 |
| CFCC Carlisle, PA | Ray Snyder, Jr. | 09/04/1985 | laid off 5/23/95 | 11/03/1998 | n/a | 11/16/98 a.m. accepted CAR road - GR | 717-245-2721 |
| CFCC Carlisle, PA | Vincent Ramirez, Jr. | 05/24/1986 | laid off 5/23/95 | 11/04/1998 | n/a | 11/16/98 a.m. accepted CAR road - GR | 717-697-2447  717-530-5329 |
| CFCC Carlisle, PA | Jack T. Moore | 02/01/1971 | laid off 5/23/95 | 11/17/1998 | n/a | 11/19/98 accepted CAR road - GR | 717-776-7878 |
| Allentown, PA | Keith Sgrignoli | 04/03/1978 | laid off 9/25/95 | 11/18/1998 | n/a | 11/20/98 accepted CAR road - GR | 717-432-8795 |
| Baltimore, MD | Ralph A. Harris | 09/09/1984 | laid off 9/25/95 | 11/16/1998 | n/a | 11/23/98 accepted CAR road - GR | 717-692-4401 |
| Cherryville, NC | James Crowe | 09/08/1987 | laid off 12/24/94 | 11/03/1998 | n/a | 11/23/98 accepted WNS road - GR | 336-667-8182 |
| Cherryville, NC | Joe Franklin Ashby | 10/31/1987 | laid off 12/10/94 | 11/16/1998 | n/a | 11/23/98 accepted WNS road - GR | 336-752-2181 |
| CFCC Carlisle, PA | Roy Keck | 03/02/1988 | laid off 5/23/95 | 11/10/1998 | n/a | 11/23/98 accepted CAR road but will be unable to report until released from dr. due to blood pressure problems - GR | 717-957-4060 |
| CFCC Carlisle, PA | Jerry R. Klink | 04/04/1988 | laid off 5/23/95 | 11/13/1998 | n/a | 11/23/98 accepted CAR road - GR | 724-482-2646 |
| Baltimore, MD | Walter Minnich | 07/07/1975 | laid off 9/25/95 | 11/30/1998 | n/a | 12/3/98 accepted CAR road - GR | 717-582-4080 |
| Baltimore, MD | Allen Landis | 11/03/1975 | laid off 9/25/95 | 12/03/1998 | n/a | 12/3/98 accepted CAR road - GR | 717-258-3886 |
| CFCC Carlisle, PA | Norman Runk | 04/24/1984 | laid off 5/23/95 | 11/30/1998 | n/a | 12/3/98 accepted CAR road - GR | 717-697-2113 |

1998-2003 ROAD 5.5 LIST

| DOMICILE | EMPLOYEE'S NAME | SENIORITY DATE | LAYOFF VERIFIED BY | REQUEST RECEIVED | DATE OF PRIOR DECLINE | REMARKS | TELEPHONE NO. |
|---|---|---|---|---|---|---|---|
| CFCC Carlisle, PA | Gary Kissinger | 08/09/1987 | laid off 5/23/95 | 11/30/1998 | n/a | 12/3/98 accepted CAR but will be unable to accept until released from work. comp. 12/14/98 emp. advised he would not be coming to CAR due to disagreement between work. comp. attorneys | 717-362-9711 |
| Cherryville, NC | Kenneth Edwards | 09/08/1987 | laid off 1/21/95 | 11/30/1998 | n/a | 12/7/98 accepted WNS road - CV | 828-313-1061 |
| Cherryville, NC | Jeffrey Albright | 04/09/1988 | laid off 5/23/95 | 12/04/1998 | n/a | 12/7/98 accepted CAR road - CV | 717-652-3212 |
| CFCC Carlisle, PA | Norman Boire | 08/26/1985 | laid off 5/23/95 | 12/09/1998 | n/a | 12/9/98 accepted CAR road - CV | 717-921-8505 |
| Cherryville, NC | Jack Hoffman | 02/26/1988 | laid off 12/10/94 | 12/08/1998 | n/a | 12/14/98 accepted WNS road - CV | 828-659-3203 |
| CFCC Carlisle, PA | Doug Kerstetter | 10/30/1981 | laid off 5/23/95 | 11/19/1998 | n/a | 2/16/99 accepted Carlisle road - GR | 717-432-8459 |
| CFCC Carlisle, PA | Lowell McGuire | 02/12/1984 | laid off 5/23/95 | 01/08/1999 | n/a | 2/2/99 accepted Carlisle road - GR | 717-957-3653 |
| CFCC Carlisle, PA | Charles Albright, II | 05/18/1984 | laid off 5/23/95 | 01/05/1999 | n/a | 2/2/99 accepted Carlisle road - GR | 717-657-0142 |
| CFCC Carlisle, PA | Thomas Clark | 06/20/1984 | laid off 5/23/95 | 12/14/1998 | n/a | 2/8/99 declined WNS, CAR & ERI road - GR | 570-742-8448 |
| Cherryville, NC | Charles Carroll | 08/27/1985 | laid off 3/6/95 | 02/02/1999 | n/a | 2/3/99 accepted Winston-Salem road - GR | 704-853-2033 704-865-3687 |
| Cherryville, NC | Larry Wiley | 08/03/1986 | laid off 2/25/95 | 01/25/1999 | n/a | 2/1/99 accepted Winston-Salem road - GR | 704-481-1738 704-471-1743 828-258-1053 |
| Cherryville, NC | Mary Frances Pike | 08/29/1986 | laid off 1/21/95 | 01/22/1999 | n/a | 2/1/99 accepted Winston-Salem road - GR | 828-281-0606 |
| Cherryville, NC | Larry Fuller | 09/08/1987 | laid off 1/21/95 | 12/21/1998 | n/a | 2/8/99 accepted Winston-Salem road - GR | 828-254-5067 |
| Baltimore, MD | Raymond Nevins | 11/02/1987 | laid off 9/25/95 | 01/11/1999 | n/a | 2/1/99 accepted Carlisle road - GR | 704-480-1083 |
| Baltimore, MD | Perry Heavner | 03/10/1988 | laid off 5/23/95 | 01/07/1999 | n/a | 2/1/99 accepted Carlisle road - GR | 717-359-8143 717-582-7940 |
| CFCC Carlisle, PA | William Erdman | 04/09/1990 | laid off 5/23/95 | 12/15/1998 | n/a | 2/1/99 accepted Carlisle road - GR | 717-938-8560 570-339-1600 |
| Baltimore, MD | Stanley Nye | 10/30/1983 | laid off 9/25/95 | 02/22/1999 | n/a | 2/2/99 accepted Carlisle road - CV | 717-486-0223 |
| Cherryville, NC | Reggie Hoyle | 09/08/1987 | laid off 1/21/95 | 03/09/1999 | n/a | 4/1/99 accepted Winston-Salem road - GR | 828-241-4076 |
| CFCC Carlisle, PA | Randy Hartz | 03/04/1983 | laid off 5/23/95 | 04/28/1999 | n/a | 5/4/99 declined WNS, WVA & ERI road - GR (Note: filed grievance and settlement was CAR position) | 717-444-7594 |
| CFCC Carlisle, PA | Victor Growden | 06/06/1990 | laid off 5/23/95 | 04/28/1999 | n/a | 5/17/99 declined WNS, WVA & ERI road - GR | 717-653-6832 |
| CFCC Carlisle, PA | Wyndham Logan, Sr. | 06/06/1990 | laid off 5/23/95 | 05/26/1999 | n/a | 5/28/99 declined ERI, WVA, & WNS road - JR | 717-232-7468 |
| Cherryville, NC | Ronald Carrigan | 06/10/1984 | laid off 3/6/95 | 06/03/1999 | n/a | 6/3/99 accepted WNS road - CV | 704-435-1980 |

06/28/2000

EASTERN REGION

1998-2003 ROAD 5.5 LIST

| DOMICILE | EMPLOYEE'S NAME | SENIORITY DATE | LAYOFF VERIFIED BY | REQUEST RECEIVED | DATE OF PRIOR DECLINE | REMARKS | TELEPHONE NO. |
|---|---|---|---|---|---|---|---|
| Cherryville, NC | Robert Jack Rupard | 10/24/1973 | laid off 7/16/95 | 07/27/1999 | 07/08/1998 | 7/27/99 accepted WNS road - CV | 704-435-8371 |
| CFCC Carlisle, PA | Russell Reinoehl | 11/16/1987 | laid off 5/23/95 | 07/30/1999 | 06/30/1998 | 8/2/99 accepted CAR road - GR | 570-695-3862 |
| Cherryville, NC | Earl Neal | 07/06/1974 | laid off 7/16/95 | 08/04/1999 | 07/08/1998 | 8/4/99 accepted WNS road - GR | 704-435-8059 |
| Cherryville, NC | Evert Miller | 09/08/1987 | laid off 12/10/94 | 09/21/1999 | 10/16/1998 | 9/23/99 accepted WNS road - GR | 704-545-8936 |
| Cherryville, NC | Paul Rhinehart | 09/08/1987 | laid off 12/24/94 | 09/28/1999 | n/a | 10/1/99 accepted WNS road - GR | 864-429-0531 |
| Cherryville, NC | Ken Morgan | 08/03/1986 | laid off 2/25/95 | 11/08/1999 | n/a | 11/16/99 accepted WNS road - CV | 704-455-2245 |
| Cherryville, NC | Bobby Jones | 02/26/1988 | laid off 12/10/94 | 12/07/1999 | n/a | 12/8/99 accepted WNS road - CV | 704-434-0068 |
| Cherryville, NC | Ronald Crawford | 11/17/1985 | laid off 2/25/95 | 01/07/2000 | n/a | 1/7/00 accepted WNS road - GR | 704-445-0316 |
| CFCC Carlisle, PA | D. Randy Long | 03/08/1983 | laid off 5/23/95 | 04/05/2000 | n/a | | 717-592-3878 |

EASTERN REGION

06/28/2000

TITAN ELECTRONIC MAIL

DATE. 09/19/95
TIME. 15.37 EST
TO.    LCL/TERM-ID 373
FROM. LCL/TERM-ID TPI               TPI1
FOR.   PRINCIPAL OFFICER
PAGE   001    MSG NMBR 431


TO:  THE PRINCIPAL OFFICERS OF THE FOLLOWING LOCAL UNIONS:

     7, 20, 24, 26, 40, 41, 43, 50, 75, 89, 92, 100, 116, 120, 135,
     147, 160, 164, 200, 215, 236  238, 245, 279, 299, 301, 325, 332,
     339, 346, 364, 371, 377, 406, 407, 413, 414, 460, 534, 544, 554, 563,
     574, 580, 600, 614, 627, 637, 651, 662, 673, 688, 695, 696, 697, 705,
     710, 722, 749, 795, 823, 833, 908, 916, & 957 OF THE CENTRAL REGION

     22, 25, 28, 29, 30, 42, 59, 61, 71, 107, 110, 118, 170, 171,
     175, 182, 191, 229, 249, 251, 294, 312, 317, 340, 355, 375,
     384, 391, 397, 401, 404, 429, 430, 437, 443, 445, 449, 470,
     493, 500, 509, 529, 538, 557, 560, 592, 597, 633, 639, 649,
     653, 671, 676, 677, 687, 693, 701, 707, 764, 771, 773, 776,
     789, 822, & 992 OF THE EASTERN REGION

     5, 79, 217, 270, 373, 385, 390, 402, 480, 512, 515, 519, 523,
     528, 549, 568, 577, 612, 657, 667, 728, 745, 878, 886, 891,
     920, 969, 988, & 991 OF THE SOUTHERN REGION

     961 OF THE WESTERN REGION


RE:  ABF FREIGHT SYSTEM, INC. - MULTI-REGION CHANGE OF OPERATIONS
     DECISION IN CASE NO. MR-CO-38-9/95

DEAR SISTERS AND BROTHERS:

     FOLLOWING IS THE DECISION RENDERED BY THE MULTI-REGION CHANGE OF
OPERATIONS COMMITTEE IN THE ABOVE REFERENCED CASE.  UPON RECEIPT OF THIS
DECISION PLEASE COPY AND DISTRIBUTE TO ALL ABF AND CAROLINA FREIGHT
WORK SITES FOR IMMEDIATE POSTING:

THE MULTI-REGION CHANGE OF OPERATIONS COMMITTEE ADOPTED A MOTION THAT
THE COMPANY'S PROPOSED CHANGE OF OPERATIONS BE APPROVED AS MODIFIED
AND CLARIFIED BY THE COMPANY ON THE RECORD WITH THE FOLLOWING PROVISOS:

1.   THIS CHANGE OF OPERATIONS INVOLVES A TRANSACTION WITHIN THE
     MEANING OF ARTICLE 5, SECTION 2(A)-(C) OF THE NMFA:

     A.  THE COMMITTEE DIRECTS THAT, IN ACCORDANCE WITH THE PROVISIONS
         OF ARTICLE 5, SECTION 2(A)-(C), ARTICLE 5, SECTION 3, AND
         ARTICLE 8, SECTION 6(G) OF THE NMFA, THE SENIORITY LISTS AT
         DOMICILES AND TERMINALS AFFECTED BY THIS CHANGE OF OPERATIONS
         SHALL BE GROUPED FOR DOVETAILING AS REFLECTED ON THE EXHIBITS
         CONTAINED IN THE PROPOSED CHANGE OF OPERATIONS, (AS CLARIFIED
         OR CORRECTED ON THE RECORD), AND AS PROVIDED IN ARTICLE 5,
         SECTION 2(C) OF THE NMFA.  DOVETAILING APPLIES TO ALL
         BARGAINING UNIT EMPLOYEES AFFECTED BY COMBINING OR ELIMINATI

EXHIBIT
2

DATE. 09/19/95          TITAN ELECTRONIC MAIL
TIME. 15.37 EST
TO.    LCL/TERM-ID 373
FROM.  LCL/TERM-ID TPI
FOR.   PRINCIPAL OFFICER            TPI1
PAGE   002      MSG NMBR 431

ABF AND CAROLINA FREIGHT CARRIERS/RED ARROW FACILITIES AND
INCLUDES ALL MAINTENANCE AND OFFICE EMPLOYEES. EVERY FACILITY
WHOSE WORK HAS BEEN MERGED WITH THE WORK OF ANOTHER FACILITY
MUST BE GROUPED WITH THAT FACILITY. THIS PARAGRAPH DOES NOT
APPLY TO LOCAL UNIONS 673, 705 AND 710 (DOCK AND OFFICE),
WHICH ARE NOT SIGNATORY TO THE NMFA.

B.  DOVETAILING SHALL BE ACTIVE TO ACTIVE, INACTIVE TO INACTIVE, BY
    CLASSIFICATION. THOSE EMPLOYEES WHO WERE ON LETTER OF LAYOFF
    (OR THE EQUIVALENT THEREOF UNDER THOSE SUPPLEMENTS WHERE
    LETTERS OF LAYOFF ARE NOT UTILIZED) ON AUGUST 11, 1995, SHALL
    BE CONSIDERED AS INACTIVE FOR THE PURPOSES OF THIS DECISION,
    EVEN IF THEY HAVE BEEN USED FOR TEMPORARY WORK OR RECALLED
    PRIOR TO THE EFFECTIVE DATE OF THE CHANGE OF OPERATIONS.
    EMPLOYEES LAID OFF AFTER AUGUST 11, 1995, BUT BEFORE THE
    EFFECTIVE DATE OF THE CHANGE OF OPERATIONS SHALL BE CONSIDERED
    TO BE ACTIVE AND SHALL RETAIN THEIR RESPECTIVE POSITIONS ON
    THE DOVETAILED ACTIVE LISTS. ANY EMPLOYEE ON LONG TERM
    DISABILITY SHALL BE CONSIDERED AS ACTIVE IF HIS SENIORITY
    DATE WOULD HAVE PUT HIM/HER ON THE ACTIVE LIST.

C.  A MASTER ACTIVE/LAID OFF POOL SHALL BE CREATED AND SHALL
    CONSIST OF THOSE OVER-THE-ROAD DRIVERS WHO WERE ACTIVE ON
    AUGUST 11, 1995, AT EITHER ABF, CAROLINA OR RED ARROW AND
    WHO WERE LAID OFF AS A DIRECT RESULT OF IMPLEMENTATION OF
    THIS CHANGE OF OPERATIONS.

    A MASTER INACTIVE/LAID OFF POOL SHALL BE CREATED AND SHALL
    CONSIST OF THOSE OVER-THE-ROAD DRIVERS WHO WERE IN LAYOFF
    STATUS ON AUGUST 11, 1995, AT EITHER ABF, CAROLINA OR RED
    ARROW, REGARDLESS OF WHY THEY WERE LAID OFF.

    AFTER IMPLEMENTATION, ANY ADDITIONAL JOB OPENINGS AT A ROAD
    DOMICILE WHERE EMPLOYEES IN EITHER POOL ARE ON LAYOFF SHALL
    BE OFFERED IN LINE OF SENIORITY TO SUCH EMPLOYEES FROM THAT
    DOMICILE, FIRST TO EMPLOYEES ON THE MASTER ACTIVE/LAID OFF
    POOL AND THEM TO EMPLOYEES ON THE MASTER INACTIVE/LAID OFF
    POOL.

    JOB OPENINGS AT ANY DOMICILE OTHER THAN WHERE EMPLOYEES ARE
    PRESENTLY LAID OFF SHALL BE OFFERED FIRST, DURING THE WINDOW
    PERIOD, IN LINE OF SENIORITY TO THOSE EMPLOYEES ON THE MASTER
    ACTIVE/LAID OFF POOL AND THEN, IF NOT FILLED, IN LINE OF
    SENIORITY TO THOSE EMPLOYEES ON THE MASTER INACTIVE/LAID OFF
    POOL.

    SUCCESSFUL BIDDERS SHALL RELINQUISH THEIR SENIORITY AT THEIR
    PRESENT ROAD DOMICILE UNDER THIS PROVISION AND SHALL BE
    DOVETAILED WITH THEIR CURRENT BIDDING SENIORITY DATE AT THE
    ROAD DOMICILE THEY BID. ALL OF THE POOL

TITAN ELECTRONIC MAIL

```
DATE. 09/19/95
TIME. 15.37 EST
TO.   LCL/TERM-ID 373
FROM. LCL/TERM-ID TPI              TPI1
FOR.  PRINCIPAL OFFICER
PAGE  003    MSG NMBR 431
```

SECTION 6 SHALL APPLY TO SUCH TRANSFER.

ANY EMPLOYEE IN EITHER POOL WHO REFUSES THE OFFER OF A WORK OPPORTUNITY UNDER THIS PROVISION SHALL NOT BE OFFERED A SECOND OPPORTUNITY TO TRANSFER BUT SHALL REMAIN ON THE LIST ONLY FOR RECALL TO HIS PRESENT ROAD DOMICILE.

2.    THE WINDOW PERIOD SHALL BE FOR ONE (1) YEAR.  THE COMMITTEE SHALL RETAIN JURISDICTION TO EXTEND THE WINDOW PERIOD IF CIRCUMSTANCES WARRANT.  AS STATED BY ABF ON THE RECORD, THE WINDOW PERIOD ALSO SHALL APPLY TO FULL LOCAL CARTAGE POSITIONS THAT BECOME AVAILABLE AT LOCATIONS WHERE INSUFFICIENT WORK FOR A FULL POSITION WAS ORIGINALLY TRANSFERRED AT THE TIME OF IMPLEMENTATION OF THIS DECISION.  ONLY LOCAL CARTAGE EMPLOYEES FROM THE LOCATION FROM WHICH THE WORK WAS ORIGINALLY TRANSFERRED SHALL BE ELIGIBLE TO FILL SUCH POSITIONS.  THE PROVISIONS OF ARTICLE 8, SECTION 6 SHALL APPLY.

3.    PENSION AND HEALTH & WELFARE CONTRIBUTIONS PAID ON BEHALF OF AN EMPLOYEE TRANSFERRING UNDER THIS DECISION SHALL BE PAID TO THE FUNDS TO WHICH THE CONTRIBUTIONS WERE MADE PRIOR TO THE EMPLOYEE'S CHANGE OF DOMICILE.

4.    ANY REBIDDING SHALL BE HANDLED BY THE LOCAL UNION AND ABF.

5.    SOUTHERN MODIFIED SENIORITY SHALL BE EXCERCISED UPON IMPLEMENTATION OF THE CHANGE OF OPERATIONS.

6.    AN EMPLOYEE REDOMICILING TO AN EASTERN REGION AREA DOMICILE POINT THAT MAINTAINS A SINGLE SENIORITY BOARD (I.E. COMBINATION ROAD AND LOCAL) SHALL REMAIN IN THAT JOB CLASSIFICATION WITH WHICH HE REDOMICILED FOR A PERIOD OF (1) ONE YEAR, UNLESS THE ANNUAL JOB BID AT THAT DOMICILE TAKES PLACE AT LEAST NINE (9) MONTHS AFTER REDOMICILE.

