

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFERY D. ALBRIGHT, NORMAN T. :
BOIRE, GARY M. DEITZ, WILLIAM H. :
ERDMAN, MICHAEL W. FRITZ, :
A. RONALD FROMBAUGH, RALPH A. :
HARRIS, ALLEN W. LANDIS, LOWELL :
McGUIRE, WALTER R. MINICH, :
RAYMOND C. NEVINS, STANLEY L. :
NYE, VINCENT RAMIREZ, JR., :
KEITH E. SGRIGNOLI, RAY G. :
SYNDER, JR., and LAWRENCE :
WELKER, :
:
                      Plaintiffs, :
:
    vs. :
:
DANIEL VIRTUE, Business Agent of the :
International Brotherhood of Teamsters; :
INTERNATIONAL BROTHERHOOD OF :
TEAMSTERS; LOCAL 776, :
INTERNATIONAL BROTHERHOOD OF :
TEAMSTERS; and ABF FREIGHT :
SYSTEM, INCORPORATED, :
:
                      Defendants. :

FILED
HARRISBURG, PA

JAN 1 3 2003

MARY E. D'ANDREA, CLERK
Per_____
      Deputy Clerk

No. 1:CV-00-0878

(Judge Rambo)

**DEFENDANTS', DANIEL VIRTUE; INTERNATIONAL BROTHERHOOD OF TEAMSTERS; AND LOCAL UNION NO. 776, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Defendants, Daniel Virtue, International Brotherhood of Teamsters, and Local Union No. 776 (hereinafter referred to collectively as Defendants) file this Reply Brief to respond to Plaintiffs' assertions that (1) "Neither Defendant ABF, nor any representative of the Teamsters, contacted the individual Plaintiffs concerning recall." (*See* Plaintiffs' Reply Brief at p. 4); (2) the Eastern Region Joint Area Committee (hereinafter ERJAC) is an interim step in the grievance process and Plaintiffs' grievances were not disposed of in a final and binding fashion by the ERJAC decision of April 27, 1999 (*See* Plaintiff's Reply Brief at pp. 3, 5, 8); (3) "the lack of clarity concerning the status of the grievances, once the Eastern Region Joint Area Committee had reached its decision . . . " (*See* Plaintiffs' Reply Brief at pp. 10, 13); (4) "the active participation reflected in discovery in this case, under general agency principles as noted by the Circuit, alone preclude dismissal of Virtue or the International, at least until adjudication at a trial setting" (*See* Plaintiffs' Reply Brief at p. 11); (5) "the conduct of the Union, by its representative, Daniel Virtue, was 'irrational' (*See* Plaintiffs' Reply Brief at

2

p. 13); and (6) "the Plaintiffs' Affidavits and documents suggest that the union failed to provide meaningful representation to the Plaintiffs, under existing contract terms, in accordance with the labor agreement; that in itself is evidence of invidious behavior." (*See* Plaintiffs' Reply Brief at p. 14).

## PLAINTIFFS' FAILURE TO SUPPORT THEIR ARGUMENT

Before Defendants address the above-referenced allegations, it is noteworthy to point out that Plaintiffs' Brief in Opposition to Defendants' Motion for Summary Judgment misses the boat as to the issue involved in this case. Plaintiffs' Brief relies upon Plaintiffs' Affidavits from previous litigation, which Affidavits address the issue of timeliness in regard to the filing of the instant complaint. Defendants, however, advocated Plaintiffs' position with regard to timeliness throughout the grievance process. As such, Plaintiffs reliance on said Affidavits to support their allegation of a breach of the duty of fair representation is misplaced in that Plaintiffs' Affidavits do not address the § 301 hybrid duty of fair representation and breach of contract claim, which claim is presently at bar.

Furthermore, Plaintiffs' Brief in Reply to Defendants' Motion for Summary Judgment does not contain any citations to the record. Under U.S. District Court – Middle District Local Rule 56.1, "[s]tatements of material facts in support, or in

3

opposition to, a motion shall include references to the parts of the record that support the statements." Plaintiffs repeatedly make allegations in their Brief without any support or citation to the record. As such, even if Plaintiffs' "allegations" had merit, these allegations should be dismissed in that Plaintiffs have failed to cite to any evidence to support their position.

## RECALL NOTIFICATION

First, Plaintiffs allege that "neither Defendant ABF, nor any representative of the Teamsters, contacted the individual Plaintiffs concerning recall." *See* Plaintiffs' Reply Brief at p. 2. Again, as stated above, Plaintiffs fail to cite to any Affidavit in support of this assertion. Nevertheless, despite the Plaintiffs' protest to the contrary, ABF notified the Defendants of recall to employment by letter to each Defendant. *See* Defendant ABF Freight System, Inc.'s Exhibits in Support of it Motion for Summary Judgment: Exhibit No. 2 at p. 9, ¶¶ 20, 21; Exhibit No. 2(D). Moreover, in a letter dated October 12, 1995, Business Agent Shughart notified the effected members of their recall rights. *See* Defendants' Statement of Undisputed Material Facts Exhibit No. 3. As such, Plaintiffs' allegation that said Plaintiffs were not notified of recall is without merit.

