

FILED
HARRISBURG, PA

MAR 11 2003

MARY E. D'ANDREA, CLERK
Per _____
　　　Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. ALBRIGHT, et al., : <br> : <br> Plaintiffs, : <br> : <br> vs. : <br> : No. 1:CV-00-0878 <br> DANIEL VIRTUE, Business Agent of the : <br> International Brotherhood of Teamsters; : Judge Sylvia H. Rambo <br> INTERNATIONAL BROTHERHOOD OF : <br> TEAMSTERS; LOCAL 776, : <br> INTERNATIONAL BROTHERHOOD OF : <br> TEAMSTERS; and ABF FREIGHT : <br> SYSTEM, INCORPORATED, : <br> : <br> Defendants. : | |

### BRIEF IN SUPPORT OF
### DEFENDANTS' BILL OF COSTS

Defendants, Daniel Virtue; International Brotherhood of Teamsters; and Local 776, International Brotherhood of Teamsters, by and through their attorneys, IRA H. WEINSTOCK, P.C., offers the following Brief in Support of Defendants' Bill of Costs:

# I. STATEMENT OF THE CASE

Defendants, Daniel Virtue; International Brotherhood of Teamsters; and Local 776, International Brotherhood of Teamsters (hereinafter referred to collectively as Defendants) filed a Motion for Summary Judgment in the above-captioned matter. Subsequently, Plaintiffs filed their Brief in Opposition to Defendants' Motion for Summary Judgment and Defendants answered this Brief by filing a Reply Brief. On February 13, 2003, the Honorable Judge Sylvia H. Rambo granted Defendants' Motion for Summary Judgment.

# II. QUESTION PRESENTED

Under Federal Rule of Civil Procedure 54(d), may Defendant recover costs when Defendant was the prevailing party in this litigation?

# III. ARGUMENT

**DEFENDANTS SHOULD BE AWARDED COSTS IN THAT DEFENDANTS ARE THE PREVAILING PARTY IN THE INSTANT MATTER.**

In reviewing the Bill of Costs, the court applies the standards set forth in Rule 54(d) of the Federal Rules of Civil Procedure: "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Elliott, Reihner, Siedzikoski, & Egan, Inc. v. Richter*, 2000 WL 427377,

*1 (E.D.Pa. 2000), citing Federal Rule of Civil Procedure 54(d). "Furthermore, 'Rule 54(d) requires that such taxable costs be awarded to the prevailing party unless the court finds and articulates a reason why that party does not deserve such an award.'" *Burks v. City of Philadelphia*, 1998 WL 351705, *2 (E.D.Pa. 1998), citing *Friedman v. Ganassi*, 853 F.2d 207, 209 (3d Cir. 1988). The language of Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146 (1981).

Rule 54(d) of the Federal Rules of Civil Procedure provides the standard for use in taxing costs in all cases. *Elliott, Reihner, Siedzikoski, & Egan, Inc.*, 2000 WL 427377 at *1 (E.D.Pa. 2000), citing *Smith v. SEPTA*, 47 G/3d 97, 99 (3d Cir. 1995). It states the following:

> This Court may only tax costs explicitly mentioned in 28 U.S.C. § 1920, which includes the following: (a) fees of the clerk and marshal; (b) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

*Elliott, Reihner, Siedzikoski, & Egan, Inc.*, 2000 WL 427377 at *1 (E.D.Pa. 2000), citing Federal Rule of Civil Procedure 54(d).

Defendants incurred copying costs which were generally related to pretrial motions. The court may tax "fees for exemplification and copies of papers necessarily obtained for use in the case." *Burks*, 1998 WL 351705 at * 5, citing 29 U.S.C. § 1920(4). Here, Defendants made the copies in a diligent manner and said copies were thus necessarily obtained. *Burks*, 1998 WL 351705 at *5. In the event the Court finds that Defendant did not provide a specific designation of the documents reproduced, the Court's familiarity with the litigation will allow it to independently verify Defendants' grounds for these costs. *Id.* As such, Defendant is entitled to costs incurred in copying pre-trial motions. In addtion, the Defendants incurred costs deposing various Plaintiffs. These costs are also recoverable under the Federal Rules of Civil Procedure.

## IV. CONCLUSION

In light of the foregoing, the Defendant respectfully requests that Defendants' Request for Taxation of Costs be granted.

Respectfully Submitted,

**IRA H. WEINSTOCK, P.C.**
800 North Second Street
Harrisburg, PA 17102
Phone: (717) 238-1657


By: _____
JASON M. WEINSTOCK
Supreme Court No. 69272
Attorney for Defendants Virtue,
International Brotherhood of
Teamsters; and Local 776, Inter-
national Brotherhood of Teamsters

5

## CERTIFICATE OF SERVICE

I, Jason M. Weinstock, Esquire, hereby certify that upon the date stated below, I served the attached **BRIEF IN SUPPORT OF DEFENDANTS' BILL OF COSTS** upon the persons named below, at the stated addresses, by first class postage paid United States mail.

Robert S. Mirin, Esquire
**AHMAD & MIRIN**
2515 North Front Street
Harrisburg, PA 17110

James A. McCall, Esquire
International Brotherhood of Teamsters
25 Louisiana Avenue, N.W.
Washington, D.C. 20001

Robyn B. Weiss, Esquire
**MORGAN, LEWIS & BOCKIUS, L.L.P.**
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

**Dated:** 03/11/03

_____
JASON M. WEINSTOCK