

ORIGINAL

FILED
HARRISBURG, PA
MAR 17 2003
MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFERY D. ALBRIGHT, et al., | )<br>)<br>) |
| Plaintiffs<br>v. | )<br>)  Case No. 1:CV-00-878<br>)  Judge Sylvia H. Rambo |
| DANIEL A. VIRTUE, et al., | )<br>) |
| Defendants | ) |

## MEMORANDUM IN SUPPORT OF
## BILL OF COSTS OF DEFENDANT ABF FREIGHT SYSTEM, INC.

Pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d) and Local Rules 54.3 and 54.4 , Defendant ABF Freight System, Inc. ("ABF") has filed a verified Bill of Costs setting forth those disbursements to be taxed against the Plaintiffs. These costs, which are limited to the cost of deposition transcripts necessarily obtained for use in the case and the cost of limited duplicating, should be taxed as a matter of law. In its successful defense against Plaintiffs' suit, ABF incurred significant costs for which

1

reimbursement is statutorily authorized.

Costs other than attorneys' fees are ordinarily awarded to the prevailing party as a matter of course unless the court otherwise directs. See Fed. R. Civ. P. 54(d)(1). Section 1920, the statutory authority for awarding costs, provides that "copies of papers necessarily obtained for use in the case" are recoverable as costs. 28 U.S.C. § 1920(4). Reasonable photocopying expenses are thus recoverable as costs. See, e.g., Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d. 633, 642-43 (7th Cir. 1991) (allowing over $50,000 in photocopying costs when prevailing party showed that "copies were made for this case for its attorneys and billed in the normal course"); Board of Directors, Water's Edge v. Aden Group, 135 F.R.D. 129, 138-39 (E.D. Va. 1991) (allowing recovery of fees for copies of documents submitted to court or opposing counsel). ABF's taxable photocopying costs are set forth in Exhibit A. The total copying costs Defendant seeks to recover is $ 535.72. ABF's photocopying costs are reasonable and should be taxed against Plaintiffs.

In addition, the cost of deposition transcripts is also recoverable. See Local Rule 54.4(3). Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case are recoverable costs. See 28 U.S.C. §1920(2); see also Tilton v. Capital

Cities/ABC, Inc., 115 F.3d 1471, 1473-74 (10th Cir. 1997)(affirming district court's award of deposition transcript costs associated with depositions used by the court in considering defendant's summary judgment motion). ABF's taxable deposition costs are set forth in Exhibit B, with accompanying invoices.

As set forth above, therefore, Plaintiffs should be taxed the full amount of the costs as set forth in ABF's Bill of Costs.

                Respectfully submitted,

                *Joe Santucci / gep*
                Joseph E. Santucci, Jr. (*pro hac vice*)
                Robyn B. Weiss (*pro hac vice*)
                MORGAN, LEWIS & BOCKIUS, L.L.P.
                1111 Pennsylvania Avenue, N.W.
                Washington, DC 20004
                (202)739-5398

                Vincent Candiello
                MORGAN, LEWIS & BOCKIUS, L.L.P.
                One Commerce Square
                417 Walnut Street
                Harrisburg, PA 17101-1904
                (717) 237-4000

                Attorneys for Defendant
                ABF Freight System, Inc.

Dated: March 17, 2003