NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1743

JEFFREY D. ALBRIGHT; NORMAN T. BOIRE; GARY M. DIETZ;
WILLIAM H. ERDMAN; MICHAEL W. FRITZ; A. RONALD FROMBAUGH;
RALPH A. HARRIS; ALLEN W. LANDIS; LOWELL MCGUIRE; WALTER R.
MINICH; RAYMOND C. NEVINS; STANLEY L. NYE; VINCENT RAMIREZ,
JR.; KEITH E. SGRIGNOLI; RAY G. SNYDER; LAWRENCE D. WELKER,
Appellants

v.

DANIEL A. VIRTUE, Business Agent of the International
Brotherhood of Teamsters; INTERNATIONAL BROTHERHOOD OF
TEAMSTERS; LOCAL 776, INTERNATIONAL BROTHERHOOD OF
TEAMSTERS; ABF FREIGHT SYSTEM, INC.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Civil No. 00-cv-00878
District Judge: The Honorable Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2004

Before: BARRY, SMITH, <u>Circuit Judges</u>, and POLLAK,[*] <u>District Judge</u>

(Opinion Filed: January 21, 2004)

---

[*] The Honorable Louis H. Pollak, District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION

BARRY, <u>Circuit Judge</u>

Appellants are unionized, trucking company employees who objected to the manner in which seniority lists were merged upon the consolidation of two trucking lines. After an unsuccessful, internal union grievance process, they brought a hybrid duty of fair representation/§ 301[1] suit in the Middle District of Pennsylvania, alleging a breach of the duty of fair representation by the Teamsters Local Union in Pennsylvania, its international parent, International Brotherhood of Teamsters, and its business agent, Daniel Virtue (collectively, the "Union Defendants"), and a breach of the collective bargaining agreement by their employer, ABF Freight Systems Inc. ("ABF"). This hybrid action relies upon the framework set forth in <u>DelCostello v. Int'l Bhd. of Teamsters</u>, 462 U.S. 151 (1983). Under <u>DelCostello</u>, a plaintiff/employee cannot recover unless he or she can first prove *both* that the employer breached the collective bargaining agreement and that the union breached its duty of fair representation. <u>DelCostello</u>, 462 U.S. at 164-65.

On November 13, 2000, Judge Sylvia H. Rambo granted summary judgment in favor of all defendants based on the statute of limitations, and shortly thereafter denied plaintiffs' motion for reconsideration as untimely. Plaintiffs appealed to this Court from

---

[1]Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185 (1947).

both the grant of summary judgment and the denial of the motion for reconsideration. In an opinion written by then-Chief Judge Becker, we affirmed the denial of the motion for reconsideration as untimely, but we vacated the order granting summary judgment and remanded for further proceedings. Albright v. Virtue, 273 F.3d 564 (3d. Cir. 2001). On November 22 , 2002, the Union Defendants and ABF again filed motions for summary judgment. Judge Rambo granted these motions, finding that the Union Defendants did not breach their duty of fair representation and that because a breach of the duty of fair representation is a necessary condition precedent, plaintiffs could not state a claim for breach of the collective bargaining agreement against ABF. This appeal followed.[2] The District Court exercised subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. Our standard of review is plenary. Curley v. Klem, 298 F.3d 276-77 (3d Cir. 2002).

Inasmuch as Judge Becker has largely set forth the facts underlying this dispute, albeit in the context of discussing different issues, we find it unnecessary to repeat those

---

[2] On July 18, 2003, the District Court denied a motion to consolidate the present appeal with Bechtel v. Virtue, a case in which we issued a not precedential opinion on July 30, 2003. 71 Fed.Appx.130 (3d Cir. 2003). In Bechtel, we upheld the District Court's grant of summary judgment to the Union Defendants and ABF. We concluded that the Union Defendants had not breached a duty of fair representation to plaintiff Rickey Bechtel and that, therefore, Bechtel could not state a claim for breach of the collective bargaining agreement against ABF. Additionally, in George v. Carey, 166 F.3d 1209 (4th Cir. 1998)(table), the Fourth Circuit upheld a similar grant of summary judgment finding the same seniority calculation to be not inconsistent with the collective bargaining agreement, and the Union's actions not arbitrary.

facts and will move directly to the issues raised in this appeal. Appellants primarily contest the District Court's conclusion that the Union Defendants did not breach their duty of fair representation, and that ABF therefore did not breach its collective bargaining agreement. Substantially for the reasons set forth in the District Court's well-reasoned opinion, we will affirm. As the District Court aptly noted, "Viewing all of the facts in the light most favorable to Plaintiffs, no reasonable finder of fact could determine that the Union Defendants failed 'to serve the interests of [Plaintiffs] without hostility or discrimination toward [them], to exercise [their] discretion with complete good faith and honesty,' and acted arbitrarily." Albright v. Virtue, No. 00-0878, slip op. at 14 (M.D. Pa. February 13, 2003) (quoting Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998)). Because the District Court properly determined that the Union Defendants did not breach their duty of fair representation, it did not have to determine whether ABF violated the collective bargaining agreement. See Felice v. Sever, 985 F.2d 1221, 122 (3d Cir. 1993) (noting that in a "'hybrid' suit, the plaintiff will have to prove that the employer breached the collective bargaining agreement in order to prevail on the breach of duty of fair representation claim against the union and vice versa."); and Findley v. Jones Motor Freight, Division Allegheny Corp., 639 F.2d 953, 957 (3d Cir. 1981) (noting that "[a]t trial, the employee must demonstrate that he did not receive fair representation

from the union as well as proving his claim against the employer.").[3]

We, therefore, will affirm the order of the District Court granting summary judgment to the defendants.

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

                                                   **/s/ Maryanne Trump Barry**
                                                   Circuit Judge

---

[3] Appellants also raise the following two issues: whether the District Court erred in the context of appellants' conspiracy claim when it characterized the Union's conduct as falling within the protected range of authority as a collective bargaining representative, and whether the District Court erred in denying appellants' request for discovery to take the deposition of Connie Chambers.

    Neither issue is properly before this Court. Appellants' brief mentions their "conspiracy theory" in one sentence, and completely fails to discuss the denial of their request for discovery. See Nagle v. Rosen, 8 F.3d 141, 143 (3d Cir. 1993) ("When an issue is either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived that issue on appeal."); See also, Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'") (quoting Simmons v. City of Philadelphia, 947 F.2d 1042, 1066 (3d Cir. 1991) (plurality opinion).