IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY D. ALBRIGHT, ET AL** : | |
| : | |
| Plaintiffs : | CIVIL ACTION NO. 1:00-CV-878 |
| : | (Judge Rambo) |
| v. : | |
| : | |
| **DANIEL A. VIRTUE, ET AL** : | |
| : | |
| Defendants : | |

**CLERK'S TAXATION OF COSTS**

February 2, 2005

Two bill of costs are pending: (1) a bill of costs filed by defendant ABF Freight System in the amount of $3,602.55; and (2) a bill of costs filed by Daniel A. Virtue and the Teamsters defendants in the amount of $3,842.27. In both bills, the defendants seek reimbursement for expenses connected with photocopying and depositions. No objections have been filed.

For the following reasons, costs will be taxed against the plaintiff and in favor of ABF Freight System in the amount of $3,088.91. Costs also will be taxed against the plaintiff and in favor of Virtue and the Teamsters defendants in the amount of $3,023.77.

When a bill of costs is properly verified, the burden is on the opposing party to establish that a claim is incorrectly stated, unnecessary or unreasonable. LR 54.4(10). In all cases, however, it is first incumbent on the prevailing party to establish that the particular costs for which reimbursement is claimed are authorized by statute. Green Construction Co. v. Kansas Power & Light Co., 153 F.R.D. 670, 675 (D.Kan. 1994).

Though unopposed by the plaintiffs, both bills claim reimbursement for copying charges related to routine case papers which are not taxable under Local Rule 54.4(5). The bulk of these charges are for reproducing documents provided by defendants to the plaintiffs during discovery. These particular expenses are not taxable printing fees as the documents were not "obtained for use in the case" within the meaning of 28 U.S.C. § 1920(4); the papers were already in the defendants' possession. See Pehr v. Rubbermaid, Inc., 196 F.R.D. 404, 408 (D.Kan 2000); Sphere Drake Insurance PLC v. Trisko, 66 F.Supp.2d 1088, 1093 (D.Minn. 1999); Emmenegger v. Bull Moose Tube Co., 33 F.Supp.2d 1127, 1133 (E.D.Mo. 1998). Of the $535.72 in copying charges claimed by ABF, Freight, only $22.08 for reproducing summary judgment exhibits may be taxed. Virtue and the Teamsters defendants seek $818.50 in copying expenses, none of which may be taxed for the reasons stated above.

As the remaining items on the bills are taxable, **IT IS HEREBY ORDERED THAT** costs are taxed against the plaintiffs and in favor of defendant ABF Freight System in the amount of $3,088.91. **IT IS ALSO ORDERED THAT** costs are taxed against the plaintiffs and in favor of defendant Virtue and the Teamsters defendants in the amount of $3,023.77.

Federal Rule of Civil Procedure Rule 54(d)(1) and LR 54.3 permit any party to appeal this decision to the court within five days of taxation. Written specifications of the items objected to and the grounds of objections must be filed and served within five days. LR 54.3.

s/**Mary E. D'Andrea**
MARY E. D'ANDREA, Clerk