7.    THE FOLLOWING PROVISIONS WILL APPLY TO ANY EMPLOYEE LAID-OFF AS A RESULT OF THIS CHANGE OF OPERATIONS AND TO ANY OTHER EMPLOYEE CURRENTLY LAID-OFF, AND TO ANY EMPLOYEE LAID OFF AFTER THIS CHANGE OF OPERATIONS, FOR THE LIFE OF THE 1994-1998 NMFA:

      A.    ABF AGREES TO EXTEND THE PROVISIONS OF ARTICLE 5, SECTION 5 OF THE NMFA TO ANY BARGAINING UNIT EMPLOYEE.  ABF ALSO AGREES TO EXTEND THE RIGHT TO TRANSFER UNDER ARTICLE 5, SECTION 5 OF THE NMFA TO ANY ABF LOCATION IN THE CENTRAL, EASTERN AND SOUTHERN REGIONS, AS OPPOSED TO WITHIN THE REGIONAL AREA. TRANSFERS SHALL BE OFFERED ON THE BASIS OF BIDDING SENIORITY, BY CLASSIFICATION.  THE COMMITTEE APPROVES THESE EXTENSIONS OF THE PROVISIONS OF ARTICLE 5, SECTION 5, AND AGREES THAT SUCH EXTENSIONS ARE LIMITED SOLELY TO THIS CHANGE OF OPERATIONS AND HAVE NO PRECEDENTIAL EFFECT.

TITAN ELECTRONIC MAIL

DATE. 09/19/95
TIME. 15.37 EST
TO.   LCL/TERM-ID 373
FROM. LCL/TERM-ID TPI                 TPI1
FOR.  PRINCIPAL OFFICER
PAGE  004      MSG NMBR 431

B.  PENSION AND HEALTH & WELFARE CONTRIBUTIONS PAID ON BEHALF
    OF AN EMPLOYEE TRANSFERRING UNDER THIS PARAGRAPH SHALL BE
    PAID TO THE FUNDS TO WHICH THE CONTRIBUTIONS WERE MADE PRIOR
    TO THE EMPLOYEE'S CHANGE OF DOMICILE.

8.  QUALIFIED BIDDERS ON LONG TERM DISABILITY (LTD) AT THE TIME OF ANY
    BID SHALL BE ALLOWED TO BID.  IF SUCCESSFUL LTD BIDDERS ARE UNABLE
    TO CLAIM THEIR BID ON THE DATE OF IMPLEMENTATION, A HOLD-DOWN BID
    WILL BE ALLOWED.  THIS HOLD-DOWN BID WILL BE OFFERED TO THE
    REMAINING ACTIVE EMPLOYEES AT THE LTD'S CURRENT LOCATION AND
    CLASSIFICATION.  THE SUCCESSFUL HOLD-DOWN BIDDER SHALL BE
    DOVETAILED.  WHEN THE LTD RETURNS TO WORK AND CLAIMS HIS BID,
    THE "HOLD-DOWN" EMPLOYEE MAY EITHER REMAIN AT THE HOLD-DOWN
    LOCATION UNDER PROVISIONS OF ARTICLE 5, SECTION 5 WITH A BIDDING
    SENIORITY DATE CONSISTENT WITH THE DATE OF IMPLEMENTATION OF THIS
    CHANGE OF OPERATIONS OR RETURN TO HIS ORIGINAL LOCATION WITH HIS
    ORIGINAL BIDDING SENIORITY DATE.  THE "HOLD-DOWN" EMPLOYEE MAY
    NOT RETURN TO A LOCATION WHERE THE CLASSIFICATION FROM WHICH HE
    BID HAS BEEN ELIMINATED.

    ABF SHALL NOT BE RESPONSIBLE FOR THE MOVING EXPENSES OF THE
    EMPLOYEE FILLING THE HOLD-DOWN BID UNLESS AND UNTIL SUCH TIME
    AS IT IS DETERMINED THAT THE EMPLOYEE ON LTD WILL NEVER BE ABLE
    TO CLAIM HIS BID AND THE HOLD-DOWN BIDDER BECOMES A REGULAR
    PERMANENT EMPLOYEE AT THE HOLD-DOWN LOCATION.

9.  IN RESPONSE TO THE QUESTION RAISED BY LOCAL UNION 41 ON THE
    RECORD, THE COMMITTEE SPECIFICALLY FINDS THAT ARTICLE 43, SECTION
    OF THE CENTRAL STATES OVER-THE-ROAD AND LOCAL CARTAGE SUPPLEMENTS
    SHALL APPLY IN DETERMINING THE RECALL RIGHTS OF LAID-OFF EMPLOYEES.

10. INTERLINING SHALL BE HANDLED AS FOLLOWS:

    A.  WHERE BOTH ABF AND CAROLINA FREIGHT CARRIERS/RED ARROW ARE
        INTERLINING TO SERVICE AN AREA, ABF MAY CONTINUE TO INTERLINE.

    B.  WHERE ABF IS PRESENTLY SERVICING AN AREA WITH ITS OWN
        EMPLOYEES AND CAROLINA FREIGHT CARRIERS/RED ARROW ARE
        INTERLINING INTO THAT AREA, ABF SHALL CONTINUE TO SERVICE
        THE AREA WITH ITS OWN EMPLOYEES.

    C.  WHERE ABF IS PRESENTLY INTERLINING TO SERVICE AN AREA, AND
        CAROLINA FREIGHT CARRIERS/RED ARROW ARE SERVICING THAT AREA
        WITH THEIR OWN EMPLOYEES, ABF SHALL SERVICE THE AREA WITH
        ITS OWN EMPLOYEES.

    D.  ABF AND THE LOCAL UNIONS SHALL MEET TO RESOLVE ANY DISPUTES
        ABOUT WHETHER INTERLINING IS JUSTIFIED IN THE SITUATIONS
        OUTLINED ABOVE.  IF THE PARTIES FAIL TO RESOLVE THEIR
        DIFFERENCES, THE DISPUTE WILL BE RESOLVED THROUGH THE
        GRIEVANCE PROCEDURE.  UNTIL THERE IS A FINAL DISPOSITION OF

TITAN ELECTRONIC MAIL

DATE. 09/19/95
TIME. 15.37 EST
TO.   LCL/TERM-ID 373
FROM. LCL/TERM-ID TPI            TPI1
FOR.  PRINCIPAL OFFICER
PAGE  005     MSG NMBR 431

THE GRIEVANCE, INTERLINING SHALL CONTINUE IN SITUATIONS OUTLINED IN SUB-PARAGRAPH A, ABOVE, AND SHALL BE PROHIBITED IN SITUATIONS OUTLINED IN SUBPARAGRAPHS B AND C, ABOVE.

E.   WHERE ABF PROVIDED LOCAL CARTAGE SERVICE WITHIN A CITY WITH LOCAL CARTAGE/DRAYAGE SUBCONTRACTORS, AND CAROLINA FREIGHT CARRIERS/RED ARROW SERVICED THAT CITY WITH THEIR OWN EMPLOYEES, ABF SHALL SERVICE THE AREA SOLELY WITH ITS OWN EMPLOYEES, INCLUDING BUT NOT LIMITED TO THE AREA CURRENTLY SERVICED BY LOCAL UNION 707.

11.  THE COMMITTEE FINDS WITH REGARD TO THE CINCINNATI, FLORENCE, AND DAYTON TERMINALS, THE FOLLOWING SHALL APPLY:

THE CAROLINA, FLORENCE, AND CINCINNATI TERMINAL SENIORITY LISTS SHALL BE DOVETAILED IN ACCORDANCE WITH CURRENT BIDDING SENIORITY.

DURING THE WINDOW PERIOD, THE FIRST THIRTEEN (13) POSITIONS ADDED TO THE DAYTON SENIORITY LIST SHALL BE OFFERED IN LINE OF SENIORITY TO THE CINCINNATI TERMINAL SENIORITY LIST AND THE SUCCESSFUL BIDDERS SHALL BE DOVETAILED.

12.  THE COMMITTEE FINDS THAT THE ABF INTERMODAL DECISION IN CASE NO. MR-ICO-1-6/95 WAS BASED ON ABF'S PRESENT AND PROPOSED INTERMODAL OPERATIONS AT THE TIME OF THE INTERMODAL HEARING, WHICH OCCURRED BEFORE THE MERGER INVOLVED IN THIS CHANGE OF OPERATIONS.  THEREFORE, THE COMMITTEE REFERS TO THE NATIONAL INTERMODAL COMMITTEE THE QUESTION OF WHETHER THE CHANGE OF OPERATIONS APPROVED BY THE COMMITTEE IN THIS DECISION AFFECTS THE TERMS OF THE INTERMODAL DECISION IN CASE NO. MR-ICO-1-6/95, AND IF SO, WHAT MODIFICATIONS SHOULD BE MADE.

AS LONG AS ANY DISPLACED ROAD DRIVER IS ON INVOLUNTARY LAYOFF STATUS AT DALLAS, TX, THE RESTRICTIONS OF ARTICLE 29, SECTION 1 OF THE NMFA (CLEAN AND DIRTY RULE) SHALL REPLACE THE RAILING AUTHORITY OF ARTICLE 29, SECTION 3 OF THE NMFA.

THE PROVISIONS OF ARTICLE 29, SECTION 1 SHALL APPLY TO ABF'S NEW CHICAGO ROAD DOMICILE.

13.  THE COMMITTEE EXPRESSLY DISAPPROVES ABF'S PROPOSAL TO USE VENDORS TO PERFORM MAINTENANCE WORK WITH MAINTENANCE BARGAINING UNIT EMPLOYEES ON INVOLUNTARY LAYOFF STATUS.  THE APPLICABLE COLLECTIVE BARGAINING AGREEMENT OPERATIVE AT THE TIME OF THE CHANGE OF OPERATIONS SHALL CONTINUE IN EFFECT, INCLUDING THE CONTRACT'S SUBCONTRACTING PROVISIONS.

14.  ABF SHALL PROTECT THE CAROTRANS WORK OPPORTUNITY PRESENTLY PERFORMED BY CAROLINA AT JACKSONVILLE, MIAMI, AND HOUSTON WITH ABF BARGAINING UNIT EMPLOYEES.

15.  AS LONG AS ANY DISPLACED OVER-THE-ROAD DRIVER IS ON INVOLUNTARY

TITAN ELECTRONIC MAIL

DATE. 09/19/95
TIME. 15.37 EST
TO.   LCL/TERM-ID 373
FROM. LCL/TERM-ID TPI                 TPI1
FOR.  PRINCIPAL OFFICER
PAGE  006      MSG NMBR 431

LAYOFF STATUS AS A RESULT OF THIS CHANGE OF OPERATIONS, THE
COMPANY, ONLY TO THE EXTENT ALLOWED BY AN APPLICABLE SUPPLEMENTAL
AGREEMENT, MAY USE CITY DRIVERS TO RUN THE ROAD, BUT ONLY AT
ESTABLISHED ROAD DOMICILES.  THIS PRACTICE SHALL NOT VIOLATE THE
ESTABLISHED ORDER OF CALL AT THE APPLICABLE ROAD DOMICILE.

16.   EMPLOYEES WHO HAVE BEEN DISCHARGED, AND WHOSE DISCHARGE IS PENDING
      ADJUDICATION UNDER THE GRIEVANCE PROCEDURE, SHALL BE OFFERED
      THE OPPORTUNITY TO BID.

17.   UNION AND NON-UNION OFFICE EMPLOYEES SHALL BE DOVETAILED AS SET
      OUT IN PARAGRAPH 1 OF THIS DECISION.  THE UNION EMPLOYEES SHALL
      CONTINUE TO BE COVERED BY ALL PROVISIONS OF THEIR RESPECTIVE
      COLLECTIVE BARGAINING AGREEMENTS, INCLUDING BUT NOT LIMITED TO,
      WAGES AND BENEFITS.  IN ANY CASE WHERE A FUND WILL NOT ACCEPT
      CONTRIBUTIONS FROM ABF FOR UNION EMPLOYEES, THE COMMITTEE WILL
      DETERMINE THE STEPS NECESSARY TO ASSURE THAT ABF PROVIDES BENEFITS
      EQUIVALENT TO THOSE PROVIDED TO SUCH EMPLOYEES BEFORE TRANSFER.

18.   DOCK EMPLOYEES WHO ARE ADVERSELY AFFECTED BY THIS CHANGE OF
      OPERATIONS AND MUST BE CDL QUALIFIED IN ORDER TO TRANSFER AND
      ELECT TO BID, SHALL BE PROVIDED A 60-DAY PERIOD, COMMENCING
      SEPTEMBER 19, 1995, DURING WHICH PERIOD SUCH EMPLOYEES WILL
      EITHER BECOME CDL QUALIFIED OR FORFEIT ANY RIGHTS TO FILL THE BID
      UNDER THIS DECISION.  DURING THIS PERIOD, ABF IS INSTRUCTED TO
      PROVIDE ADEQUATE EQUIPMENT AND TRAINING PERSONNEL TO COMPLY WITH
      THIS PARAGRAPH.

19.   AS A RESULT OF LOCAL 25'S HAVING ATTAINED BARGAINING UNIT
      JURISDICTION AT THE BURLINGTON, MASSACHUSETTS FACILITY, WHICH
      RESULTS IN TWO FACILITIES BEING UNDER LOCAL UNION 25'S
      JURISDICTION, THE PROVISIONS OF ARTICLE 43, SECTION 1(A) OF THE
      CURRENT NEW ENGLAND SUPPLEMENTAL FREIGHT AGREEMENT SHALL APPLY.

20.   THE COMMITTEE DIRECTS ABF TO GIVE THE LOCAL UNIONS FULL DETAILS
      CONCERNING ANY 401(K) PLAN COVERING CAROLINA FREIGHT CARRIERS OR
      RED ARROW EMPLOYEES AND TO KEEP IN EFFECT ANY SUCH PLAN, UNTIL
      ABF ESTABLISHES AN EQUIVALENT PLAN.  THE COMMITTEE ALSO DIRECTS
      ABF TO PROVIDE THE LOCAL UNIONS FULL DETAILS REGARDING THE
      PRIOR PENSION PLAN FOR RED ARROW EMPLOYEES.

21.   THE REQUEST OF LOCAL UNION 200 TO ALLOW A MEMBER TO EXERCISE
      COMPANY SENIORITY IS DENIED.

22.   THE ISSUED RAISED BY LOCAL UNION 61 REGARDING THE APPLICABLE
      PEDDLE RADIUS FOR CITY DRIVERS (50 OR 75 MILES) IS REFERRED TO
      THE PARTIES FOR RESOLUTION.  ANY DIFFERENCES WILL BE RESOLVED
      THROUGH THE GRIEVANCE PROCEDURE.

23.   ABF'S REQUEST FOR A TRIAL PERIOD TO DETERMINE FREIGHT FLOW FOR
      BIDDING PURPOSES IS REFERRED BACK TO THE LOCAL UNIONS AND ABF

TITAN ELECTRONIC MAIL

DATE. 09/19/95
TIME. 15.37 EST
TO.    LCL/TERM-ID 373
FROM. LCL/TERM-ID TPI          TPI1
FOR.   PRINCIPAL OFFICER
PAGE   007    MSG NMBR 431

FOR RESOLUTION, WITH BIDS TO BE POSTED WITHIN 60 DAYS OF
IMPLEMENTATION, OR SOONER WHEREVER POSSIBLE.

24.    THE COMMITTEE FINDS THAT THERE ARE NO CIRCUMSTANCES THAT WOULD
       ALLOW ANY EMPLOYEE WHO HAD RELOCATED UNDER A PREVIOUS CHANGE OF
       OPERATIONS DECISION OR UNDER THE PROVISIONS OF ARTICLE 5,
       SECTION 5 OF THE NMFA TO RETREAT TO THE EMPLOYEE'S FORMER
       TERMINAL/DOMICILE.   ACCORDINGLY, THE REQUESTS BY THE VARIOUS
       LOCAL UNIONS TO ALLOW EMPLOYEES TO RETREAT ARE SPECIFICALLY
       DENIED.

25.    THIS CHANGE OF OPERATIONS MAY BE IMPLEMENTED NO SOONER THAN
       SEPTEMBER 25, 1995.

26.    THIS MULTI-REGION CHANGE OF OPERATIONS COMMITTEE SHALL RETAIN
       JURISDICTION ON ALL ISSUES THAT MAY ARISE UNDER THIS DECISION
       DURING THE TERM OF THE CONTRACT.   ALL GRIEVANCES SHALL BE FILED
       WITH THE APPROPRIATE REGIONAL JOINT AREA COMMITTEE, TO BE HEARD
       BY THE MULTI-REGION CHANGE OF OPERATIONS COMMITTEE.

PLEASE SEND ACKNOWLEDGMENT OF THIS MESSAGE BY TITAN (TITAN TERMINAL
ADDRESS:  IUFD) OR FACSIMILE (TEL. 202/624-8722).

FRATERNALLY,

DENNIS C. SKELTON, DIRECTOR
NATIONAL FREIGHT DIVISION
CC: - RON CAREY, CHAIRMAN, TNFINC
    - CHUCK PISCITELLO, ASSISTANT DIRECTOR, NATIONAL FREIGHT DIVISION
    - FRANK BUSALACCHI, ACTING REGIONAL FREIGHT COORDINATOR
      CENTRAL REGION OF TEAMSTERS, C/O TEAMSTERS LOCAL UNION NO. 200
    - DANIEL W. SCHMIDT, REPRESENTATIVE, EASTERN REGION OF TEAMSTERS
    - FRANK HOPKINS, REGIONAL FREIGHT DIVISION COORDINATOR,
      SOUTHERN REGION OF TEAMSTERS, C/O ANNIE HOPKINS, SECRETARY, LOCAL
      UNION NO. 519
    - JIM ROBERTS, REGIONAL FREIGHT DIVISION COORDINATOR
      WESTERN REGION OF TEAMSTERS
    - BOB KNOX, THE GENERAL PRESIDENT'S PERSONAL REPRESENTATIVE
      CENTRAL REGION OF TEAMSTERS
    - JAMES A. MCCALL, IBT LEGAL DEPT.
    - RICK BANK, SPECIAL COUNSEL TO THE GENERAL PRESIDENT

OMAS VINSON
ICE PRESIDENT

N°REW C. REILEY
RECORDING SECRETARY

ELVIN HARRIS
TRUSTEE

ERRY L. KING
TRUSTEE

EANETTE WATERS
TRUSTEE

**Local Union No. 776**

AFFILIATED WITH THE

International Brotherhood of Teamsters
2552 JEFFERSON STREET
HARRISBURG, PA 17110-2505

THOMAS B. GRIFFITH
PRESIDENT AND BUSINESS AGENT

DALE H. CRUM
SECRETARY TREASURER AND BUSINESS AGENT

BUSINESS AGENTS

JOHN L. FOGLE
CARLOS N. RAMOS, II
CHARLES SHUGHART
GEORGE F. SMART, SR.
RUSSELL A. STEPP
DANIEL A. VIRTUE

October 12, 1995

Dear Carolina Employee:

This letter is important. Please take the time to read it.

Surely you're aware that ABF and Carolina Freight recently merged their operations. Because of that merger, a change of operations was held on September 14/15, 1995.

As a result of the decision from the change of operations committee, the Carolina employees who are laid off at Carlisle, Pa will have certain rights to future work opportunities with ABF. Article 5, Section 5 of the NMFA addresses those rights. Those work opportunities will be offered to laid off Carolina employees in seniority order. However, it is necessary that you notify ABF in writing of your desire to be offered available work.

Enclosed is a form letter and an envelope. If you desire to be offered available work, you must complete the letter and mail it to ABF **as soon as possible.** If you desire, you may also draft your own letter instead of using the form letter. It is your choice to send the letter via regular mail or certified mail. In either case, I suggest that you keep a copy of the letter as your file copy.

You should mail the letter to ABF today. On October 16, 1995, the Company will begin compiling the list of employees who desire available work.

If you have any questions, please feel welcome to contact us.

Sincerely,

Charles Shughart
Business Agent

EXHIBIT
3

## Article 5, Section 4

### Posting Seniority List

(d) The Employer shall give the Local Union a seniority list at least every six (6) months. The Employer shall also post a seniority list at least once every six (6) months and shall maintain a current seniority roster at the terminal. Protest of any employee's seniority date or position on such list must be made in writing to the Employer within thirty (30) days after such seniority date or position first appears, and if no protests are timely made, the dates and positions posted shall be deemed correct. Any such protest which is timely made may be submitted to the grievance procedure.