4

## ERJAC DECISION

Second, Plaintiffs allege that the ERJAC is an interim step in the grievance process and Plaintiffs' grievances were not disposed of in a final and binding fashion by the ERJAC decision of April 27, 1999. *See* Plaintiff's Reply Brief at pp. 3, 5, 8. Neither the NMFA[1] nor the ERJAC decisions provide Plaintiffs with an automatic right of appeal. The ERJAC decision clearly states that "a majority decision of the Eastern Region Joint Area Committee . . . will be final, conclusive and binding with no appeal . . . " *See* Defendants' Statement of Undisputed Material Facts Exhibit No. 8. There is simply no automatic right of appeal by a grievant or Union representative, and the Union had no obligation or authority to

---

[1] Article 8, Section 2 of the NMFA states in relevant part:

> The National Grievance Committee by majority vote may consider and review all questions of interpretation which may arise under the provisions contained in the NMFA which are submitted by either the Chairman of TNFINC (Teamsters National Freight Industry Negotiating Committee) or the Executive Director of TMI (Trucking Management, Inc.). The National Grievance Committee by majority vote shall have the authority to reverse and set aside all resolutions of grievances by any lower level grievance committee, arbitration panel, or review committee involving or affecting the interpretation(s) of Articles 1-39 of the NMFA, in which case the decision of the National Grievance Committee shall be final and binding.

*See* Defendants' Statement of Undisputed Material Facts, Exhibit No. 57.

5

process Plaintiffs' grievances any further. *Vaca v. Sipes*, 386 U.S. 171 (1961) (holding that a union is not required to pursue every grievance).

## GRIEVANCE STATUS

Third, Plaintiffs allege that Defendants failed to inform Plaintiffs of the status of their grievances, after the ERJAC had reached its decision. *See* Plaintiffs' Reply Brief at pp. 10, 13. To the contrary, Defendants advised Plaintiffs of the outcome of the ERJAC decision. *See* Defendant Virtue's Affidavit at p. 5, ¶ 14. After being noticed of the ERJAC decision, Plaintiffs sent several letters to Defendant Daniel Virtue requesting an appeal of the ERJAC decision. Defendant Virtue forwarded said requests to the International for consideration and provided copies of said letters to Plaintiffs. *See* Virtue Affidavit at p. 5, ¶ 15, Defendants' Statement of Undisputed Material Facts at p. 18, ¶ 108, Defendants' Statement of Undisputed Material Facts Exhibit No. 56. Plaintiffs allege that Defendant Virtue failed to timely inform Plaintiffs of the status of said appeal request. *See* Plaintiffs' Reply Brief at pp. 11, 13.

In a similar case, an employee argued that the union breached its duty of fair representation because it did not inform plaintiff of the meeting when his grievance was discussed and it did not respond to his letters inquiring about the status of his

6

grievance. *Whitten v. Anchor Motor Freight, Inc.*, 521 F.2d 1335, 1342 (6th Cir. 1975). The Sixth Circuit found that even if this were true, it did not amount to a breach of the union's duty. *Id.* The court stated:

> The Union may have acted negligently or exercised poor judgment in failing to keep Whitten informed of the status of his grievance, but this is not sufficient to support a claim of unfair representation. A section 301 remedy against the Union, under *Vaca v. Sipes* is premised upon proof of "the union's *wrongful* refusal to process the grievance," *Vaca v. Sipes*, 386 U.S. at 185. We conceive that wrongful refusal to process a grievance is properly judged in the light of the Union's undoubted obligation, as the statutory and contractual agent of the employee, to represent his interests honestly and in good faith, and thus to refrain from discriminatory conduct which effectively prevents the employee from pursuing his legitimate claim that the employer breached the contract.

*Id.* Here, Defendant Virtue notified Plaintiffs of the status of their grievances. *See* Plaintiffs' Reply Brief at p. 3. Even if it were true that Defendant Virtue did not timely notify Plaintiffs of the status of their grievances, this action does not constitute a breach of the duty of fair representation.

## PROPER PARTIES

Next, Plaintiffs allege that "the active participation reflected in discovery in this case, under general agency principles as noted by the Circuit, alone preclude dismissal of Virtue or the International, at least until adjudication at a trial setting."

7

*See* Plaintiffs' Reply Brief at p. 11. Plaintiffs, however, have made it unclear how "active participation . . . in discovery" would preclude the dismissal of Mr. Virtue or the International. Again, Plaintiffs fail to cite to any case law in support of their position. As made clear in Defendants' Brief in Support of Motion for Summary Judgment, under prevailing case law, Mr. Virtue and the International are not proper parties to the instant lawsuit. *See* Defendants' Brief in Support of Motion for Summary Judgment at pp. 3-6. As such, Plaintiffs' argument in this regard fails.