## Section 5. Work Opportunity

Over-the-road employees, who are on letter of layoff, shall be given an opportunity to transfer to permanent over-the-road employment (prior to the employment of new hires) occurring at other over-the-road domiciles of the Employer located within the Regional area provided they notify the Employer in writing of their interest in a transfer opportunity. The offer of transfer will be made in the order of continuous over-the-road seniority of the laid-off drivers domiciled within the Regional area. The Employer shall be required to make additional offers of transfer to an employee who has previously rejected a transfer opportunity provided the employee again notifies the Employer in writing of his/her continued interest in additional transfer opportunities. However, the Employer will only be required to make one transfer offer in any six (6) calendar month period. Any employee accepting such offer shall be paid at the employee's applicable rate of pay and shall be placed at the bottom of the seniority board for bidding and layoff purposes, but shall retain company seniority for fringe benefits only. A transferring employee shall pay his/her own moving expenses and shall, upon reporting to such new domicile, be deemed to have relinquished his/her right to return with seniority to the domicile from which he/she transferred. The provisions of this Section shall not supersede an established order of call/hiring in the Supplemental Agreement.

EXHIBIT
4

able to that individual steward so designated by the Local Union. In the absence of such designation by the Local Union, the Employer will recognize the protection against layoff to the most senior employee by classification (not shift), designated a steward by the Local Union.

When an employee has not been offered work opportunity for a period of three (3) consecutive weeks he/she shall be considered as laid off.

When laid off employees are used three (3) days per week for four (4) consecutive weeks, the senior laid off employee shall be recalled.

In the event of recall, the employees shall be given notice of recall by telegram, registered or certified mail, sent to the address last given the Employer by the employee. Within three (3) calendar days after tender of delivery of the Employer's notice, the employee must notify the Employer by telephone, telegram, registered letter, certified mail, of his/her intent to return to work and must actually report to work within seven (7) calendar days. In the event an employee is unable to report within the seven (7) calendar days, but notified the Company of his/her intent to return to work and gives them a reasonable time that he/she will report, said employees will not lose their seniority status. In the event the employee fails to comply with the above provisions, he/she shall be considered as a voluntary quit.

## Section 5.

The Local Union Representative and the Employer shall mutually agree, in writing, on circumstances under which persons who leave the classification of work covered by this Agreement, but remain in the employ of the Employer in some other capacity, may retain seniority rights upon their return to their original unit. In the absence of such written agreement, such employee shall lose all seniority rights upon leaving.

## ARTICLE 43 - GRIEVANCE PROCEDURE

NOTE: The Local Union may waive the Joint Local City Grievance Committee, as hereafter described, for the life of this Agreement by

submitting written request to the Secretary of the Joint Area Grievance Committee. Local Unions who waive the Joint Local City Grievance procedure may have cases of continuing liability submitted to the Secretary for scheduling between regular meetings of the Joint Area Grievance Committee. The panel for the special hearings will consist of three (3) representatives for the Employer and/or Employer Association, where applicable and three (3) representatives for the Local Unions.

## Section 1. - Joint Local City Grievance Committee

(a) For the purpose of settling grievances and disputes which may arise under this Agreement between the parties hereto, each Local Union shall establish a Grievance Committee, consisting of two (2) persons; and the Employer and/or Employer Association, where applicable, operating within the jurisdiction of each Local Union, shall also establish a Grievance Committee consisting of two (2) persons. The Grievance Committees of the Union and of the Employer and/or Employer Association, where applicable shall be constituted as the Joint Local City Grievance Committee and shall conduct their meetings within the framework of the "Rules of Procedure" as adopted by the Joint Area Grievance Committee. If the Joint Local City Grievance Committee demonstrates an inability to act within the framework of the Joint Area Grievance Committee "Rules of Procedure", such Joint Local Committee shall be subject to specific rules of procedure as adopted by the Joint Area Grievance Committee. The expenses incurred by the Joint Local City Grievance Committee shall be borne equally by the Union and Employer and/or Employer Association, where applicable.

(b) It is agreed that in the handling of grievances before a Joint Local City Grievance Committee, the parties to the grievances in issue, including the employee filing the grievance, another employee of the same Employer or a representative of the Employer, are prohibited from serving as Committee members.

(c) Employees initiating grievances shall set forth their claim, in writing, to the Employer with a duplicate copy to the steward and/or the Union Representative within seven (7) calendar days after he/she returns to his/her home terminal or seven (7) calendar days from the occurrence of the matter. In the event the employee fails to comply with these provisions of paragraph (c) the grievance shall

EXHIBIT
5

be considered untimely, thereby waiving his/her rights under the provisions of Article 43. The Union shall, in it's sole discretion and judgment, determine whether grievances initiated by employees have sufficient merit to justify their submission through the grievance procedure established herein. The Union Representative or steward shall first endeavor to settle the matter by direct negotiations with the Employer, failure to resolve the matter, the grievance shall be submitted to the Joint Local City Grievance Committee within thirty (30) days of the date of the grievance.

In the event more than one employee initiates a grievance, all employees shall be named in the grievance. In cases of monetary claims, each named employee shall set forth his/her specific claim in the grievance.

(d) The Union may initiate grievances by setting forth its claim in writing, signed by a Union representative and filing the same with the Employer within ten (10) calendar days from the date of the occurrence of the matter. In the event the Union fails to comply with these provisions of paragraph (d) the grievance shall be considered untimely, thereby waiving their rights under the provisions of Article 43. The Union shall have the right to file and obtain adjustment of a grievance, notwithstanding the fact that it was or could have been the subject of an employee's grievance which was not filed by an employee.

(e) The Employer may initiate grievances by setting forth his/her claim, in writing, signed by an authorized representative and filing the same with the Union within ten (10) calendar days from the date of the occurrence of the matter. In the event the Employer fails to comply with those provisions of paragraph (e) the grievance shall be considered untimely, thereby waiving their rights under the provisions of Article 43. The rights and privileges of the Employer under this paragraph shall be the same as the rights and privileges of the Union under paragraph (d) hereof.

(f) The parties shall attempt to meet and settle a grievance within a period of seven (7) days from the date of filing of the grievance. Should the parties to any grievance be unable to settle, resolve or adjust the matter within the period prescribed above, or any extended period, which shall have been agreed upon between the Union and the Employer, then either the Union or the Employer shall have

the right to submit the grievance to the Joint Local City Grievance Committee.

A Joint Local City Grievance Committee shall have the jurisdiction of all grievances referred to it, except as set forth in paragraph (g) hereof. The majority decision of the Committee shall be final and binding on all parties, with no further appeal.

(g) The Joint Local City Grievance Committees shall not have jurisdiction over or authority to decide any grievance which,

(i) involves a discharge, the uniform construction, application, operation or interpretation of this Agreement,

(ii) pertains to a matter, the decision as to which would involve more than one Local Union, a party to this Agreement.

(iii) involves claims for delinquent contributions to Health and Welfare Funds (Article 49) and/or Pension Fund (Article 50). Such claims shall be heard and resolved as provided in Section 5.

Grievances which are within the scope of (i), (ii) or (iii) above shall be referred to and decided by the Joint Area Grievance Committee. A decision and an award by a Joint Local City Grievance Committee which is within the scope of (i), (ii) or (iii) above shall be null and void.

The Joint Area Grievance Committee shall hear and decide a grievance when any party hereto contends:

1. the Joint Local City Grievance Committee has no jurisdiction or authority to hear and decide a matter because it is within the scope of (i), (ii) or (iii) above;

2. a decision and an award of a Joint Local City Grievance Committee is null and void because the issue decided is within the scope of (i), (ii) and (iii) above.

(h) When a majority of a Joint Local City Grievance Committee fails to reach a decision or agree upon a settlement the matter shall be submitted to the Secretary of the Joint Area Grievance Committee.

## Section 2. - Joint Area Grievance Committee

(a) The Joint Area Grievance Committee shall be composed of the

ABF
EMPLOYER BRIEF

EASTERN REGION JOINT AREA COMMITTEE
CASE R-38-99
LOCAL 776 VS ABF (STANLEY NYE et al)
ABF CASE NO. 042-030-AP-99

## POINT OF ORDER

The Union is claiming a violation of Article 5, Section 5, of the NMFA. Specifically that the grievants seniority date of February 27, 1999, is incorrect.

The grievant requested transfer opportunity under Article 5, Section 5 on February 22, 1999. He was offered and accepted transfer on February 22, 1999. He reported and worked his first day on February 27, 1999. The grievance was given to the Company on March 9, 1999.

The Central Pennsylvania Over-the-Road and Local Cartage Supplemental Agreement, Article 43, Section 1 (c) reads in part " EMPLOYEES INITIATING GRIEVANCES SHALL SET FORTH THEIR CLAIM, IN WRITING, TO THE EMPLOYER WITH A DUPLICATE COPY TO THE STEWARD AND/OR UNION REPRESENTATIVE WITHIN SEVEN (7) CALENDAR DAYS AFTER HE/SHE RETURNS TO HIS/HER HOME TERMINAL OR SEVEN (7) CALENDAR DAYS FROM THE OCCURRENCE OF THE MATTER."

We respectfully submit this grievance is untimely and improper before the Committee.

*# 89012*

*PILOT FOR    89098, 90680, 85260, 89096, 57610, 89076*
*89837*

EXHIBIT
6

TEAMSTERS LOCAL 776

Case No. R-38-99

-vs-

Grv. No. 89012
Stan Nye

ABF FREIGHT SYSTEMS

Pilot case for grievance nos. 85060, 89096,
57610, 89076, 90680, 89098 and 89837

On the Point of Order

Exhibit 1 is Article 5, Section 4,d posting seniority list, that I will go over with
the Panel.

> The Employer shall give the Local Union a seniority list at
> least every six (6) months.  The Employer shall also post
> a seniority list at least once every six (6) months and shall
> maintain a current seniority roster at the terminal.  **Protest
> of any employee's seniority date or position on such list
> must be made in writing to the Employer within thirty
> (30) days after such seniority date or position first
> appears, and if no protests are timely made, the dates
> and positions posted shall be deemed correct.**  Any such
> protest which is timely made may be submitted to the
> grievance procedure.  (Emphasis added)

Therefore, based on the facts presented, the Union respectfully requests that the
Company's Point of Order be denied.

Respectfully submitted,

Daniel A. Virtue
Business Agent

EXHIBIT
7

TEAMSTERS LOCAL 776         Case No. R-39-99

    -vs-                  Grv. No. 89002
                          Norman Runk

ABF FREIGHT SYSTEMS

Pilot case for 90651,90657,90652,85053, 89077, 89095, 89093, 88917,89009,89835

## On the Point of Order

Exhibit 1 is Article 5, Section 4,d posting seniority list that I will go over with the Panel.

> The Employer shall give the Local Union a seniority list at least every six (6) months. The Employer shall also post a seniority list at least once every six (6) months and shall maintain a current seniority roster at the terminal. **Protest of any employee's seniority date or position on such list must be made in writing to the Employer within thirty (30) days after such seniority date or position first appears, and if no protests are timely made, the dates and positions posted shall be deemed correct.** Any such protest which is timely made may be submitted to the grievance procedure. (Emphasis added)

Therefore, based on the facts presented, the Union respectfully requests that the Company's Point of Order be denied.

Respectfully submitted,

Daniel A. Virtue
Business Agent

α 776

# Eastern Region Joint Area Committee

Established in accordance with the terms and conditions of the National Master Freight Agreement and the ___C PA___ Supplemental Agreement, entered into by and between the Local Union and carriers engaged in City Pickup and Delivery and/or Over-the-Road Freight Operations.

Docket No. ___R-38-99___

**IN THE MATTER OF THE DISPUTE BETWEEN**

Teamsters Local(s) No. ___776___

___Harrisburg, PA___
City                               State

and

___ABF Freight System, Inc.___
Name of Employer

RECEIVED
MAY 1 0

Submission

1

We, the undersigned, parties to the National Master Freight Agreement and the ___C PA___ Supplemental Agreement, hereby agree to submit the dispute to arbitration under the Rules of Procedure prescribed by the Eastern Region Joint Area Committee, by virtue of its authority, as set forth in Article __43__ and ___ of the ___C PA___ Supplemental Agreement, the following:

On behalf of Stan Nye (Pilot #89012), Union alleges violation of Article 5, Section 5, timeliness issue.

The undersigned further agree that a majority decision of the Eastern Region Joint Area Committee in the above dispute will be final, conclusive and binding with no appeal and, further, that neither party will attempt through any overt acts, to void the decision rendered.

The undersigned also agree that failure to comply with the decision of a majority of the Committee within ten (10) days of the date of the decision will result in the loss of all contract rights, privileges and benefits due them under Article __43__ of the ___C PA___ Supplemental Agreement.

Date ___April 27, 1999___

Employer ___ABF Freight System, Inc.___          Local Union(s) ___776___
           ___Steven J. Frolas___                                ___Daniel A. Virtue___

Signed by ___Dir., Ind. Rels.___                 Signed by ___Bus. Agent___

Title _____                            Title _____

## DECISION

The Panel, in executive session, motion made, seconded and carried that since the grievants knew their seniority positions on the day they reported, the Company's point of order is upheld.  Cost to Union.

___R. L. Schaeffer___                            ___Nicholas Picarello___
Employer Co-Secretary                            Union Co-Secretary
___April 27, 1999___                             ___April 27, 1999___
(Date)                                           (Date)

EXHIBIT
8

AUG. -05' 02(MON) 09:04    AN, LEWIS 14    TEL:1406    P. 002

# Eastern Region Joint Area Committee

*Established in accordance with the terms and conditions of the National Master Freight Agreement and the ____ C PA ____ Supplemental Agreement, entered into by and between the Local Union and carriers engaged in City Pickup and Delivery and/or Over-the-Road Freight Operations.*

Docket No. __R-39-99__

ABF# 042-031-AP-99

IN THE MATTER OF THE DISPUTE BETWEEN

Teamsters Local(s) No. __776__

__Harrisburg, PA__
City                    State

and

__ABF Freight System, Inc.__
Name of Employer

Submission

We, the undersigned, parties to the National Master Freight Agreement and the _____ C PA _____ Supplemental Agreement, hereby agree to submit the dispute to arbitration under the Rules of Procedure prescribed by the Eastern Region Joint Area Committee, by virtue of its authority, as set forth in Article __43__ and __ of the __C PA__ Supplemental Agreement, the following:

On behalf of Norman Runk (Pilot #89002), Union alleges violation of Article 5, timeliness issue.

The undersigned further agree that a majority decision of the Eastern Region Joint Area Committee in the above dispute will be final, conclusive and binding with no appeal and, further, that neither party will attempt through any overt acts, to void the decision rendered.

The undersigned also agree that failure to comply with the decision of a majority of the Committee within ten (10) days of the date of the decision will result in the loss of all contract rights, privileges and benefits due them under Article __43__ of the __C PA__ Supplemental Agreement.

Date __April 27, 1999__

Employer __ABF Freight System, Inc.__

Signed by __Steven J. Froias__

Title __Dir., Ind. Rels.__

Local Union(s) __776__

Signed by __Daniel A. Virtue__

Title __Bus. Agent__

## DECISION

The Panel, in executive session, motion made, seconded and carried that since the grievants knew their seniority positions on the day they reported, the Company's point of order is upheld. Cost to Union.

__R. L. Schaeffer__
Employer Co-Secretary

__April 27, 1999__
(Date)

__Nicholas Picarello__
Union Co-Secretary

__April 27, 1999__

ABF 003158

FAX  501-7⬤ 6317

To ABF
Connie Vaughan

From
Jeffrey D. Albright
5220 Woodlawn Dr
Harrisburg Pa 17109

Please add my name for Recall
under Article 5 Section 5.
Former employe of Carolina Freight at
Carlisle Pa

Home Phone (717) 652-3212
Cell Phone (717) 576-0355

Thank you
Jeffro D Albright

EXHIBIT
9

**SENDER:**
• Complete items 1 and/or 2 for additional services.
• Complete items 3, and 4a & b.
• Print your name and address on the reverse of this form so that we can return this card to you.
• Attach this form to the front of the mailpiece, or on the back if space does not permit.
• Write ''Return Receipt Requested'' on the mailpiece below the article number.
• The Return Receipt will show to whom the article was delivered and the date delivered.

**Is your RETURN ADDRESS completed on the reverse side?**

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Mr. Pete Allbright
5266 Williams Dr.
Harrisburg, PA 17109

4a. Article Number

0433 236 207

4b. Service Type
☐ Registered        ☐ Insured
☐ Certified         ☐ COD
☐ Express Mail      ☐ Return Receipt for Merchandise

7. Date of Delivery

12-12-8?

5. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1991        ☆U.S. GPO: 1993—352-714        **DOMESTIC RETURN RECEIPT**

Thank you for using Return Receipt Service.



ABF FREIGHT SYSTEM, INC.
P. O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

December 9, 1998


Certified Mail No. P 433 236 207
Return Receipt Requested


Mr. Jeffrey Albright
5226 Woodlawn Drive
Harrisburg, PA 17109

Dear Mr. Albright:

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on December 7, 1998, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, Pennsylvania; Carlisle, Pennsylvania; or Winston-Salem, North Carolina. This letter is to confirm that you elected to accept the job offer at Carlisle, PA. Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,


Gordon Ringberg, Director
Industrial Relations

cc:  John Dale, Vice President - Transportation/Industrial Relations
     Gary Drake, Manager Linehaul Operations - Carlisle, PA
     Teamsters Local Union No. 776
     Teamsters Local Union No. 557

| | | | | |
|---|---|---|---|---|
| 283. REHM, RALPH | 11/12/94 0824 | |
| 284. VALLIE, MARK | 11/12/94 09 | |
| 285. MAGARO, DAVID | 11/18/94 | |
| 286. GOOLOVE, DORMAN J. | 11/27/94 | |
| 287. FROMBAUGH, RONALD A. | 11/12/98 | 02/27/72 |
| 288. DIETZ, GARY | 11/20/98 1902 | 08/25/75 |
| 289. TROLLINGER, LARRY | 11/20/98 2003 | 07/28/83 |
| 290. FRITZ, MICHAEL | 11/21/98 | 05/22/84 |
| 291. WELKER, LAURENCE D. | 11/27/98 1158 | 09/20/73 |
| 292. SNYDER, RAY | 11/27/98 2009 | 09/04/85 |
| 293. RAMIREZ, VINCENT | 11/27/98 2100 | 05/24/86 |
| 294. MURPHY, CARL | 11/30/98 | 04/20/83 |
| 295. BORIGNOLI, KEITH | 12/05/98 | 04/03/78 |
| 296. KERSTETTER, DOUGLAS | 12/06/98 | 10/30/81 |
| 297. RUNK, NORMAN | 12/11/98 | 04/24/84 |
| 298. MINICH, WALTER | 12/13/98 | 07/07/75 |
| 299. ALBRIGHT, JEFFREY | 12/14/98 | 04/09/88 |
| 300. BOIRE, NORMAN T. | 01/08/99 | 08/26/85 |
| 301. LANDIS, ALLEN W. | 01/15/99 | 11/02/75 |
| 302. ALBRIGHT, CHARLES L. | 02/10/99 0025 | 05/18/84 |
| 303. NGVINS, RAYMOND | 02/10/99 0101 | 11/02/87 |
| 304. MCGUIRE, LOWELL C. | 02/11/99 2012 | 02/12/84 |
| 305. ERDMAN, WILLIAM H. | 02/11/99 2130 | 04/09/90 |
| 306. NYE, STANLEY L. | 02/27/99 | 10/30/83 |
| 307. HARTZ, RANDALL | 04/27/99 2001 | 03/04/83 |
| 308. WILES, ROGER | 04/27/99 2006 | |
| 309. BIXLER, DONALD | 04/27/99 2009 | |
| 310. FRAZER, PHILLIP | 04/27/99 2014 | |
| 311. MANGUS, RONALD | 04/27/99 2018 | |
| 312. BOSLEY, JOHN | 04/27/99 2023 | |
| 313. RUTTER, JAMES | 06/22/99 2215 | |
| 314. ALBERTSON, DAVID | 06/22/99 2304 | |
| 315. JACKSON, DAVID S. | 06/23/99 0001 | |
| 316. SMITH, FLOYD C. | 06/23/99 0004 | |
| 317. SHOUP, CARL J. | 06/23/99 0118 | |
| 318. GRUBBS, GEORGE D. | 06/23/99 0136 | |
| 319. MYERS, THOMAS B. | 06/23/99 0137 | |
| 320. IRVIN, TERRY A. | 07/29/99 0001 | |
| 321. HOOVER, RAYMOND S. | 07/29/99 1903 | |
| 322. CONRAD, RONALD D. | 07/29/99 1905 | |
| 323. REINOEHL, RUSSELL | 08/05/99 | 11/16/87 |
| 324. DOWNS, JAMES | 08/06/99 2301 | |
| 325. MCGINNIS, STEPHEN | 08/06/99 2314 | |
| 326. ROBINSON, DENNIS | 08/06/99 2315 | |
| 327. LEWIS, THURMAN | 08/06/99 2316 | |
| 328. NOEL, WILLIAM | 08/10/99 | |
| 329. SNYDER, IRVIN M. | 08/18/99 1701 | |
| 330. WELLER, LEO W. | 08/18/99 2156 | |
| 331. ZUFALL, CHARLES | 08/18/99 2159 | |
| 332. GROVE, DUANE E. | 08/25/99 | |
| 333. MCKEEVER, KEITH | 08/31/99 | |
| 334. EBUR, DOUGLAS | 09/08/99 | |
| 335. BEAVER, TERRY | 09/26/99 | |
| 336. KISSINGER, GARY | 09/29/99 0300 | 08/09/87 |
| 337. VRABEL, RICHARD | 09/29/99 1000 | |
| 338. MIESS, TIMOTHY | 10/07/99 | |
| 339. REICHERT JR, ROBERT | 10/27/99 | |
| 340. MALLETTE, ROBERT P. | 11/16/99 | |
| 341. WITMER, BENJAMIN W. | 11/17/99 | |
| 342. ROBISON, CHARLES D. | 12/15/99 | |
| 343. SHULTZ, LARRY | 12/29/99 | |
| 344. LAUDENSLAGER, DALLIS | 01/14/00 0315 | |
| 345. NOTBOHM, MARK | 01/14/00 0411 | |
| 346. TRUTNE, MICHAEL | 02/09/00 | |