### IRRATIONAL CONDUCT

Fifth, Plaintiffs allege that "the conduct of the Union, by its representative, Daniel Virtue, was 'irrational.'" *See* Plaintiffs' Reply Brief at p. 13. It is unclear as to what specific "conduct of the Union" and "its representative, Daniel Virtue" that Plaintiffs are referring to as "irrational." Plaintiffs merely make a blanket assertion in their Brief without citing to any specific conduct on the part of Defendants. The Union's actions breach the duty of fair representation only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a "wide range of reasonableness," as to be irrational. *Air Line Pilot's Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67, 113 L.Ed.2d 51, 111 S.Ct. 1127 (1991). "A union's conduct can be classified as arbitrary only

8

when it is irrational, when it is without a rational basis or explanation." *Id.* at 46. In this case, the Union's conduct has been exemplary in all respects. To illustrate, the Union (a) thoroughly and diligently processed Plaintiffs' grievances; (b) kept Plaintiffs informed as to all the details of Plaintiffs' case; (c) notified each Plaintiff, if requested by Plaintiff, of the date and time the grievance meeting was to be held with regard to Plaintiff's grievance; (d) processed Plaintiffs' grievances to the ERJAC; and (e) referred Plaintiffs' grievances to the International for appeal. Rather than irrational, here, the Union's conduct has been nothing but exemplary.

## MEANINGFUL REPRESENTATION

Last, Plaintiffs allege that "the Plaintiffs' affidavits and documents suggest that the Union failed to provide meaningful representation to the Plaintiffs, under existing contract terms, in accordance with the labor agreement; that in itself is evidence of invidious behavior." *See* Plaintiffs' Reply Brief at p. 14. To the contrary, Defendant Virtue not only advocated Plaintiffs' position in oral argument before the ERJAC, but also in his Brief before the ERJAC. *See* Defendants' Statement of Material Facts Exhibit No. 7 and Exhibit No. 55. Again, Plaintiffs fail to cite to anything in the record to establish a lack of "meaningful

9

representation" by Defendants. In addition, as is obvious from the transcripts of the hearings, Defendants, at all times, advocated Plaintiffs' position and Plaintiffs were afforded the opportunity to be heard by the Panel. *See* Defendants' Statement of Material Facts Exhibit No. 55.

In summary, Defendants have not breached the duty of fair representation in that Defendants have served the interests of Plaintiffs without hostility or discrimination, exercised their discretion with complete good faith and honesty, and avoided arbitrary conduct. *Marquez v. Screen Actors Guild*, 525 U.S. 33, 44, 142 L.Ed.2d 242, 119 S.Ct. 292 (1998) citing *Vaca v. Sipes*, 386 U.S. 171, 177, 17 L.Ed.2d 842, 87 S.Ct. 903 (1967). The Defendants' conduct toward Plaintiffs has been in no way arbitrary, discriminatory, or in bad faith. *Marquez*, 525 U.S. at 44 citing *Vaca*, 386 U.S. at 190. Here, Defendants' conduct was reasonable in all respects in that Defendants handled Plaintiffs' grievances in accordance with the grievance process as outlined in Article 8 of the NMFA.

## CONCLUSION

In light of the foregoing and Defendants' previously filed pleadings in this regard, Daniel Virtue, the IBT, and Local Union No. 776 respectfully request that this Honorable Court enter summary judgment in favor of Daniel Virtue, the IBT,

and Local Union No. 776. As no genuine issue of material fact exists to support a claim that Defendants breached the duty of fair representation or the NMFA, summary judgment should be granted in Defendants' favor.

Respectfully Submitted,

**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA 17102
Tele. 717-238-1657

By: _____
JASON M. WEINSTOCK
Attorney I.D. No. 69272

By: _____
MAGGIE E. COLWELL
Attorney I.D. No. 88632

## CERTIFICATE OF SERVICE

I, Jason M. Weinstock, Esquire, hereby certify that upon the date stated below, I served the attached **DEFENDANTS', DANIEL VIRTUE, INTERNATIONAL BROTHERHOOD OF TEAMSTERS AND LOCAL UNION NO. 776, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** upon the persons named below, at the stated addresses, by first class postage paid United States mail.

Robert S. Mirin, Esquire
**AHMAD & MIRIN**
8150 Derry Street, Suite A
Harrisburg, PA 17111

James A. McCall, Esquire
International Brotherhood of Teamsters
25 Louisiana Avenue, N.W.
Washington, D.C. 20001

Robyn B. Weiss, Esquire
**MORGAN, LEWIS & BOCKIUS, L.L.P.**
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Dated: 01/13/03

_____
JASON M. WEINSTOCK