RALPH. A. HARRIS         07-DEC.98        09-SEP 84

EXHIBIT 10

# NMFA GRIEVANCE — Teamsters Local 776

94553

Name _Jeffrey D Albright_    Home Phone _652-3212_ Date of Hire _10 14 98 ABF_

_4 9 88 CFCC_

Address _522 C Woodlawn Dr_    City _Hbg_    State _A_    Zip _17109_

Employer _ABF_

Employer's Address _ABF   Carlisle  Pa   Term_

Road ☑    Dock ☐    Jockey ☐    City ☐    Iron and Steel ☐    Mechanic-Office ☐    Miscellaneous ☑

**IMPORTANT:** It is the responsibility of the member filing this grievance to issue the proper copies to all parties in a timely manner, as per your contract.    Date: _____

NATURE OF GRIEVANCE: _Improper seniroty Number_
_Orginal hire Date 4 9 88 with CFCC ~~Refore~~ Recall start with ABF_
_10 14 98_
_my fellow CFCC Employes have their seniroty acording to CFCC Hire_
_I don't_
_ABF recatly gave me my 10 year service pin as though I work hear_
_all along and Has given other CFCC Employes pins as though we worked_
_For ABF all along_
_Their was no proper recall,_

STEWARD'S COMMENTS: _____

**In accordance with the Grievant's Bill of Rights, I am requesting, in writing, copies of all disciplinary letters, photos and any other documentation pertaining to this grievance.**

_H D albt_                          _(signature)_
Signature of Member Filing Grievance                Shop Steward

☐ **YOU must check this box if you want to attend the grievance hearings. If you request to be in attendance, YOU WILL NOT be paid for this time.**

ACTION TAKEN BY BUSINESS AGENT _____

_____

_____

_____

Date: _____    _____
                          Signature of Business Agent

1—WHITE—UNION COPY
2—PINK—EMPLOYER
3—BLUE—EMPLOYEE REPORTING GRIEVANCE
4—YELLOW—STEWARD

**INSTRUCTIONS ON BACK OF YELLOW SHEET**

EXHIBIT
11

501-785-6317

I Norman F Boire Request
recall under Art 5 Sec 5 of
the NHPA

Norman F Boire
710 Charles Rd
Daupain, Pa 17018
717-921 8505

EXHIBIT
12



ABF FREIGHT SYSTEM, INC.
P.O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

December 9, 1998

Certified Mail No. P 433 236 211
Return Receipt Requested

Mr. Norman Boire
710 Charles Road
Dauphin, PA 17018

Dear Mr. Boire:

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on December 9, 1998, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, Pennsylvania; Carlisle, Pennsylvania; or Winston-Salem, North Carolina. This letter is to confirm that you elected to accept the job offer at Carlisle, PA. Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,

Gordon Ringberg, Director
Industrial Relations

cc: John Dale, Vice President - Transportation/Industrial Relations
    Gary Drake, Manager Linehaul Operations - Carlisle, PA
    Teamsters Local Union No. 776

| Is your __RETURN ADDRESS__ completed on the reverse side? | |
|---|---|

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Mr. Norman Boya
710 Chambers Road
Dauphin, PA 17018

| 4a. Article Number | 4b. Service Type |
|---|---|
| P133 236 211 | ☐ Registered ☐ Insured |
| | ☒ Certified ☐ COD |
| | ☐ Express Mail ☒ Return Receipt for Merchandise |
| 7. Date of Delivery | |
| 12-12-99 A.M. | |

5. Signature (Addressee)
GAIL M. Boyer

6. Signature (Agent)
Gail M. Boyer

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1991    ☆U.S. GPO: 1993—352-714    **DOMESTIC RETURN RECEIPT**

Thank you for using Return Receipt Service.

# NMFA GRIEVANCE — Teamsters Local 776          90651

Name *Norman T. Boire*                Home Phone *717-901-8505*  Date of Hire *1-8-99*

Address *710 Charles Rd*              City *Dauphin*         State *PA*  Zip *17018*

Employer *ABF Freight*

Employer's Address *New Kingston, PA*

Road ■   Dock ☐   Jockey ☐   City ☐   Iron and Steel ☐      Mechanic-Office ☐      Miscellaneous ☐

**IMPORTANT:** It is the responsibility of the member filing this grievance to    Date: *11 Mar 99*          5 06
issue the proper copies to all parties in a timely manner, as per your contract.
                                                                                   6 05

NATURE OF GRIEVANCE: *Reference Seniority Roster dated 2-17-99 —*
*(Posted Mar 9th 99)   Article 5, Section 2 & Section 4 —*
*Posting Seniority List*

*I request that my terminal seniority of 1-8-99*
*be amended to 25 Aug 85 under the provision of*
*Article 5, Section 2 of the NMFA.*

STEWARD'S COMMENTS: _____

**In accordance with the Grievant's Bill of Rights, I am requesting, in writing, copies of all disciplinary letters, photos and any other documentation pertaining to this grievance.**

*Norman T. Boire*                          *Robt T. Jadrnak*
Signature of Member Filing Grievance                Shop Steward

■  **YOU must check this box if you want to attend the grievance hearings. If you request to be in attendance, YOU WILL NOT be paid for this time.**

ACTION TAKEN BY BUSINESS AGENT _____

_____

_____

Date: _____
                                                          Signature of Business Agent

1—WHITE—UNION COPY
2—PINK—EMPLOYER
3—BLUE—EMPLOYEE REPORTING GRIEVANCE
4—YELLOW—STEWARD

**INSTRUCTIONS ON BACK OF YELLOW SHEET**

EXHIBIT
13

TO:          ABF, Fort Smith, Arkansas
ATTENTION:  Connie Smith
SUBJECT:    Gary Marlyn Dietz, Article 5.5 list

DATE:      November 14, 1998
FAX NO:    501-785-6317

Dear Connie:

Pursuant to our telephone conversation on Friday 13, 1998, please be advised that I am requesting work opportunities under Article 5.5 of the NMFA. I was a former Carolina driver, and was laid off from the Kutztown, PA terminal at the time of the ABF buy-out.

Please notify me of any work opportunities at the Carlisle, PA terminal at your earliest convenience at the following address and telephone numbers.

Gary Marlyn Dietz
RD#2 Box 297
Landisburg, PA 17040

(717) 789-3386

If no answer, call (717) 691-5539 and leave a message.

Thank you.

Sincerely,

Gary Marlyn Dietz

EXHIBIT
14



FREIGHT
O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

November 19, 1998

Certified Mail No. P 433 236 885
Return Receipt Requested

Mr. Gary M. Dietz
RD #2, Box 297
Landisburg, PA  17040

Dear Mr. Dietz:

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on November 16, 1998, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, Pennsylvania or Carlisle, Pennsylvania.  This letter is to confirm that you elected to accept the job offer at Carlisle, PA.  Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,

Gordon Ringberg, Director
Industrial Relations

cc:  John Dale, Vice President - Transportation/Industrial Relations
     Gary Drake, Line Driver Supervisor - Carlisle, PA
     Teamsters Local Union No. 773



**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

Is your RETURN ADDRESS completed on the reverse side?

3. Article Addressed to:

Kathy Dietz
RD #9, Box 6017
Chambersburg, PA 17040

4a. Article Number
P433236585

4b. Service Type
☐ Registered     ☐ Insured
☒ Certified      ☐ COD
☐ Express Mail   ☒ Return Receipt for Merchandise

7. Date of Delivery
11-25-98

5. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

PS Form 3811, December 1991     ☆U.S.GPO: 1993—352-714     DOMESTIC RETURN RECEIPT

Thank you for using Return Receipt Service.

# NMFA GRIEVANCE — Teamsters Local 776    89076

Name _GARY M DIETZ_    Home Phone _____    Date of Hire _11-20-98_

Address _Box 297 RD #2_    City _LANDISBURG_    State _PA_    Zip _17040_

Employer _ABF_

Employer's Address _CARLISLE PA_

Road ☒    Dock ☐    Jockey ☐    City ☐    Iron and Steel ☐    Mechanic-Office ☐    Miscellaneous ☐

**IMPORTANT:** It is the responsibility of the member filing this grievance to issue the proper copies to all parties in a timely manner, as per your contract.    Date: _12/23/98_

2 36 PM

NATURE OF GRIEVANCE: _I WAS EMPLOYED BY CAROLINA FREIGHT IN ALLENTOWN, (KUTZTOWN) PA, UNTIL THE CAROLINA-ABF MERGER, I WAS PUT INTO A MULTIPLE LAY OFF POOL FOR 5 YEARS. THE COMPANY (ABF) ABUSED THE MULTIPLE POOL & RESTRICTED MY SENIORTY_

_I AM FILING FOR MY PROPER SENIORITY POSITION & ALL MONETARY CLAIMS DUE ME_

STEWARD'S COMMENTS: _____

**In accordance with the Grievant's Bill of Rights, I am requesting, in writing, copies of all disciplinary letters, photos and any other documentation pertaining to this grievance.**

_Gary M Dietz_
Signature of Member Filing Grievance    Shop Steward

☒    **YOU must check this box if you want to attend the grievance hearings. If you request to be in attendance, YOU WILL NOT be paid for this time.**

ACTION TAKEN BY BUSINESS AGENT _____

_____

_____

Date: _____
Signature of Business Agent

1—WHITE—UNION COPY
2—PINK—EMPLOYER
3—BLUE—EMPLOYEE REPORTING GRIEVANCE
4—YELLOW—STEWARD

**INSTRUCTIONS ON BACK OF YELLOW SHEET**

EXHIBIT
15

12/15/98        ***** ATTN: MS.CONNIE VAUGN *****

ABF FREIGHT CORP.    FAX#:(501)-785-6317/PH#:(501)-785-8704

ATTN: MS.CONNIE VAUGN

FROM: MR.WILLIAM H.ERDMAN
SSN : 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

SUBJECT: CONSIDERATION FOR EMPLOYMENT AT ABF UNDER
         ARTICAL 5,SECTION 5 OF NMFA

DEAR CONNIE: I WILLIAM H.ERDMAN AN EX-CAROLINA ROAD DRIVER
LAYED-OFF FROM CARLISLE,PA TERMINAL AM REQUESTING THAT I BE
CONSIDERED FOR RE-HIRE UNDER NMFA ARTICAL 5,SECTION 5 OF SAID
CONTRACT.,I AM NOT PRESENTLY EMPLOYED BY A CARRIER UNDER NMFA,
BELOW IS CONTACT NUMBERS AND ADDRESSES BY WHICH YOU CAN CONTACT
ME.

                    THANK YOU                    12-15-98
                    WILLIAM H.ERDMAN

WILLIAM H.ERDMAN
690 MILLER ROAD
YORK HAVEN,PA. 17370

PHONE#: (717)-938-8560   HOME
        (570)-339-1600   BUS.

EXHIBIT
16



**ABF FREIGHT SYSTEM, INC.**
P. O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

February 8, 1999

Certified Mail No. P 433 236 899
Return Receipt Requested

Mr. William Erdman
690 Miller Road
York Haven, PA 17370

Dear Mr. Erdman:

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on February 1, 1999, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, PA; Carlisle, PA; or Winston-Salem, NC. This letter is to confirm that you elected to accept the job offer at Carlisle, PA. Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,

Gordon Ringberg, Director
Industrial Relations

cc: John Dale, Vice President - Transportation/Industrial Relations
    Gary Drake, Carlisle Linehaul
    Teamsters Local Union No. 776

**ABF**

ABF FREIGHT SYSTEM, INC.
P. O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

February 8, 1999

Certified Mail No. P 433 236 899
Return Receipt Requested

Mr. William Erdman
690 Miller Road
York Haven, PA 17370

Dear Mr. Erdman:

In accordance with Article 5, Section 5
on February 1, 1999, you were contac
to permanent employment in your clas
Winston-Salem, NC. This letter is to c
offer at Carlisle, PA. Please contact th
determine your reporting date if you ha

Very truly yours,

Gordon Ringberg, Director
Industrial Relations

cc: John Dale, Vice President - Trans
    Gary Drake, Carlisle Linehaul
    Teamsters Local Union No. 776

ABF FREIGHT SYSTEM, INC.
P.O. Box 10048
Fort Smith, AR 72917-0048

**ABF**

# NMFA GRIEVANCE — Teamsters Local 776

7

90652

Name _William H. Erdman_    Home Phone _717-938-8560_ Date of Hire _04/04/99_

Address _690 Miller Road_    City _York Haven_    State _PA_    Zip _17370_

Employer _ABF Freight System, Inc. Fort Smith, Ark._

Employer's Address _Carlisle, PA. (042)_

Road ☒    Dock ☐    Jockey ☐    City ☐    Iron and Steel ☐    Mechanic-Office ☐    Miscellaneous ☐

**IMPORTANT:** It is the responsibility of the member filing this grievance to issue the proper copies to all parties in a timely manner, as per your contract.

Date: _March 11, 1999_

12 11

NATURE OF GRIEVANCE: _I William H. Erdman A layed off Carolina Freight Carriers Road driver at the Carlisle, Pa. Facility, now employed by ABF Freight Systems at Carlisle, Pa. Am filing for my Terminal Seniority and all back pay and back benifits due me since the Carolina Freight Carriers and ABF Freight System merger, of 1995._

STEWARD'S COMMENTS: _____

**In accordance with the Grievant's Bill of Rights, I am requesting, in writing, copies of all disciplinary letters, photos and any other documentation pertaining to this grievance.**

_W.H.H._ _3-11-99_
Signature of Member Filing Grievance

Shop Steward

12 31

☒ **YOU must check this box if you want to attend the grievance hearings. If you request to be in attendance, YOU WILL NOT be paid for this time.**

ACTION TAKEN BY BUSINESS AGENT _____

Date: _____    Signature of Business Agent

1—WHITE—UNION COPY
2—PINK—EMPLOYER
3—BLUE—EMPLOYEE REPORTING GRIEVANCE
4—YELLOW—STEWARD

EXHIBIT
17

**INSTRUCTIONS ON BACK OF YELLOW SHEET**

Michael W. Fritz
99 Buckthorn Drive
Carlisle, PA  17013
(717) 245-2721

RECEIVED

November 4, 1998

NOV 04 1998

ABF IND. REL. DEPT

Attention:  Connie Vaughn

To whom it may concern:

As per your request, I, Michael W. Fritz, am requesting to be put on your road
driver work list under Article 5, Section 5.  I am currently on lay off status from
Carolina Freight in Carlisle, PA.

Sincerely,

*Michael W Fritz*

Michael W. Fritz

P.S. If you cannot reach me, you may contact my wife, Karen, at (717) 240-6855
(work) or (717) 245-2721 (home)

EXHIBIT
18



ABF FREIGHT SYSTEM, INC.
P. O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

November 19, 1998

Certified Mail No. P 433 236 881
Return Receipt Requested

Mr. Michael Fritz
99 Buckthorn Drive
Carlisle, PA 17013

Dear Mr. Fritz:

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on November 13, 1998, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, Pennsylvania or Carlisle, Pennsylvania. This letter is to confirm that you elected to accept the job offer at Carlisle, PA. Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,


Gordon Ringberg, Director
Industrial Relations

cc: John Dale, Vice President - Transportation/Industrial Relations
    Gary Drake, Line Driver Supervisor - Carlisle, PA
    Teamsters Local Union No. 776



Is your <u>RETURN ADDRESS</u> completed on the reverse side?

**SENDER:**
• Complete items 1 and/or 2 for additional services.
• Complete items 3, and 4a & b.
• Print your name and address on the reverse of this form so that we can return this card to you.
• Attach this form to the front of the mailpiece, or on the back if space does not permit.
• Write "Return Receipt Requested" on the mailpiece below the article number.
• The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Michael Smith
49 Buckthorn Drive
Carlisle, PA 17013

4a. Article Number

P 213 753 26 881

4b. Service Type
☐ Registered        ☐ Insured
☒ Certified         ☐ COD
☐ Express Mail      ☒ Return Receipt for
                      Merchandise

7. Date of Delivery

11-23-98

5. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form **3811**, December 1991    ☆U.S. GPO: 1993—352-714    **DOMESTIC RETURN**

Thank you for using Return Receipt Service.

# NMFA GRIEVANCE — Teamsters Local 776

89093

Name _MICHAEL W FRITZ_ Home Phone _245-2771_ Date of Hire _5/84_

Address _99 BUCKTHORN DRIVE_ City _CARLISLE_ State _PA_ Zip _17013_

Employer _ABF_

Employer's Address _CARLISLE, PA_

Road: X   Dock ☐   Jockey ☐   City ☐   Iron and Steel ☐   Mechanic-Office ☐   Miscellaneous ☐

**IMPORTANT:** It is the responsibility of the member filing this grievance to issue the proper copies to all parties in a timely manner, as per your contract.

Date: _____

NATURE OF GRIEVANCE: _I AM A ROAD DRIVER FOR ABF. I WAS EMPLOYED AT CFCC. ON 5/95 WAS LAYED OFF AT CARLISLE, PA TERMINAL. DIDNT RE DOMICILE. I SHOULD HAVE FULL ____ TERMINAL SENIORITY NOT BE PLACED AT BOTTOM OF EXTRA BOARD. I ALSO SHOULD BE GIVEN ALL MONEY OWED SINCE I HAVE BEEN REINSTATED AT ABF (DOVE TAILED INTO MY SENIORITY SLOT)_

STEWARD'S COMMENTS: _____

**In accordance with the Grievant's Bill of Rights, I am requesting, in writing, copies of all disciplinary letters, photos and any other documentation pertaining to this grievance.**

_Michael W Fritz_
Signature of Member Filing Grievance

_____
Shop Steward

X **YOU must check this box if you want to attend the grievance hearings. If you request to be in attendance, YOU WILL NOT be paid for this time.**

ACTION TAKEN BY BUSINESS AGENT _____

Date: _____

_____
Signature of Business Agent

1—WHITE—UNION COPY
2—PINK—EMPLOYER
3—BLUE—EMPLOYEE REPORTING GRIEVANCE
4—YELLOW—STEWARD

EXHIBIT
19

**INSTRUCTIONS ON BACK OF YELLOW SHEET**

A. Ronald Frombaugh
255 Mt. Rock Road
Newville, Pa. 17241
Phone Number. (717) 776-7593

Connie Vaughn
Industrial Relations
Fort Smith, Ark.

RECEIVED

NOV 03 1998

ABF IND. REL. DEPT.

ATTN: Connie Vaughn:

I. A. Ronald Frombaugh, a former employee of Carolina Freight Carriers. (Road Driver) It is my desire to work for A. B. F. at the Carlisle, Pa. facility as described in the N.M.F.A., Section V Article V.

Respectfully submitted

A. Ronald Frombaugh

EXHIBIT
20



ABF FREIGHT SYSTEM, INC.
P. O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

November 19, 1998

Certified Mail No. P 433 236 883
Return Receipt Requested

Mr. A. Ronald Frombaugh
255 Mt. Rock Road
Newville, PA 17241

Dear Mr. Frombaugh:

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on November 4, 1998, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, Pennsylvania or Carlisle, Pennsylvania.  This letter is to confirm that you elected to accept the job offer at Carlisle, PA.  Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,

Gordon Ringberg, Director
Industrial Relations

cc:  John Dale, Vice President - Transportation/Industrial Relations
      Gary Drake, Line Driver Supervisor - Carlisle, PA
      Teamsters Local Union No. 776

Is your **RETURN ADDRESS** completed on the reverse side?

**SENDER:**
• Complete items 1 and/or 2 for additional services.
• Complete items 3, and 4a & b.
• Print your name and address on the reverse of this form so that we can return this card to you.
• Attach this form to the front of the mailpiece, or on the back if space does not permit.
• Write "Return Receipt Requested" on the mailpiece below the article number.
• The Return Receipt will show to whom the article was delivered and the date delivered.

3. Article Addressed to:

Ronald Brombaugh
255 Mt. Rock Road
Newville, PA 17241

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

4a. Article Number
P4332326883

4b. Service Type
☐ Registered          ☐ Insured
☐ Certified           ☐ COD
☐ Express Mail        ☒ Return Receipt for Merchandise

7. Date of Delivery
11-23-98

5. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1991          ☆U.S. GPO: 1993—352-714          **DOMESTIC RETURN RECEIPT**

Thank you for using Return Receipt Service.



Ralph A. Harris
185 Bridge Road
Millesburg, PA 17061
717-642-4401
Place me on the list
Thank you

Gatman wood
Conestoga 9/9/95

ABF IND IREL DEL
VOY 2161

EXHIBIT
21



ABF FREIGHT SYSTEM, INC.
P. O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

November 24, 1998

Certified Mail No. P 433 236 197
Return Receipt Requested

Mr. Ralph Harris
185 Bridge Road
Millersburg, PA 17061

Dear Mr. Harris:

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on November 23, 1998, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, Pennsylvania; Carlisle, Pennsylvania; or Winston-Salem, North Carolina. This letter is to confirm that you elected to accept the job offer at Carlisle, PA. Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,

Gordon Ringberg, Director
Industrial Relations

cc:  John Dale, Vice President - Transportation/Industrial Relations
     Gary Drake, Line Driver Supervisor - Carlisle, PA
     Teamsters Local Union No. 776
     Teamsters Local Union No. 557

Is your RETURN ADDRESS completed on the reverse side?

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

3. Article Addressed to:

Mr. Ralph Hanns
1885 Ridge Road
Millersburg, PA 17061

4a. Article Number

UA133210 CA

4b. Service Type
- ☐ Registered
- ☒ Certified
- ☐ Express Mail
- ☐ Insured
- ☐ COD
- ☐ Return Receipt for Merchandise

7. Date of Delivery

5. Signature (Addressee)
Ralph A. Harris

6. Signature (Agent)
Ralph A. Harris

8. Addressee's Address (Only if requested and fee is paid)

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

PS Form 3811, December 1991    ☆U.S. GPO: 1993-352-714    **DOMESTIC RETURN RECEIPT**

Thank you for using Return Receipt Service.

# NMFA GRIEVANCE — Teamsters Local 776          89835

Name **Ralph A Harris**    Home Phone **717-692-4401**  Date of Hire **9-9-84**

Address **185 Bridge Road**    City **Millersburg**    State **PA**   Zip **17061**

Employer **ABF**

Employer's Address **Carlisle PA**

Road ☑    Dock ☐    Jockey ☐    City ☐    Iron and Steel ☐    Mechanic-Office ☐    Miscellaneous ☐

**IMPORTANT:** It is the responsibility of the member filing this grievance to issue the proper copies to all parties in a timely manner, as per your contract.

Date: **DEC 21 1998**

**NATURE OF GRIEVANCE:** I Ralph A Harris was a road driver for CFCC in Carlisle PA. I did not redomicile to other terminal. I am reinstated at ABF Carlisle PA. I want my terminal seniority and all money owed.

**STEWARD'S COMMENTS:** _____

In accordance with the Grievant's Bill of Rights, I am requesting, in writing, copies of all disciplinary letters, photos and any other documentation pertaining to this grievance.

**Ralph G. Harris**
_____
Signature of Member Filing Grievance          Shop Steward

☐  **YOU must check this box if you want to attend the grievance hearings. If you request to be in attendance, YOU WILL NOT be paid for this time.**

**ACTION TAKEN BY BUSINESS AGENT** _____

Date: _____          _____
                                    Signature of Business Agent

1—WHITE—UNION COPY
2—PINK—EMPLOYER
3—BLUE—EMPLOYEE REPORTING GRIEVANCE
4—YELLOW—STEWARD

**INSTRUCTIONS ON BACK OF YELLOW SHEET**

EXHIBIT
22

A.B.F. TRUCKING
FORT SMITH, AK.
FAX: 501-785-6317


ATT: CONNIE

I AM LAYED OFF FROM
BALTIMORE, MD. PLEASE
PUT ME BACK ON THE
CALL BACK BORD, UNDER
ARTICAL 5 - SECTION 5
FOR CARLISLE, PA. ONLEY
                    PLEASE.

                 SINCERLY
                 ALLEN W LANDIS

SS# 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
ALLEN W. LANDIS
506 CRISWELL DR.
BOILING SPRINGS, PA. 17007
717-258-3886

EXHIBIT
23



**ABF FREIGHT SYSTEM, INC.**
P. O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

December 9, 1998

Certified Mail No. P 433 236 205
Return Receipt Requested

Mr. Allen Landis
506 Criswell Drive
Boiling Springs, PA 17007

Dear Mr. Landis:

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on December 3, 1998, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, Pennsylvania; Carlisle, Pennsylvania; or Winston-Salem, North Carolina. This letter is to confirm that you elected to accept the job offer at Carlisle, PA. Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,

Gordon Ringberg, Director
Industrial Relations

cc: John Dale, Vice President - Transportation/Industrial Relations
    Gary Drake, Manager Linehaul Operations - Carlisle, PA
    Teamsters Local Union No. 776
    Teamsters Local Union No. 557

Is your **RETURN ADDRESS** completed on the reverse side?

**SENDER:**
• Complete items 1 and/or 2 for additional services.
• Complete items 3, and 4a & b.
• Print your name and address on the reverse of this form so that we can return this card to you.
• Attach this form to the front of the mailpiece, or on the back if space does not permit.
• Write "Return Receipt Requested" on the mailpiece below the article number.
• The Return Receipt will show to whom the article was delivered and the date delivered.

3. Article Addressed to:

Mr. Allen Findue.
506 Oraswell Drive
Boiling Spring, PA
17007

4a. Article Number

P433236205

4b. Service Type
☐ Registered        ☐ Insured
☒ Certified          ☐ COD
☐ Express Mail      ☒ Return Receipt for Merchandise

7. Date of Delivery
12-12-?8

I also wish to receive the following services (for an extra fee):

1.  ☐ Addressee's Address

2.  ☐ Restricted Delivery

Consult postmaster for fee.

5. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form **3811**, December 1991    ☆U.S. GPO: 1993—352-714    DOMESTIC RETU

Thank you for using Return Receipt Service.

# NMFA GRIEVANCE — Teamsters Local 776    85060

Name ALLEN W LANDIS    Home Phone 258-3886 Date of Hire 11-3-75

Address 506 CRISWELL DR.    City BOILING SPRINGS State PA. Zip 17007

Employer ABF FREIGHT

Employer's Address CARLISLE, PA.

Road ☒    Dock ☐    Jockey ☐    City ☐    Iron and Steel ☐    Mechanic-Office ☐    Miscellaneous ☐

**IMPORTANT:** It is the responsibility of the member filing this grievance to issue the proper copies to all parties in a timely manner, as per your contract.

Date: _____ 19 04

1 32

NATURE OF GRIEVANCE: I WAS LAYED OFF AT BALTIMORE, MD. BY ABF. DUE TO THE CAROLINA — ABF MERGER. NOW I AM BACK TO WORK FOR ABF AT CARLISLE, PA.. I WAS GIVEN ALL MY COMPANTY SENIORITY, BUT NOT MY TERMINAL SENIORITY. I WANT ALL MY SENIOR

STEWARD'S COMMENTS: _____

In accordance with the Grievant's Bill of Rights, I am requesting, in writing, copies of all disciplinary letters, photos and any other documentation pertaining to this grievance.

_Allen W Landis_
Signature of Member Filing Grievance            Shop Steward

☒ **YOU must check this box if you want to attend the grievance hearings. If you request to be in attendance, YOU WILL NOT be paid for this time.**

ACTION TAKEN BY BUSINESS AGENT _____

Date: _____            _____
                                    Signature of Business Agent

1—WHITE—UNION COPY
2—PINK—EMPLOYER
3—BLUE—EMPLOYEE REPORTING GRIEVANCE
4—YELLOW—STEWARD

EXHIBIT
24

RECEIVED

JAN 08 1999

ABF IND. REL. DEP

January 4, 1999

ABF
P. O. Box 10048
Fort Smith, AK  72917-0048

Attention:  Connie Vaughn

Dear Ms. Vaughn:

   I am a former employee of Carolina Freight and would like to be considered for rehire
under the 5 & 5 rule as a road driver at the Carlisle, PA terminal.

Sincerely,

Lowell C. McGuire

Lowell C. McGuire
13 Dicken Drive
Marysville, PA  17053
(717) 957-3653

EXHIBIT
25



ABF FREIGHT SYSTEM, INC.
P O Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

February 8, 1999

Certified Mail No. P 433 236 897
Return Receipt Requested

Mr. Lowell McGuire
13 Dicken Drive
Marysville, PA 17053

Dear Mr. McGuire

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on February 2, 1999, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, PA; Carlisle, PA; or Winston-Salem, NC.  This letter is to confirm that you elected to accept the job offer at Carlisle, PA.  Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,

Gordon Ringberg, Director
Industrial Relations

cc: John Dale, Vice President - Transportation/Industrial Relations
    Gary Drake, Carlisle Linehaul
    Teamsters Local Union No. 776

Is your <u>RETURN ADDRESS</u> completed on the reverse side?

**SENDER:**
• Complete items 1 and/or 2 for additional services.
• Complete items 3, and 4a & b.
• Print your name and address on the reverse of this form so that we can return this card to you.
• Attach this form to the front of the mailpiece, or on the back if space does not permit.
• Write "Return Receipt Requested" on the mailpiece below the article number.
• The Return Receipt will show to whom the article was delivered and the date delivered.

3. Article Addressed to:

Mr. Powell McGuire
13 Breyden Blue
Montgilleo PA 17053

4a. Article Number

P 433 236 0971

4b. Service Type
☐ Registered       ☐ Insured
☒ Certified        ☐ COD
☐ Express Mail     ☒ Return Receipt for
                      Merchandise

7. Date of Delivery

2/6/95

5. Signature (Addressee)

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

PS Form 3811, December 1991          *U.S. GPO: 1993—352-714          DOMESTIC RETURN RECEIPT

Thank you for using Return Receipt Service.

# NMFA GRIEVANCE — Teamsters Local 776        90657

Name _Lowell C McGuire_ ___ Home Phone (_717_) _957-3653_ Date of Hire _Feb-11-99_

Address _13 Dicken Dr_ ___ City _Marysville_ ___ State _PA_ Zip _17053_

Employer _ABF_

Employer's Address _Carlisle, Pennsylvania_

Road ☒    Dock ☐    Jockey ☐    City ☐    Iron and Steel ☐    Mechanic-Office ☐    Miscellaneous ☐

**IMPORTANT:** It is the responsibility of the member filing this grievance to issue the proper copies to all parties in a timely manner, as per your contract.

Date: ___ 13  14

20  06

**NATURE OF GRIEVANCE:** _I was on The Lay Off list, For Terminal_
_Closing in Carlisle, Pennsylvania_

_On February 11, 1999 I was Called back to_
_Work And Not put in my proper Seniority Slot on The_
_board._
_I request That I be dove Tailed Into my_
_Correct Spot, And be paid All money due me._

**STEWARD'S COMMENTS:** _____

**In accordance with the Grievant's Bill of Rights, I am requesting, in writing, copies of all disciplinary letters, photos and any other documentation pertaining to this grievance.**

_Lowell C McGuire_
Signature of Member Filing Grievance ___ Shop Steward

☐ **YOU must check this box if you want to attend the grievance hearings. If you request to be in attendance, YOU WILL NOT be paid for this time.**

**ACTION TAKEN BY BUSINESS AGENT** _____

Date: _____ ___ Signature of Business Agent

1—WHITE—UNION COPY
2—PINK—EMPLOYER
3—BLUE—EMPLOYEE REPORTING GRIEVANCE
4—YELLOW—STEWARD

**INSTRUCTIONS ON BACK OF YELLOW SHEET**

EXHIBIT
26

NOVEMBER 30, 1998

ABF
ATTN: CONNIE VAUGH
FAX # (501) 785-6317


I WALTER MINNICH AM REQUESTING TO BE PUT BACK ON THE LIST OF

ARTICLE 5, SECTION 5.


WALTER MINNICH
23 BISGAH STATE ROAD
P.O. BOX 303
SHERMANSDALE, PA 17090
(717) 582-4080

EXHIBIT
27



**ABF FREIGHT SYSTEM, INC.**
P. O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

December 9, 1998

Certified Mail No. P 433 236 206
Return Receipt Requested

Mr. Walter Minnich
P. O. Box 303
Shermansdale, PA 17090

Dear Mr. Minnich:

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on December 3, 1998, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, Pennsylvania; Carlisle, Pennsylvania; or Winston-Salem, North Carolina. This letter is to confirm that you elected to accept the job offer at Carlisle, PA. Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,

Gordon Ringberg, Director
Industrial Relations

cc: John Dale, Vice President - Transportation/Industrial Relations
    Gary Drake, Manager Linehaul Operations - Carlisle, PA
    Teamsters Local Union No. 776
    Teamsters Local Union No. 557

Is your <u>RETURN ADDRESS</u> completed on the reverse side?

**SENDER:**
• Complete items 1 and/or 2 for additional services.
• Complete items 3, and 4a & b.
• Print your name and address on the reverse of this form so that we can return this card to you.
• Attach this form to the front of the mailpiece, or on the back if space does not permit.
• Write "Return Receipt Requested" on the mailpiece below the article number.
• The Return Receipt will show to whom the article was delivered and the date delivered.

3. Article Addressed to:

Mr. Walter Munich
P.O. Box 303
Shermansdale, PA 17090

5. Signature (Addressee)
_Paul Munich_

6. Signature (Agent)
_Paul Munich_

PS Form 3811, December 1991    ☆U.S. GPO: 1993—352-714    **DOMESTIC RETUR**

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

4a. Article Number
PL33 236 206

4b. Service Type
☐ Registered          ☐ Insured
☒ Certified            ☐ COD
☐ Express Mail   ☒ Return Receipt for
                              Merchandise

7. Date of Delivery
6-12-98

8. Addressee's Address (Only if requested and fee is paid)

Thank you for using Return Receipt Service.

# NMFA GRIEVANCE — Teamsters Local 776

89098

Name  WALTER R MINICH        Home Phone 717-582-4060  Date of Hire 7/7/75

Address 23 Pregant St Rd P.O. Box 303    City SHERMANS DALE  State PA    Zip 17080

Employer  ABF

Employer's Address  CARLISLE, PA

Road ☑   Dock ☐   Jockey ☐   City ☐   Iron and Steel ☐   Mechanic-Office ☐   Miscellaneous ☐

**IMPORTANT:** It is the responsibility of the member filing this grievance to issue the proper copies to all parties in a timely manner, as per your contract.

Date:_____

7 46 ?

**NATURE OF GRIEVANCE:** I WALTER R. MINICH AM FILING THIS GRIEVANCE TO HAVE MY COMPANY SENIORITY REINSTATED AT THE TERMINAL LEVEL AND ANY MONETARY CLAIMS THAT MAY BE DUE TO ME   I WAS LAYED OFF IN SEPTEMBER 1995 WHEN THE MERGER BETWEEN CAROLINA FREIGHT AND ABF WAS IMPLEMENTED. DURING THIS TIME TILL I WAS REINSTATED FROM LAYOFF I WAS NEVER OFFERED ANY TYPE EMPLOYMENT IN THE ABF SYSTEM   I WAS PLACED IN A COMPANY POOL AND NOW THAT I AM BACK TO WORK I HAVE NO TERMINAL SENIORITY, I FEEL MY RIGHTS FOR TERMINAL SENIORITY HAVE BEEN DISCRIMINATED AGAINST

**STEWARD'S COMMENTS:** _____

10 08

In accordance with the Grievant's Bill of Rights, I am requesting, in writing, copies of all disciplinary letters, photos and any other documentation pertaining to this grievance.

_____       _____
Signature of Member Filing Grievance        Shop Steward

☐   **YOU must check this box if you want to attend the grievance hearings. If you request to be in attendance, YOU WILL NOT be paid for this time.**

**ACTION TAKEN BY BUSINESS AGENT** _____
_____
_____
_____

Date: _____       _____
Signature of Business Agent

1—WHITE—UNION COPY
2—PINK—EMPLOYER
3—BLUE—EMPLOYEE REPORTING GRIEVANCE
4—YELLOW—STEWARD

EXHIBIT
28

**INSTRUCTIONS ON BACK OF YELLOW SHEET**

Raymond C. Nevins                    January 10,1999
94 Study Road
Littlestown, PA    17340
(717) 359-8143

Industrial Relations

To Whom It May Concern;
    I would like my name to placed on the Article 5
Section 5 LIST for Carlisle, PA.

                         Sincerely,

                         Raymond C. Nevins

EXHIBIT
29



**ABF FREIGHT SYSTEM, INC.**
P. O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

February 8, 1999

Certified Mail No. P 433 236 901
Return Receipt Requested

Mr. Raymond C. Nevins
94 Study Road
Liftlestown, PA 17340

Dear Mr. Nevins:

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on February 1, 1999, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, PA; Carlisle, PA; or Winston-Salem, NC. This letter is to confirm that you elected to accept the job offer at Carlisle, PA. Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,

Gordon Ringberg, Director
Industrial Relations

cc: John Dale, Vice President - Transportation/Industrial Relations
    Gary Drake, Carlisle Linehaul
    Teamsters Local Union No. 776
    Teamsters Local Union No. 557

Is your **RETURN ADDRESS** completed on the reverse side?

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

3. Article Addressed to:

Mr. Raymond Nearing
914 Studio Road
Rutterstown, PA 17316

5. Signature (Addressee)

6. Signature (Agent)
   Annie E Newin

PS Form **3811**, December 1991      ☆U.S. GPO: 1993—352-714

| 4a. Article Number |
|---|
| P 433 936 901 |

4b. Service Type
- ☐ Registered
- ☒ Certified
- ☐ Express Mail

- ☐ Insured
- ☐ COD
- ☒ Return Receipt for Merchandise

7. Date of Delivery
   8-19-99

8. Addressee's Address (Only if requested and fee is paid)

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

**DOMESTIC RETURN RECEIPT**

Thank you for using Return Receipt Service.

# NMFA GRIEVANCE — Teamsters Local 776    90680

Name _Raymond c Nevins_    Home Phone _359 8143_    Date of Hire _Nov 2, 87_

Address _94 Study Rd._    City _Littlestown_    State _Pa_    Zip _17340_

Employer _A. B. F._

Employer's Address _Carlisle Pa_

Road ☒    Dock ☐    Jockey ☐    City ☐    Iron and Steel ☐    Mechanic-Office ☐    Miscellaneous ☐

**IMPORTANT:** It is the responsibility of the member filing this grievance to issue the proper copies to all parties in a timely manner, as per your contract.

Date: _March 27 - 99_

18 04

**NATURE OF GRIEVANCE:** _I was Laid off Do to the Mceger Between Carolina Frt. & ABF_
_Now I am back working for ABF in Carlisle Pa. I would like full seniorty and back monies and Benefits Do to Me._

14 14

**STEWARD'S COMMENTS:** _____

**In accordance with the Grievant's Bill of Rights, I am requesting, in writing, copies of all disciplinary letters, photos and any other documentation pertaining to this grievance.**

_Raymond c Nevins_
Signature of Member Filing Grievance                Shop Steward

☑ **YOU must check this box if you want to attend the grievance hearings. If you request to be in attendance, YOU WILL NOT be paid for this time.**

**ACTION TAKEN BY BUSINESS AGENT** _____

Date: _____
Signature of Business Agent

1—WHITE—UNION COPY
2—PINK—EMPLOYER
3—BLUE—EMPLOYEE REPORTING GRIEVANCE
4—YELLOW—STEWARD

**INSTRUCTIONS ON BACK OF YELLOW SHEET**

EXHIBIT
30

February 22, 1999

Connie Vaghn
Box 10048
Forth Smith, Arkansas 72917
Fax: 501-785-6317


Stanley L. Nye
740 Torway Road
Gardners, PA 17324
SSN# 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
Telephone: (717) 486-0223


*RE: Road Driver, laid off from ABF, request for consideration of the Right to Transfer to any ABF.*


Pursuant to the provisions of the Decisions in Case Number MR-CO-38-9/95, I, Stanley L. Nye, road driver, laid off from Arkansas Best Freight in Baltimore, Maryland, hereby notify you in writing of my desire to transfer and to invoke my right to transfer under Article 5, Section 5 of the National Master Freight Agreement, as extended in the above captioned case.

EXHIBIT
31



**ABF FREIGHT SYST** **INC.**
P. O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

February 25, 1999

Certified Mail No. Z 093 697 089
Return Receipt Requested

Mr. Stanley Nye
740 Torway Road
Gardners, PA 17324

Dear Mr. Nye:

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on February 22, 1999, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, PA; Carlisle, PA; or Winston-Salem, NC.  This letter is to confirm that you elected to accept the job offer at Carlisle, PA.  Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,

Gordon Ringberg, Director
Industrial Relations

cc:  John Dale, Vice President - Transportation/Industrial Relations
     Gary Drake, Carlisle Linehaul
     Teamsters Local Union No. 776
     Teamsters Local Union No. 557



**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

Is your **RETURN ADDRESS** completed on the reverse side?

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Mr. Stanley Noll
7410 Derry Road
Harrisburg, PA 17334

| 4a. Article Number | |
|---|---|
| 4b. Service Type | ☑ Certified |
| ☐ Registered | ☐ Insured |
| ☐ Express Mail | ☐ COD |
| ☐ Return Receipt for Merchandise | |
| 7. Date of Delivery | 3-1-99 |
| 8. Addressee's Address (Only if requested and fee is paid) | |

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X

PS Form **3811**, December 1994    102595-97-B-0179    Domestic Return Receipt

Thank you for using Return Receipt Service.

# NMFA GRIEVANCE — Teamsters Local 776          89012

Name _Stanford L. Rue_         Home Phone (_717_)_486-0223_ Date of Hire _02/27/99_
Address _948 Tonway Road_          City _Gardners_         State _Pa_    Zip _17324_
Employer _ABF_
Employer's Address _Carlisle, PA_

Road ☒    Dock ☐    Jockey ☐    City ☐    Iron and Steel ☐    Mechanic-Office ☐    Miscellaneous ☐

**IMPORTANT:** It is the responsibility of the member filing this grievance to issue the proper copies to all parties in a timely manner, as per your contract.        Date: _March 5, 1999_

NATURE OF GRIEVANCE: _Because of the decision in the ABF/Carolina/Red Arrow change of operations Case Number MR-CU-38 9/95 on 09/22/95, I was laid off and had no offer to follow work that left the Baltimore Maryland Road Operation._

_On 02/27/99 I was called back to work and placed on the bottom of the Carlisle, PA road board not in my proper seniority spot._

_I request that I be dovetailed into my correct spot on this board and be paid all money due to me._

STEWARD'S COMMENTS: _____

In accordance with the Grievant's Bill of Rights, I am requesting, in writing, copies of all disciplinary letters, photos and any other documentation pertaining to this grievance.

_[signature]_  3/8/99
Signature of Member Filing Grievance                    Shop Steward

❏   **YOU** must check this box if you want to attend the grievance hearings. If you request to be in attendance, **YOU WILL NOT** be paid for this time.

ACTION TAKEN BY BUSINESS AGENT _____

_____

Date: _____                    Signature of Business Agent

—WHITE—UNION COPY
—PINK—EMPLOYER
—BLUE—EMPLOYEE REPORTING GRIEVANCE
—YELLOW—STEWARD

ABF 003221

EXHIBIT 32

**Vincent Ramirez, Jr**
66 Lenwood Park
Shippensburg , Pa 17257
Franklin
Home Phone (717)-530-6329

RECEIVED

November 04, 1998

NOV 04 1998

ABF IND. REL. DEPT.

A.B.F. Freight Systems
Fort Smith, Ar ( Attn: Connie Vaughn )

Dear Connie,

    I am sending you this letter that you said to send to you requesting that I be placed on the list for road drivers under article #5 section #5. I was layed off from Carolina freight in 1995. Any future information on this matter please contact me, Thank - You.

Sincerely,

   Vincent Ramirez, Jr

EXHIBIT
33



**ABF FREIGHT SYSTEM, INC.**
P. O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

November 19, 1998

Certified Mail No. P 433 236 880
Return Receipt Requested

Mr. Vincent Ramirez, Jr.
86 Lenwood Park
Shippensburg, PA 17257

Dear Mr. Ramirez:

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on November 16, 1998, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, Pennsylvania or Carlisle, Pennsylvania. This letter is to confirm that you elected to accept the job offer at Carlisle, PA. Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,

Gordon Ringberg, Director
Industrial Relations

cc:  John Dale, Vice President - Transportation/Industrial Relations
     Gary Drake, Line Driver Supervisor - Carlisle, PA
     Teamsters Local Union No. 776



**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

Is your RETURN ADDRESS completed on the reverse side?

3. Article Addressed to:

Vincent Bonniwa
c/o Mansfield Park
Mansfield Camp, PA 17931

4a. Article Number
P 153 556 600

4b. Service Type
[ ] Registered          [ ] Insured
[X] Certified           [ ] COD
[ ] Express Mail        [X] Return Receipt for
                            Merchandise

5. Signature (Addressee)

6. Signature (Agent)

7. Date of Delivery
11-23-98

8. Addressee's Address (Only if requested and fee is paid)

1. also wish to receive the following services (for an extra fee):
1. [ ] Addressee's Address
2. [ ] Restricted Delivery
Consult postmaster for fee.

PS Form 3811, December 1991     *U.S.GPO: 1993–352-714     DOMESTIC RETURN RECEIPT

Thank you for using Return Receipt Service.

# NMFA GRIEVANCE — Teamsters Local 776

89077

Name _Vincent Ramirez Jr_    Home Phone _717-530-5329_ Date of Hire _3-24-86_

Address _86 Lenwood Park_    City _Shippansburg_ State _PA_    Zip _17257_

Employer _ABF Freight System Inc    Carlisle PA_

Employer's Address _Carlisle Pike Carlisle PA_

Road ☑   Dock ☐   Jockey ☐   City ☐   Iron and Steel ☐   Mechanic-Office ☐   Miscellaneous ☐

**IMPORTANT:** It is the responsibility of the member filing this grievance to issue the proper copies to all parties in a timely manner, as per your contract.

Date: _____

NATURE OF GRIEVANCE: _In 1995 I was placed on lay-off status by carolina freight, carlile PA. I was recalled from lay-off status ABF Freight callile PA I'm filing this Grievance due to being placed on extra Board with out rightful terminal senority. I'm asking to be reinstated with full senority with all lost time benefits or money due me._

STEWARD'S COMMENTS: _____

In accordance with the Grievant's Bill of Rights, I am requesting, in writing, copies of all disciplinary letters, photos and any other documentation pertaining to this grievance.

_Vincent Ramirez Jr_
Signature of Member Filing Grievance

_____
Shop Steward

☑ **YOU must check this box if you want to attend the grievance hearings. If you request to be in attendance, YOU WILL NOT be paid for this time.**

ACTION TAKEN BY BUSINESS AGENT _____

Date: _____

_____
Signature of Business Agent

1—WHITE—UNION COPY
2—PINK—EMPLOYER
3—BLUE—EMPLOYEE REPORTING GRIEVANCE
4—YELLOW—STEWARD

EXHIBIT
34

**INSTRUCTIONS ON BACK OF YELLOW SHEET**

ABF FREIGHT

Personnel Office


    I wish to be considered for employment under Article 5 at the Carlisle Pa. terminal.

    I am a former employee of Carolina Freight.  I was with Carolina approximately 18 years.  I am now on layoff status.


        Keith Sgrignoli

        109 Saint George Dr.

        Dillsburg, Penna. 17019


        717-432-8795

EXHIBIT
35
TOTAL



**ABF FREIGHT SYSTEM, INC.**
P. O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

November 24, 1998

Certified Mail No. P 433 236 202
Return Receipt Requested

Mr. Keith Sgrignoli
109 Saint George Drive
Dillsburg, PA 17019

Dear Mr. Sgrignoli:

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on November 20, 1998, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, Pennsylvania or Carlisle, Pennsylvania. This letter is to confirm that you elected to accept the job offer at Carlisle, PA. Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,


Gordon Ringberg, Director
Industrial Relations

cc:  John Dale, Vice President - Transportation/Industrial Relations
     Gary Drake, Line Driver Supervisor - Carlisle, PA
     Teamsters Local Union No. 776
     Teamsters Local Union No. 773



s your <u>RETURN ADDRESS</u> completed on the reverse side?

**SENDER:**
• Complete items 1 and/or 2 for additional services.
• Complete items 3, and 4a & b.
• Print your name and address on the reverse of this form so that we can return this card to you.
• Attach this form to the front of the mailpiece, or on the back if space does not permit.
• Write "Return Receipt Requested" on the mailpiece below the article number.
• The Return Receipt will show to whom the article was delivered and the date delivered.

3. Article Addressed to:

Keith Baroncale
10A South Albany Oust
Dallsburg, PA 17019

4a. Article Number
PY133 936 907

4b. Service Type
☐ Registered    ☐ Insured
☑ Certified    ☐ COD
☐ Express Mail    ☑ Return Receipt for Merchandise

7. Date of Delivery
KLO JT 11-21-93

5. Signature (Addressee)

6. Signature (Agent)
Keith E. Garnell

8. Addressee's Address (Only if requested and fee is paid)

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

PS Form **3811**, December 1991    ☆U.S. GPO: 1993—352-714    DOMESTIC RETURN RECEIPT

Thank you for using Return Receipt Service.

# REPORT OF GRIEVANCE — Teamsters Local 776    № 57610

Name Keith E. Scriginoli    Home Phone 432-8795    Date of Hire 4-3-78
Address 209 Saint George Dr    City Dillsburg    State Pa    Zip 17019
Employer ABF
Employer's Address Carlisle Pa

Road ☐    Dock ☐    Jockey ☐    City ☐    Iron and Steel ☐    Mechanic-Office ☐    Miscellaneous ☐

**IMPORTANT:** It is the responsibility of the member filing this grievance to issue the proper copies to all parties in a timely manner, as per your contract.

Date: _____    5 17 20

NATURE OF GRIEVANCE: I Keith Scriginoli was employer by Carolina Frt in Allentown Pa ABF took over Carolina And I was Put into a Multiple Pool for 5 years. The company Abused The Multiple Pool And Restricted My Seniority. I Am Filing for All Monitary Claims due Me And My Seniority

**TEWARD'S COMMENTS:** _____

Keith E. _____
Signature of Member Filing Grievance

Shop Steward _____

0 05

] **YOU must check this box if you want to attend the grievance hearings. If you request to be in attendance, YOU WILL NOT be paid for this time.**

**CTION TAKEN BY BUSINESS AGENT** _____

WHITE—UNION COPY
PINK—EMPLOYER
BLUE—EMPLOYEE REPORTING GRIEVANCE
YELLOW—STEWARD

Date: _____

Signature of Business Agent

EXHIBIT 36

INSTRUCTIONS ON BACK OF YELLOW SHEET

**Ray Snyder**
138 Linda Drive
Mechanicsburg, Pennsylvania 17055
Cumberland
Fax (717) 697-2447
Home Phone (717) 697-2447



NOV 03 1998

ABF IND. REL. DEPT.

November 02, 1998

A.B.F.
Fort Smith , Ak ( Attn. Connie Vaughn )

Dear Connie,,

       I am sending you this letter upon your request since I am an employee of Carolina Freight which was placed in a layoff status in Carlisle,Pa in 1995. My wife had contacted you by phone on November 02,1998 about being placed on the drivers board at A.B.F. I am interested in being placed on the drivers board in conjunction with article#5, section # 5. Please let me know of any future development, Than k-You
Sincerely,

Ray G. Snyder,Jr      *Ray H Snyder J.*
                         717-697-2447

**EXHIBIT**
**37**



ABF FREIGHT SYSTEM, INC.
P. O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

November 19, 1998

Certified Mail No. P 433 236 879
Return Receipt Requested

Mr. Ray Snyder, Jr.
138 Linda Drive
Mechanicsburg, PA 17055

Dear Mr. Snyder:

In accordance with Article 5, Section 5 of the National Master Freight Agreement,
on November 16, 1998, you were contacted and offered an opportunity to
transfer to permanent employment in your classification at Erie, Pennsylvania or
Carlisle, Pennsylvania.  This letter is to confirm that you elected to accept the job
offer at Carlisle, PA.  Please contact the line driver supervisor at that location to
determine your reporting date if you have not done so.

Very truly yours,

Gordon Ringberg, Director
Industrial Relations

cc:  John Dale, Vice President - Transportation/Industrial Relations
     Gary Drake, Line Driver Supervisor - Carlisle, PA
     Teamsters Local Union No. 776

P 433 236 879

RECEIPT FOR CERTIFIED MAIL

NO INSURANCE COVERAGE PROVIDED
NOT FOR INTERNATIONAL MAIL
(See Reverse)

| Sent to | Ray Snyder |
|---|---|
| Street and No. | |
| P.O., State and ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt showing to whom and Date Delivered | |
| Return Receipt showing to whom, Date, and Address of Delivery | |
| TOTAL Postage and Fees | $ |
| Postmark or Date | |

PS Form 3800, June 1985

Mr. Ray Snyder
138 Buck Run
Mechanicsburg, PA 17055

Sngl 11-23
11-27

of the National Master Freight Agreement,
cted and offered an opportunity to
ur classification at Erie, Pennsylvania or
confirm that you elected to accept the job
line driver supervisor at that location to
e not done so.

ABF FREIGHT SYSTEM, INC.
P.O. Box 10048
Fort Smith, AR 72917-0048

CERTIFIED
P 433 236 879
MAIL

Fold at line over top of envelope to the right
of the return address

ortation/Industrial Relations
- Carlisle, PA



# NMFA GRIEVANCE — Teamsters Local 776          89095

e __RAY G. SNYDER, JR__    Home Phone __717-697-2447__ Date of Hire __9-5-85__

Address __138 LINDA DRIVE__    City __MECHANICSBURG__, State __PA__    Zip __17055__

Employer __A.B.F.__

Employer's Address _____CARLISLE, PA  17013_____

Road ☑    Dock ☐    Jockey ☐    City ☐    Iron and Steel ☐    Mechanic-Office ☐    Miscellaneous ☐

**IMPORTANT:** It is the responsibility of the member filing this grievance to issue the proper copies to all parties in a timely manner, as per your contract.

Date:_____    19 41 5

CE...

**NATURE OF GRIEVANCE:** _I AM A ROAD DRIVER AT A.B.F. IN CARLISLE, PA. I WAS CALLED BACK TO WORK ON 11-27-98 FROM A LAYOFF STATUS FROM CAROLINA FREIGHT IN CARLISLE, PA IN 1995, I WAS PUT BACK TO WORK WITH ALL MY COMPANY SENIORITY BUT WITH NO TERMINAL SENIORITY. I FEEL THAT THIS BEING A RECALL FROM LAYOFF I SHOULD BE DOVETAILED INTO MY ORIGINAL SENIORITY SPOT, SO I AM FILING THIS GRIEVANCE TO REGAIN ALL MY SENIORITY ND ANY LOST WAGES DUE TO NOT HOLDING MY FULL SENIORITY SPOT._

**STEWARD'S COMMENTS:** _____

**In accordance with the Grievant's Bill of Rights, I am requesting, in writing, copies of all disciplinary letters, photos and any other documentation pertaining to this grievance.**

_Ray G Snyder_
Signature of Member Filing Grievance                    Shop Steward

☑ **YOU must check this box if you want to attend the grievance hearings. If you request to be in attendance, YOU WILL NOT be paid for this time.**

**ACTION TAKEN BY BUSINESS AGENT** _____

Date: _____          Signature of Business Ag...

1—WHITE—UNION COPY
2—PINK—EMPLOYER
3—BLUE—EMPLOYEE REPORTING GRIEVANCE
4—YELLOW—STEWARD

EXHIBIT
38

OCTOBER 30, 1998

ATTN: MRS. CONNIE VAUGHN
      ABF

I LARRY WELKER AM REQUESTING TO BE PUT BACK ON THE ARTICLE 5,
SECTION 5 LIST.

LARRY WELKER
48 W. MAIN STREET
PLAINFIELD, PA 17013

PHONE # (717) 243-8263

EXHIBIT
39



**ABF FREIGHT SYSTEM, INC.**
P. O. Box 10048
Fort Smith, AR 72917-0048
(501) 785-8700

October 30, 1998

Certified Mail No. P 433 236 875
Return Receipt Requested

Mr. Larry Welker
48 West Main Street
Plainfield, PA 17013

Dear Mr. Welker:

In accordance with Article 5, Section 5 of the National Master Freight Agreement, on October 30, 1998, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Winston-Salem, North Carolina; Erie, Pennsylvania; or, Carlisle, Pennsylvania. This letter is to confirm that you elected to accept the job offer at Carlisle, PA. Please contact the line driver supervisor at that location to determine your reporting date if you have not done so.

Very truly yours,

Gordon Ringberg, Director
Industrial Relations

cc:  John Dale, Vice President - Transportation/Industrial Relations
     Gary Drake, Line Driver Supervisor - Carlisle, PA
     Teamsters Local Union No. 557
     Teamsters Local Union No. 776



**Is your RETURN ADDRESS completed on the reverse side?**

**SENDER:**
• Complete items 1 and/or 2 for additional services.
• Complete items 3, and 4a & b.
• Print your name and address on the reverse of this form so that we can return this card to you.
• Attach this form to the front of the mailpiece, or on the back if space does not permit.
• Write "Return Receipt Requested" on the mailpiece below the article number.
• The Return Receipt will show to whom the article was delivered and the date delivered.

3. Article Addressed to:

Mr. Larry Walker
18 W. Main Street
Plainfield, PA 17013

4a. Article Number
P433338715

4b. Service Type
☐ Registered          ☐ Insured
☒ Certified           ☐ COD
☐ Express Mail        ☐ Return Receipt for Merchandise

7. Date of Delivery
11-4-01

5. Signature (Addressee)
Larry C. E. D. Walker

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1991          ☆U.S. GPO: 1993—352-714          DOMESTIC RETURN RECEIPT

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

PLAINFIELD PA

Thank you for using Return Receipt Service.

# NMFA GRIEVANCE — Teamsters Local 776

89096

Name _LAWRENCE D. WELKER_    Home Phone _717-243-8263_ Date of Hire _9-30-73_

Address _48 W. MAIN ST_    City _Plainfield_    State _Pa._ Zip _17081_

Employer _A.B.F._

Employer's Address _CARLISLE Pa._

Road ☑    Dock ☐    Jockey ☐    City ☐    Iron and Steel ☐    Mechanic-Office ☐    Miscellaneous ☐

Date:_____    5 03

**IMPORTANT:** It is the responsibility of the member filing this grievance to issue the proper copies to all parties in a timely manner, as per your contract.

NATURE OF GRIEVANCE: _I WAS LAID OFF DURING THE MERGER BETWEEN Carolina FRT + A.B.F. NOW THAT I AM BACK WORKING FOR A.B.F. I WANT TERINAL SENIORTY AND BACK MONIES AND BENEFIT'S DO TO MEo_

STEWARD'S COMMENTS: _____

**In accordance with the Grievant's Bill of Rights, I am requesting, in writing, copies of all disciplinary letters, photos and any other documentation pertaining to this grievance.**

_Lawrence D. Welker_
Signature of Member Filing Grievance        Shop Steward

☑ **YOU must check this box if you want to attend the grievance hearings. If you request to be in attendance, YOU WILL NOT be paid for this time.**

ACTION TAKEN BY BUSINESS AGENT _____

Date: _____        _____
Signature of Business Agent

1—WHITE—UNION COPY
2—PINK—EMPLOYER
3—BLUE—EMPLOYEE REPORTING GRIEVANCE
4—YELLOW—STEWARD

EXHIBIT 40

**INSTRUCTIONS ON BACK OF YELLOW SHEET**

PHIL FERRANTE
VICE PRESIDENT
BRAD LINLSAY
RECORDING SECRETARY
HARVEY WHITE
TRUSTEE
MIKE HORD
TRUSTEE
THOMAS VINSON
TRUSTEE

# CHAUFFEURS, TEAMSTERS AND HELPERS
## LOCAL UNION NO. 776
**"AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS"**
2552 JEFFERSON STREET, HARRISBURG, PA 17110-2505

THOMAS B. GRIFFITH
PRESIDENT AND BUSINESS AGENT

JOHN L. FOGLE, II
SECRETARY TREASURER AND BUSINESS AGENT

BUSINESS AGENTS

CARLOS N. RAMOS, II
CHARLES SHUGHART
ROBERT J. SNYDER, JR.
RUSSELL A. STEPP
DANIEL A. VIRTUE

April 17, 2000



CERTIFIED MAIL
NO. Z 238 583 002

Jeffrey Albright
522 C Woodlawn Drive
Harrisburg  PA  17109

Dear Jeffrey:

In reference to grievance no. 94553 filed by you for violation of seniority, after investigation of this grievance, and the decision rendered by the Eastern Region Joint Area Committee (copy attached), this grievance has been withdrawn.

If you have any questions, please let me know.

Fraternally,

Daniel A. Virtue
Business Agent

DAV/bs
Attachment

TELEPHONE (717) 233-8766
(800) 692-6280

EXHIBIT
41

CHAUFFERS
**TEAMSTERS AND HELPERS**
LOCAL UNION No. 776
2552 JEFFERSON STREET
HARRISBURG, PA 17110-2505

AFFILIATED WITH
INTERNATIONAL BROTHERHOOD OF TEAMSTERS

ADDRESS CORRECTION REQUESTED
DO NOT FORWARD

**CERTIFIED**

Z 238 583 002

**MAIL**

RETURN RECEIPT REQUESTED



RETURNED TO SENDER
NO SUCH ADDRESS

Jeffrey Albright
522 C Woodlawn Drive
Harrisburg PA 17109

NO SUCH ADDRESS

17109/3641

Z 238 583 00C

U.S. Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

| Sent to allright | |
|---|---|
| Street & Number 94553 | |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| **TOTAL** Postage & Fees | $ |
| Postmark or Date   4-17-2000 | |

PS Form **3800**, April 1995

 ● **"DISPOSITION"** ● 

# CHAUFFEURS, TEAMSTERS & HELPERS LOCAL 776
AFFILIATED WITH I.B. OF T. – JOINT COUNCIL NO. 53

THOMAS B. GRIFFITH, PRESIDENT
BUSINESS OFFICE:
2552 JEFFERSON STREET
HARRISBURG, PA 17110

Dear Member:

Name: **Norman T. Boire** _____ Date _____ **5/11/99** ____

Reference is made to Grievance No. **90651** filed on your behalf on **3/11/99**

pertaining to _____ **Violation of Article 55.** _____

_____

_____

This is to advise the following disposition has been made:

**ERJAC untimely.** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

IF THERE ARE ANY QUESTIONS TO THE ABOVE OR IF WE CAN BE OF ANY FURTHER
ASSISTANCE, PLEASE DO NOT HESITATE TO CALL.

Fraternally yours,

Daniel A. Virtue

DAV/kad

Business Agent

CC: STEWARDS

*UNION DRIVERS ARE SAFE DRIVERS*



EXHIBIT
42





# ⬤ "DISPOSITION" ⬤

## CHAUFFEURS, TEAMSTERS & HELPERS LOCAL 776

AFFILIATED WITH I.B. OF T. – JOINT COUNCIL NO. 53

THOMAS B. GRIFFITH, PRESIDENT
BUSINESS OFFICE:
2552 JEFFERSON STREET
HARRISBURG, PA 17110

Dear Member:

Name: **Gary M. Dietz** _____ Date __**5/11/99**__

Reference is made to Grievance No. __**89076**__ filed on your behalf on __**12/31/98**__

pertaining to __**Violation of Article 55.**__

_____

_____

This is to advise the following disposition has been made:

**ERJAC untimely.** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

IF THERE ARE ANY QUESTIONS TO THE ABOVE OR IF WE CAN BE OF ANY FURTHER
ASSISTANCE, PLEASE DO NOT HESITATE TO CALL.

Fraternally yours,

_Daniel A. Virtue /kad_

Daniel A. Virtue

DAV/kad

Business Agent

CC: STEWARS

*UNION DRIVERS ARE SAFE DRIVERS*



EXHIBIT
43

 ● **"DISPOSITION"** ● 

# CHAUFFEURS, TEAMSTERS & HELPERS LOCAL 776

AFFILIATED WITH I.B. OF T. – JOINT COUNCIL NO. 53

THOMAS B. GRIFFITH, PRESIDENT
BUSINESS OFFICE:
2552 JEFFERSON STREET
HARRISBURG, PA 17110

Dear Member:

Name:  Michael W. Fritz                           Date   5/11/99

Reference is made to Grievance No.   89093   filed on your behalf on   12/17/98

pertaining to   Violation of Article 55.

This is to advise the following disposition has been made:

 ERJAC untimely.

IF THERE ARE ANY QUESTIONS TO THE ABOVE OR IF WE CAN BE OF ANY FURTHER
ASSISTANCE, PLEASE DO NOT HESITATE TO CALL.

Fraternally yours,

*Daniel A. Virtue /Kad*
Daniel A. Virtue

DAV/kad

Business Agent

CC: STEWARDS                 *UNION DRIVERS ARE SAFE DRIVERS*



EXHIBIT
44




# "DISPOSITION"

## CHAUFFEURS, TEAMSTERS & HELPERS LOCAL 776

AFFILIATED WITH I.B. OF T. – JOINT COUNCIL NO. 53

THOMAS B. GRIFFITH, PRESIDENT
BUSINESS OFFICE:
2552 JEFFERSON STREET
HARRISBURG, PA 17110

Dear Member:

Name: **Ralph A. Harris** _____ Date **5/11/99**

Reference is made to Grievance No. **89835** filed on your behalf on **12/21/98**

pertaining to **Violation of Article 55.**

_____

_____

This is to advise the following disposition has been made:

**ERJAC untimely.**

IF THERE ARE ANY QUESTIONS TO THE ABOVE OR IF WE CAN BE OF ANY FURTHER ASSISTANCE, PLEASE DO NOT HESITATE TO CALL.

Fraternally yours,

*Daniel A. Virtue*
Daniel A. Virtue

DAV/kad

Business Agent

CC: STEWARDS

*UNION DRIVERS ARE SAFE DRIVERS*



EXHIBIT
45




# "DISPOSITION"



## CHAUFFEURS, TEAMSTERS & HELPERS LOCAL 776
AFFILIATED WITH I.B. OF T. – JOINT COUNCIL NO. 53

THOMAS B. GRIFFITH, PRESIDENT
BUSINESS OFFICE:
2552 JEFFERSON STREET
HARRISBURG, PA 17110

1 33

Dear Member:

Name: __Allen W. Landis_____ Date __5/11/99_____

Reference is made to Grievance No.__85060___ filed on your behalf on __3/4/99____

pertaining to _____Violation of Article 55._____

_____

_____

This is to advise the following disposition has been made:

ERJAC untimely._____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

IF THERE ARE ANY QUESTIONS TO THE ABOVE OR IF WE CAN BE OF ANY FURTHER
ASSISTANCE, PLEASE DO NOT HESITATE TO CALL.

Fraternally yours,

*Daniel A. Virtue /kad*
Daniel A. Virtue

DAV/kad

Business Agent

CC: STEWARDS

*UNION DRIVERS ARE SAFE DRIVERS*

EXHIBIT
46



# "DISPOSITION"

## CHAUFFEURS, TEAMSTERS & HELPERS LOCAL 776

AFFILIATED WITH I.B. OF T. – JOINT COUNCIL NO. 53

THOMAS B. GRIFFITH, PRESIDENT
BUSINESS OFFICE:
2552 JEFFERSON STREET
HARRISBURG, PA 17110

Dear Member:

Name: __Lowell C. McGuire_____ Date ___5/11/99_____

Reference is made to Grievance No.___90657___ filed on your behalf on ___3/18/99___

pertaining to _____Violation of Article 55._____

_____

_____

This is to advise the following disposition has been made:

__ERJAC untimely._____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

IF THERE ARE ANY QUESTIONS TO THE ABOVE OR IF WE CAN BE OF ANY FURTHER ASSISTANCE, PLEASE DO NOT HESITATE TO CALL.

Fraternally yours,

_Daniel A. Virtue / kad_
Daniel A. Virtue

DAV/kad

Business Agent

CC: STEWARDS

*UNION DRIVERS ARE SAFE DRIVERS*

EXHIBIT
47





# "DISPOSITION"

# CHAUFFEURS, TEAMSTERS & HELPERS LOCAL 776

AFFILIATED WITH I.B. OF T. – JOINT COUNCIL NO. 53

THOMAS B. GRIFFITH, PRESIDENT
BUSINESS OFFICE:
2552 JEFFERSON STREET
HARRISBURG, PA 17110

Dear Member:

Name:   Walter R. Minich                     Date   5/11/99

Reference is made to Grievance No.  89098  filed on your behalf on  12/30/98

pertaining to   Violation of Article 55.

This is to advise the following disposition has been made:

ERJAC untimely.

IF THERE ARE ANY QUESTIONS TO THE ABOVE OR IF WE CAN BE OF ANY FURTHER
ASSISTANCE, PLEASE DO NOT HESITATE TO CALL.

Fraternally yours,

*Daniel A. Virtue /kad*

Daniel A. Virtue

DAV/kad

Business Agent

CC: STEWARDS                 *UNION DRIVERS ARE SAFE DRIVERS*



EXHIBIT
48




# "DISPOSITION"

## CHAUFFEURS, TEAMSTERS & HELPERS LOCAL 776

AFFILIATED WITH I.B OF T. – JOINT COUNCIL NO. 53

THOMAS B. GRIFFITH, PRESIDENT
BUSINESS OFFICE:
2552 JEFFERSON STREET
HARRISBURG, PA 17110

Dear Member:

Name: __Raymond C. Nevins_____ Date __5/11/99_____

Reference is made to Grievance No.___90680___ filed on your behalf on__3/27/99_____

pertaining to _____Violation of Article 55._____

_____

_____

This is to advise the following disposition has been made:

__ERJAC untimely._____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

IF THERE ARE ANY QUESTIONS TO THE ABOVE OR IF WE CAN BE OF ANY FURTHER
ASSISTANCE, PLEASE DO NOT HESITATE TO CALL.

Fraternally yours,

*Daniel A. Virtue /kad*
Daniel A. Virtue

DAV/kad

Business Agent

CC: STEWARDS          *UNION DRIVERS ARE SAFE DRIVERS*

EXHIBIT
49

  

# "DISPOSITION"

## CHAUFFEURS, TEAMSTERS & HELPERS LOCAL 776

AFFILIATED WITH I.B. OF T. – JOINT COUNCIL NO. 53

THOMAS B. GRIFFITH, PRESIDENT
BUSINESS OFFICE:
2552 JEFFERSON STREET
HARRISBURG, PA 17110

Dear Member:

Name: __Stanley L. Nye_____ Date __5/11/99_____

Reference is made to Grievance No.__89012____ filed on your behalf on___3/9/99_____

pertaining to ___Violation of Article 55._____

_____

_____

This is to advise the following disposition has been made:

__ERJAC untimely._____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

IF THERE ARE ANY QUESTIONS TO THE ABOVE OR IF WE CAN BE OF ANY FURTHER
ASSISTANCE, PLEASE DO NOT HESITATE TO CALL.

Fraternally yours,

*Daniel A. Virtue /kai*
Daniel A. Virtue

DAV/kad

Business Agent

CC: STEWARDS    *UNION DRIVERS ARE SAFE DRIVERS*

EXHIBIT
50



# "DISPOSITION"

## CHAUFFEURS, TEAMSTERS & HELPERS LOCAL 776

AFFILIATED WITH I.B. OF T. -- JOINT COUNCIL NO. 53

THOMAS B. GRIFFITH, PRESIDENT
BUSINESS OFFICE:
2552 JEFFERSON STREET
HARRISBURG, PA 17110

Dear Member:

Name: __Vincent Ramirez, Jr_____ Date __5/11/99_____

Reference is made to Grievance No.__89077__ filed on your behalf on __12/20/98__

pertaining to _____Violation of Article 55._____

_____

_____

This is to advise the following disposition has been made:

__ERJAC untimely._____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

IF THERE ARE ANY QUESTIONS TO THE ABOVE OR IF WE CAN BE OF ANY FURTHER
ASSISTANCE, PLEASE DO NOT HESITATE TO CALL.

Fraternally yours,

*Daniel A. Virtue /kad*
Daniel A. Virtue

DAV/kad

Business Agent

CC: STEWARDS

*UNION DRIVERS ARE SAFE DRIVERS*

EXHIBIT
51



 **"DISPOSITION"** 

15

# CHAUFFEURS, TEAMSTERS & HELPERS LOCAL 776

AFFILIATED WITH I.B. OF T. – JOINT COUNCIL NO. 53

THOMAS B. GRIFFITH, PRESIDENT
BUSINESS OFFICE:
2552 JEFFERSON STREET
HARRISBURG, PA 17110

Dear Member:

Name: ___Ray G. Snyder, Jr_____Date ___5/11/99_____

Reference is made to Grievance No.___89095___ filed on your behalf on____12/17/98_____

pertaining to ___Violation of Article 55._____

_____

_____

This is to advise the following disposition has been made:

ERJAC untimely._____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

IF THERE ARE ANY QUESTIONS TO THE ABOVE OR IF WE CAN BE OF ANY FURTHER
ASSISTANCE, PLEASE DO NOT HESITATE TO CALL.

Fraternally yours,

*Daniel A. Virtue /kad*

Daniel A. Virtue

DAV/kad

Business Agent

CC: STEWARDS

*UNION DRIVERS ARE SAFE DRIVERS*

EXHIBIT
52

  

# "DISPOSITION"

# CHAUFFEURS, TEAMSTERS & HELPERS LOCAL 776

AFFILIATED WITH I.B. OF T. – JOINT COUNCIL NO. 53

THOMAS B. GRIFFITH, PRESIDENT
BUSINESS OFFICE:
2552 JEFFERSON STREET
HARRISBURG, PA 17110

Dear Member:

Name:  Lawrence D. Welker                        Date   5/11/99

Reference is made to Grievance No.   89096   filed on your behalf on  12/18/98

pertaining to   Violation of Article 55.

_____

_____

This is to advise the following disposition has been made:

ERJAC untimely.

IF THERE ARE ANY QUESTIONS TO THE ABOVE OR IF WE CAN BE OF ANY FURTHER
ASSISTANCE, PLEASE DO NOT HESITATE TO CALL.

Fraternally yours,

*Daniel A. Virtue /kd*

Daniel A. Virtue

DAV/kd

Business Agent

CC: STEWARDS

*UNION DRIVERS ARE SAFE DRIVERS*

EXHIBIT
53

# ARTICLE 1.
# PARTIES TO THE AGREEMENT

## Section 1.  Employers Covered

The Employer consists of Associations, members of Associations who have given authorization to the Associations to represent them in the negotiation and/or execution of this Agreement and Supplemental Agreements, and individual Employers who become signator to this Agreement and Supplemental Agreements as hereinafter set forth.  The signator Associations enter into this Agreement and Supplemental Agreements as hereinafter set forth.  The signator Associations represent that they are duly authorized to enter into this Agreement and Supplemental Agreements on behalf of their members under and as limited by their authorizations as submitted prior to negotiations.

## Section 2.  Unions Covered

The Union consists of any Local Union which may become a party to this Agreement and any Supplemental Agreement as hereinafter set forth.  Such Local Unions are hereinafter designated as "Local Union."  In addition to such Local Unions, the Teamsters National Freight Industry Negotiating Committee representing Local Unions affiliated with the International Brotherhood of Teamsters, hereinafter referred to as the "National Union Committee," is also a party to this Agreement and the agreements supplemental hereto.

## Section 3.  Transfer of Company Title or Interest

The Employer's obligations under this Agreement including Supplements shall be binding upon its successors, administrators, executors and assigns.  The Employer agrees that the obligations of this Agreement shall be included in the agreement of sale, transfer or assignment of the business.  In the event an entire active or inactive operation, or a portion thereof, or rights only, are sold, leased, transferred or taken over by sale, transfer, lease, assignment, receivership or bankruptcy proceedings, such operation or use of rights shall continue to be subject to the terms and conditions of this Agreement for the life thereof.  Transactions covered by t **EXHIBIT**

54

provision include stock sales or exchanges, mergers, consolidations, spin-offs or any other method by which a business is transferred.

It is understood by this Section that the signator Employer shall not sell, lease or transfer such run or runs or rights to a third party to evade this Agreement. In the event the Employer fails to require the purchaser, transferee, or lessee to assume the obligations of this Agreement, as set forth above, the Employer (including partners thereof) shall be liable to the Local Union(s) and to the employees covered for all damages sustained as a result of such failure to require the assumption of the terms of this Agreement until its expiration date, but shall not be liable after the purchaser, the transferee or lessee has agreed to assume the obligations of this Agreement. The obligations set forth above shall not apply in the event of the sale, lease or transfer of a portion of the rights comprising less than all of the signator Employer's rights to a nonsignator company unless the purpose is to evade this Agreement. Corporate reorganizations by a signatory Employer, occurring during the term of this Agreement, shall not relieve the signatory Employer or the re-organized Employer of the obligations of this Agreement during its term.

When a signator to this Agreement purchases rights from another signator, the provisions of Article 5 shall apply. The applicable lay-off provisions of this Agreement shall apply.

The Employer shall give notice of the existence of this Agreement to any purchaser, transferee, lessee, assignee, or other entity involved in the sale, merger, consolidation, acquisition, transfer, spin-off, lease or other transaction by which the operation covered by this Agreement or any part thereof, including rights only, may be transferred. Such notice shall be in writing, with a copy to the Local Union, at the time the seller, transferor or lessor makes the purchase and sale negotiation known to the public or executes a contract or transaction as herein described, whichever first occurs. The Local Union shall also be advised of the exact nature of the transaction, not including financial details.

The term rights shall include routes and runs.

**EASTERN REGION JOINT AREA COMMITTEE**
**Embassy Suites**
**Myrtle Beach, South Carolina**
**Tuesday, April 27, 1999**

**COMMITTEE  B**

R-38-99        <u>Local 776 v. ABF Freight System, Inc.</u>
               On behalf of Stan Nye (Pilot #89012), Union alleges violation of Article 5,
               Section 5, timeliness issue.

**UNION PANEL:**          Ron Jenkins
                          Herman Volpe
                          Keith Noll

**EMPLOYER PANEL:**       Dan Schmidt, Chairman
                          Dan Wachhaus
                          Don Rucker

<u>Dan Schmidt, Chairman</u>:  Danny, identify your parties and . . . .

<u>Steve Froias, ABF Freight</u>:  Mr. Chairman, the Company has a point of order.

<u>Schmidt</u>:  OK.  Steve, identify your parties and tell us about your point of order.

<u>Froias</u>:  Froias for the Company and to my right, Dave Quidort.

<u>Dan Virtue, Local 776</u>:  Excuse me, to put it on the record, we're here to hear the point of
order and the point of order, alone, and the Company and the Union agreed that we're
here just on the point of order.

<u>Schmidt</u>:  OK.  That's fine, regardless of what we do here?

<u>Virtue</u>:  That's correct.

<u>Schmidt</u>:  OK.

<u>Froias</u>:  Froias for the Company.  The Union is claiming a violation of Article 5, Section
5 of the National Master Freight Agreement.  Specifically, that the seniority date of
February 27, 1999 is incorrect.  The grievant requested transfer opportunity under Article
5, Section 5 on February 22, 1999.  He was offered and accepted transfer on February 22,
1999.  He reported and worked his first day on February 27, 1999.

The grievance was given to the Company on March 9, 1999.  Central PA and Over-the-
Road and Local Cartage Supplemental Agreement, Article 43, Section 10, reads in part:
"Employees initiating grievances shall set forth their claim, in writing, to the Employer

EXHIBIT
55

with a duplicate copy to the steward and/or the Union Representative within seven (7) calendar days after he/she returns to his/her home terminal or seven (7) calendar days from the occurrence of the matter."

Also attached to my brief, I handed out, is a letter dated February 22nd, to Connie Vaughan, from Stanley Nye, Re: Road Driver Laid Off from ABF: Request for consideration the right to transfer to any ABF, pursuant to the provisions of the decision in Case No. MR-CO-38-9/95: I, Stanley Nye, road driver, laid off from ABF in Baltimore, MD, hereby notify you in writing of my desire to transfer and invoke my right to transfer under Article 5, Section 5 of the National Master Freight Agreement, as extended in the above-captioned case.

Also attached to that, dated February 25th, certified mail #Z093697089, Mr. Stanley Nye: "Dear Mr. Nye: In accordance with Article 5, Section 5 of the NMFA, on February 22, 1999, you were contacted and offered opportunity to transfer to permanent employment in your classification at Erie, PA, Carlisle, PA or Winston-Salem, NC. This letter is to confirm that you elected to accept the job offer at Carlisle, PA. Please contact the line driver supervisor at that location to determine your reporting date if you have not done so. Very truly yours, Gordon Ringberg."

We respectfully submit this grievance is untimely and improper before the Committee. I'll hold for summation and rebuttal, Mr. Chairman.

Schmidt: Union, identify the parties and present your case.

Virtue: Dan Virtue, give your names for the record. The names given are Larry Walker, Keith Sgrignoli, Ron Hicks.

First, gentlemen, before I go into the point of order, these two gentlemen, the other gentleman, the grievances are in this packet, contacted the Company with a letter, stating they wanted to go on to 5.5. At that time, they didn't realize what 5.5 was. Then, they took the job opportunity, came to Carlisle, PA, and at that time, went to work and then each one filed a grievance after the seniority list was posted at the Carlisle terminal. If you look at my brief, Exhibit 1 is Article 5, Section 4(d), Posting Seniority List which I'll go over with the Panel. This is National language and each grievant filed a grievance timely under the National language which says they have thirty days from the posting of the seniority list. They did that timely and feel the case is timely and should be referred back to the parties on its merits. Their position is it was all done timely under the National Master Freight Agreement under Article 5, Section 4(b), Posting Seniority List.

We'll hold for rebuttal.

Schmidt: Company, rebut.

<u>Froias</u>:  Mr. Chairman, all these employees requested transfer opportunity under Article 5, Section 5.  I'll read a portion of that into the record:  "Any employee accepting such offer shall be employed as a new hire and shall be placed at the bottom of the seniority board for bidding and layoff purposes and shall retain Company seniority for fringe benefits only."

They were aware of it when they requested Article 5, Section 5.  They were aware of it when they accepted transfer under Article 5, Section 5, and they were aware of it when they reported to work under Article 5, Section 5.  You have the facts.

<u>Schmidt</u>:  Union, sum up and rebut.

<u>Virtue</u>:  Like I said, their position is they weren't aware of it under 5.5, they did send a letter in to get the job opportunity, they waited for the posting of the seniority list.  Under the National Master Freight Agreement, at that time, they filed a grievance in a timely manner.

<u>Larry Walker</u>:  I called down in Ft. Smith, AR, and she told me what I needed to do was fax down everything, my name and everything, to renew employment under Article 5, Section 5 of the Master Layoff List, which I was on, according to the contract, which I did, and she called me back and told me that I was to call Gary Drake or Lee Edenbo to set up an appointment to go in and see them and I did exactly what I was told and that after I found out, I did everything they told me to do, and then I filed a grievance on it, because I didn't know the seniority was up.  I was laid off through ABF.

<u>Schmidt</u>:  Any other rebuttal from the Union?

<u>Sgrignoli</u>:  I agree with him, except, I agree with Larry, we were contacted that there was job opportunities.  We sent all the information down to Ft. Smith as they requested.  They called us and offered us two positions to move back and we picked what we wanted and we moved back in.  I waited until the seniority list was posted, like he said the Master Freight Agreement, and I filed my grievance because I found out then that whoever was hired before me or with me that we were not in the right slot.

<u>Schmidt</u>:  Is that your rebuttal?  Questions.

<u>Ron Jenkins</u>:  Has anybody got a seniority list with them?

<u>Froias</u>:  I don't.

<u>Schmidt</u>:  Any other questions?  Hearing none, Executive Session.

**DECISION:**  The Panel, in executive session, motion made, seconded and carried that since the grievants knew their seniority positions on the day they reported, the Company's point of order is upheld.  Cost Union.

3

**EASTERN REGION JOINT AREA COMMITTEE**
**Embassy Suites**
**Myrtle Beach, South Carolina**
**Tuesday, April 27, 1999**

RECEIVED
MAR 26 2002

**COMMITTEE  B**

R-39-99      **Local 776 v. ABF Freight System, Inc.**
On behalf of Norman Runk (Pilot #89002), Union alleges violation of Article 5, timeliness issue.

**UNION PANEL:**          Ron Jenkins
                         Herman Volpe
                         Keith Noll

**EMPLOYER PANEL:**       Dan Schmidt, Chairman
                         Dan Wachhaus
                         Don Rucker

<u>Dan Schmidt, Chairman</u>:  Company point of order.  Identify your parties and present your case.

<u>Dan Virtue, Local 776</u>:  Again, Mr. Chairman, we're here on a point of order and the point of order only.

<u>Schmidt</u>:  State your name for the record.

<u>Virtue</u>:  Dan Virtue, Business Agent.  The Company and Union agree that we're here on the point of order only.

<u>Steve Froias, ABF Freight</u>:  Froias for the Company, that's correct.

<u>Schmidt</u>:  So noted.

<u>Froias</u>:  To my right, Dave Quidort.  The Union is claiming a violation of Article 5, Section 2 of the NMFA.  Specifically, that the grievant's seniority date of December 11, 1998 is incorrect.

The grievant requested transfer opportunity under Article 5, Section 5 on November 30, 1998. He was offered and accepted transfer on December 3, 1998.  He reported and worked his first day on December 11, 1998.  The grievance was given to the Company on December 26, 1998.

The Central PA Over-the-Road and Local Cartage Supplemental Agreement, Article 43, Section 1© reads in part: "Employees initiating grievances shall set forth their claim, in writing, to the Employer with a duplicate copy to the steward and/or Union

Representative within seven calendar days after he/she returns to his/her home terminal or seven calendar days from the occurrence of the matter."

Attached to my brief, is a copy of a letter from the grievant to ABF Freight System: "Gentlemen: Please consider me for rehire for road driver in Carlisle, PA under Article 5, Section 5 of the Master Freight Agreement. Very truly yours, Norman Runk."

The next exhibit, dated December 9th, certified mail #P433236208, Mr. Norman Runk. "Dear Mr. Runk: In accordance with Article 5, Section 5 of the National Master Freight Agreement, on December 3, 1998, you were contacted and offered an opportunity to transfer to permanent employment in your classification at Erie, PA, Carlisle, PA or Winston-Salem, NC. This letter is to confirm that you elected to accept the job offer at Carlisle, PA. Please contact the line driver supervisor at that location to determine your reporting date if you have not done so. Very truly yours, Gordon Ringberg."

The next exhibit is a copy of the grievance. It was given to the Company and initialed on December 26th. I believe you can read that even though it's highlighted.

Next I have a copy of the language I read to you from Article 43, Section 1©. Also attached is a transcript of the tape of the job offer to transfer to Mr. Runk. I'd like to read it into the record:

Ringberg: Yes, sir, I'm trying to get ahold of Norman Runk, please
Runk: Yes, that is who you are talking to.
Ringberg: It is? Norman, my name is Gordon Ringberg.
Runk: Oh.
Ringberg: I'm with ABF Freight System.
Runk: How are you doing?
Ringberg: I'm doing good. How are you doing?
Runk: OK.
Ringberg: You sent a letter into the Company requesting work opportunity under Article 5, Section 5 of the contract.
Runk: Yes.
Ringberg: I'm making a call to you to make that offer right now but before I do, I need to ask you a couple of questions, if I can, please.
Runk: OK.
Ringberg: Your current status, are you driving for somebody, drawing your pension, or what are you doing?
Runk: I'm driving.
Ringberg: Who are you driving for?
Runk: Consolidated Freight.
Ringberg: Consolidated Freightways?
Runk: Yes.
Ringberg: And what is your seniority date with them?
Runk: Gosh, 96, I have to think a minute. March, I think March of, March 16 of 96, I believe.

2

Ringberg:  Three of 96 is good enough.

Runk:  Yeah, don't hold me to that exact date.

Ringberg:  Well, 1996 is the key in this issue.  OK, with that in mind, I need to, here is your job opportunities.  We have Carlisle, Erie and Winston-Salem.

Runk:  Carlisle, please.

Ringberg:  You want to go to Carlisle?

Runk:  Yes.

Ringberg:  Are you going to accept Carlisle?

Runk:  Yes.

Ringberg:  I'm writing, just a minute.  OK, do you have a pencil?

Runk:  Yes.

Ringberg:  You need to call Gary Drake or Lee Edenbo.

Runk:  OK.  I know both of them.

Ringberg:  And that phone number is 717/245-0384 and they will set up with you to get your physical updated, orientation, and all of that to get you on the road.  They are waiting on you.

Runk:  OK.

Ringberg:  They are ready for you to truck.

Runk:  OK, and that is starting at 100% with Company seniority?

Ringberg:  No, you don't have Company seniority.  You keep your Company seniority for fringe benefits, meaning vacation.

Runk:  Vacation, yes.

Ringberg:  But you go on the bottom of the seniority list at full rate of pay.

Runk:  Yes.

Ringberg:  At the rate, golly, you have a seniority date of what, 1901, no, 1984.  And so you will be at the full rate of pay, but you will be at the bottom of the list.

Runk:  OK, I understand that.

Ringberg:  And there is, I think they are being placed on there as soon as they get there, so I think it would be advantageous to you to get there as soon as you can.

Runk:  OK.

Ringberg:  All right?

Runk:  I appreciate it.

Ringberg:  OK.  Good luck to you.

Runk:  Thank you.

Ringberg:  Thank you.  Goodbye, now.

Runk:  Goodbye.

Back to the brief.  We respectfully submit this grievance is untimely and improper before the Committee.  I'll hold for summation and rebuttal, Mr. Chairman.

Schmidt:  Union, identify your parties and present your case.

Virtue:  Dan Virtue for the Local Union.  (Norm Runk and various names introduced.)  Again, Mr. Chairman, Mr. Runk, when he sent that letter in, he sent the letter to get accepted, to go to work.  When he did finally get to work, he started work, again, if you look at my brief, under Exhibit 1, Article 5, Section 4(d), Posting Seniority List, I will go

over it with the Panel. It's very clear, it's the National language, and Mr. Runk has thirty days from the posting of the seniority list, which he did file. As soon as the seniority list was posted, he filed a grievance within thirty days.

Every person sitting in this room that has a grievance here did exactly the same thing. They filed a grievance within thirty days of the posting of the seniority list. Each person sitting in this room also did send a letter so they can get a job opportunity and get to work. That's what they did. As soon as they got there, when the seniority list went up, they filed a grievance timely.

Do any of you guys have something you want to say.

<u>William Erdman</u>: You stated that we were offered transfers, right?

<u>Virtue</u>: No, his statement was letters were sent . . . .

<u>Erdman</u>: He stated that we were offered transfers to Carlisle, Erie or Winston-Salem.

<u>Virtue</u>: I guess in this letter he's talking . . . .

<u>Erdman</u>: Correct. I mean Carlisle.

<u>Jenkins</u>: In the tape that he read off with Runk, it said he was offered Carlisle, Erie or Winston-Salem, NC. That's where . . . .

<u>Erdman</u>: Transferred to. We never transferred anywhere, we were staying in Carlisle (not clear).

<u>Ray Snyder</u>: I don't know where he got all the conversations here, but I know I was not offered a conversation like that. I'd like to hear a tape with me on it. All is, I was called and offered Carlisle or Erie, and I took the Carlisle, he says to get ahold of Gary Drake or Lee. I mean, you're saying he said it was Article 5. We weren't aware of all this stuff you're saying in this letter. I was not told all that. Maybe Norm was. I can't say what Norm was told and what you have on the paper there. But I know I wasn't told all this.

As far as the seniority number, up until April of this year, I did not have a seniority number. All my slips had on it, it says extra. That's all I have to say.

<u>Virtue</u>: The point of the matter is that the whole case is this. Whether they have it on transcript, whether they don't, whether someone sends a letter, the contract's pretty clear on the thirty days of filing a grievance. The seniority list was posted, they all filed timely under the contract. Everyone of them filed timely, as far as Article 5, Section 4(d), Posting of Seniority List.

**Schmidt**: Is that your case, Union? Anything else you guys want to add? Company, sum up and rebut.

**Froias**: The grievants requested transfer under Article 5, Section 5, they accepted transfer under Article 5, Section 5, and they reported under Article 5, Section 5. I have copies of the letters we received from each of the grievants requesting transfer opportunity under Article 5, Section 5. I have copies of the certified letters that they were all sent after they accepted transfer under Article 5, Section 5. I'll leave them with the Committee for your perusal.

You have the facts, Mr. Chairman.

**Schmidt**: Union, sum up and rebut.

**Virtue**: You have the case. Basically, it's our position that each one of these persons filed a grievance timely. Under the contract they filed a grievance within thirty days per the National Master Freight Agreement and it was timely filed.

I think as far as the letters, I don't think that's an issue in the case. I think the issue is was the grievance filed timely or not, and it was filed timely. That's all I have.

**Jenkins**: I think the gentleman over there has something to say. State your name. If you all got something to say, you can do that.

**Schmidt**: State your name for the record.

**Michael Fritz**: I just wanted to say we did not transfer, we did not transfer, we stayed in Carlisle. Thank you.

**Jenkins**: Is there anything anybody else would like to say on the record?

**Vinnie Ramirez**: Yeah. We did file the grievances timely. We did exactly according to the Master Freight. For thirty days of posting, we filed a grievance. And we're right. We're not untimely. Another thing, Article 5, Section 5 shouldn't even be discussed in this matter. We're discussing an untimely matter.

**Jenkins**: Anybody else? Gentlemen, if you got something to say, you can say it.

**Charley Albright**: Just to mirror what Vinny said, that we are just here to hear a timely issue and that I think we all did file our grievances in a timely manner.

**Volpe**: What was your first name, Mr. Albright?

**Albright**: Charles.

<u>Schmidt</u>:  Questions from the Panel.  Hearing none, Executive Session.

**<u>DECISION</u>:**  The Panel, in executive session, motion made, seconded and carried that since the grievances knew their seniority positions on the day they reported, the Company's point of order is upheld.  Cost Union.

PHIL FERRANTE
VICE PRESIDENT
BRAD LINDSAY
RECORDING SECRETARY
BILL DUNHAM
TRUSTEE
MIKE HORD
TRUSTEE
THOMAS VINSON
TRUSTEE

BUSINESS AGENTS

CARLOS N. RAMOS, II
CHARLES SHUGHART
ROBERT J. SNYDER, JR.
RUSSELL A. STEPP
DANIEL A. VIRTUE

# CHAUFFEURS, TEAMSTERS AND HELPERS
## LOCAL UNION NO. 776
"AFFILIATED WITH THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS"
2552 JEFFERSON STREET, HARRISBURG, PA 17110-2505

THOMAS B. GRIFFITH
PRESIDENT AND BUSINESS AGENT

JOHN L. FOGLE, II
SECRETARY TREASURER AND BUSINESS AGENT

May 20, 1999

Phil Young, Freight Director
International Brotherhood of Teamsters
25 Louisiana Ave., N.W.
Washington, DC 20001

Dear Phil:

We have received several letters of appeal on the Eastern Region decisions rendered in Case #R-38-99 and Case #R-39-99.

We are forwarding these appeal letter to you per Article 8, Section 2, as a request to have the decisions reviewed.

If you need any additional information, please do not hesitate to contact me.

Fraternally,

Daniel A. Virtue
Business Agent

DAV/bs
Enclosures
cc:   Norman Boire, Certified Mail No. Z 318 810 428
      Gary Dietz, Sr., Certified Mail No. Z 318 810 429
      Michael Fritz, Certified Mail No. Z 318 810 430
      Allen Landis, Certified Mail No. Z 318 810 431
      Vincent Ramirez, Jr., Certified Mail No. Z 318 810 432
      Norman Runk, Certified Mail No. Z 318 810 433
      Keith Sgrignoli, Certified Mail No. Z 318 810 434
      Ray Snyder, Certified Mail No. Z 318 810 435
      Charles Albright, Certified Mail No. Z 318 810 436

EXHIBIT
56

TELEPHONE (717) 233-8766

## Article 8, Section 1

meet at more frequent internals, upon call of the chairman of either the Employer or Union representatives on the National Grievance Committee. The National Grievance Committee shall adopt rules of procedure which may include the reference of disputed matters to subcommittees for investigation and report, with the final decision or approval, however, to be made by the National Grievance Committee. If the National Grievance Committee resolves the dispute by a majority vote of those present and voting, such decisions shall be final and binding upon all parties.

Cases deadlocked by the National Grievance Committee shall be referred to an arbitration panel, as provided in Section 2(b) below. Procedures relating to such referrals shall be included in the Rules of Procedure of the National Grievance Committee.

The Employer may request the co-chairmen of the National Grievance Committee to appoint and convene a joint Employer and Union Committee which shall have the authority to approve uniform dispatch procedures and rules which shall apply to the individual company's over-the-road operations.

No Employer signatory to this Agreement shall be permitted to have its own grievance procedure.

## Section 2.

(a) The National Grievance Committee by majority vote may consider and review all questions of interpretation which may arise under the provisions contained in the National Master Freight Agreement which are submitted by either the National Freight Director or the designated employer representative; and shall have the authority to reverse and set aside the majority interpretation of any area, regional, or local grievance committee or arbitration panel established within the Supplemental Agreements if, in its opinion, such interpretation is contrary to the provisions set forth in the National Master Freight Agreement, in which case the decision of the National Grievance Committee shall be final and binding. A failure by the National Grievance Committee to reach a majority decision on a question concerning interpretation or on a review of a decision by a lower level grievance committee or arbitration panel shall not be considered a deadlock and will not be referred to arbitration. In case of a failure to reach a majority decision in review

EXHIBIT
57

ing the decision of a lower level grievance committee or arbitration panel, the decision of the lower level grievance committee or arbitration panel shall stand as final and binding.

(b) All grievances deadlocked at the Conference Joint Area Committee and the National Grievance Committee shall be subject to arbitration and processed as set forth below.

1. All grievances involving the provisions of the Supplemental Agreements, including discharges or suspensions, which have been deadlocked by the Conference Joint Area Committee, shall be automatically referred to a Conference Arbitration Panel, whose decision shall be final and binding on all parties.

2. The Conference Arbitration Panel shall consist of the Union and Employer co-chairmen of the Conference Joint Area Committee, or their designees, and an impartial arbitrator selected by the co-chairmen. The procedures for the selection of the arbitrator for the Conference Arbitration Panel and the cost of arbitration shall be determined by the Rules of Procedure of the Conference Joint Area Committee.

3. At the arbitration hearing before the Conference Arbitration Panel, the Employer's case will be presented by a full-time employee of the Employer and the Union's case by a full-time employee of the Local Union, and the Rules of Procedure of the Conference Joint Area Committee shall apply.

4. The Conference Arbitration Panel shall issue a "bench decision" at the conclusion of the grievance hearing, unless the Committee's Rules of Procedure provides otherwise in discharge cases. Either party, however, may request a clarification or further explanation of a previous decision rendered by the Conference Arbitration Panel.

5. All grievances involving the Master Agreement (Articles 1-39), which have been deadlocked by the National Grievance Committee, shall be automatically referred to the National Arbitration Panel, whose decision shall be final and binding on all parties.

6. The National Arbitration Panel shall consist of the Union and Employer co-chairmen of the National Grievance Committee, or their designees, and an impartial arbitrator selected by the co-chair-

## Article 8, Section 2

National Arbitration Panel and the cost of arbitration shall be determined by the Rules of Procedure of the National Grievance Committee.

7.  At the arbitration hearing before the National Arbitration Panel, the Employer's case will be presented by a full-time employee of the Employer and/or Employer representative on the National Grievance Committee and the Union's case by a designee of the National Freight Director and the Rules of Procedure of the National Grievance Committee shall apply.

8.  The National Arbitration Panel shall issue a "bench decision" at the conclusion of the grievance hearing.  Either party, however, may request a clarification or further explanation of a previous decision rendered by the National Arbitration Panel.

9.  No lawyers will be permitted to present cases at any step of the grievance procedure.

10.  The decision of any arbitration panel shall be specifically limited to the matters submitted to it and the panel shall have no authority in any manner to amend, alter or change any provision of the Agreement.

11.  If the Employer or Union challenges in court a decision issued by any arbitration panel provided for in this Section, the cost of the challenge, including the court costs and attorneys' fees, shall be paid by the losing party.

12.  Where Supplements under the 1991-94 NMFA provided for arbitration in discharge cases, the procedures for such arbitration shall be maintained under the 1994-98 Agreement.

## Section 3.  Work Stoppages

(a)  The parties agree that all grievances and questions of interpretation arising from the provisions of this Agreement shall be submitted to the grievance procedure for determination.  Accordingly, no work stoppage, slowdown, walkout or lockout shall be deemed to be permitted or authorized by this Agreement except as provided in Section 3(b) below.

A "representation dispute" in circumstances under which the

## CERTIFICATE OF SERVICE

I, Jason M. Weinstock, Esquire, hereby certify that upon the date stated below, I served the attached **SUPPORTING EXHIBITS TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS** upon the persons named below, at the stated addresses, by first class postage paid United States mail.

Robert S. Mirin, Esquire
**AHMAD & MIRIN**
8150 Derry Street, Suite A
Harrisburg, PA 17111

James A. McCall, Esquire
International Brotherhood of Teamsters
25 Louisiana Avenue, N.W.
Washington, D.C.  20001

Robyn B. Weiss, Esquire
**MORGAN, LEWIS & BOCKIUS, L.L.P.**
1111 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

Dated: 11/22/02

_____
JASON M. WEINSTOCK